SANDRA L. McDONOUGH (SBN 193308)
sandy.mcdonough@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendants THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; PROFESSOR JOHN CANNY; DEAN TSU-JAE KING LIU; DEAN JENNIFER CHAYES; VICE PROVOST VICTORIA PLAUT; VICE PROVOST JANET BROUGHTON

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| SATISH RAO,<br><br>Plaintiff,<br><br>v.<br><br>PROFESSOR JOHN CANNY; DEAN TSU-JAE KING LIU; DEAN JENNIFER CHAYES; VICE PROVOST VICTORIA PLAUT; VICE PROVOST JANET BROUGHTON; in their individual and official capacities; REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Defendants. | Case No. 3:25-cv-02385-LB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULE 12(b)(1) AND (6)**<br><br>Date: September 4, 2025<br>Time: 9:30 a.m.<br><br>Magistrate Judge: Hon. Laurel Beeler<br>Crtrm.: B<br>Trial Date: Not set |

# TABLE OF CONTENTS


I. INTRODUCTION AND OVERVIEW OF ALLEGATIONS ....1

II. APPLICABLE STANDARDS ON MOTION TO DISMISS ....2

A. Eleventh Amendment Sovereign Immunity Bars Plaintiff's 1983, Retaliation and Conspiracy Claims ....3

1. The University Must Be Dismissed from the Section 1983, Retaliation and Conspiracy Claims Based On Sovereign Immunity ....3

2. Sovereign Immunity Also Bars Claims Against The Individual Defendants Acting In Their Official Capacities ....4

B. Rao's Section 1983 Claims for Damages Are Also Barred Because Defendants Are Not "Persons" Within The Meaning of the Statute, and He Has Not Alleged Any Actionable Deprivation ....5

1. Plaintiff Has Not Pled an Actionable "Person" to Support a Section 1983 Claim ....5

C. Rao Did Not Suffer Any Deprivation to Support His Section 1983 Claims ....6

1. Section 1983 – Violation of the Fourteenth Amendment (Second Cause of Action) ....6

2. Section 1983 – Violation of First Amendment ....6

D. Qualified Immunity Protects The Defendants In the Performance Of Their Duties ....7

III. PLAINTIFF'S TITLE VI CLAIM FAILS AS A MATTER OF LAW ....8

A. Title VI Supports an Employment Claim in Only Very Narrow Circumstances ....8

B. Title VI Claims May Not Be Brought Against Individuals ....9

IV. PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS ....9

V. CLAIMS FOR CONSPIRACY AND RETALIATION ARE IMPROPERLY PLED ....10

A. Government Code Immunities Bar Plaintiff's Retaliation and Conspiracy Claims ....10

B. The Retaliation and Conspiracy Allegations Fail to State a Claim ....10

VI. CONCLUSION ....11

## TABLE OF AUTHORITIES


**Page(s)**

**<u>Federal Cases</u>**

*Armstrong v. Meyers*
964 F.2d 948 (9th Cir.1992) .......... 3

*Ashcroft v. al-Kidd*
563 U.S. 731 (2011) .......... 8

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) .......... 2, 6

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) .......... 2, 6, 11

*Broam v. Bogan*
320 F.3d 1023 (9th Cir. 2003) .......... 6

*Brooks v. Sulphur Springs Valley Elec. Co-op.*
951 F.2d 1050 (9th Cir. 1991) .......... 3

*Buchanan v. City of Bolivar, Tenn.*
99 F.3d 1352 (6th Cir. 1996) .......... 9

*BV Eng'g v. Univ. of Cal., Los Angeles*
858 F.2d 1394 (9th Cir. 1988) .......... 3

*Cholla Ready Mix, Inc. v. Civish*
382 F.3d 969 (9th Cir. 2004) .......... 3

*Consol. Rail Corp. v. Darrone*
465 U.S. 624, 104 S. Ct. 1248, 79 L. Ed. 2d 568 (1984) .......... 8

*Doe #1 M.L. v. San Bernardino Sheriff Dep't*
753 F. Supp. 3d 1024 (C.D. Cal. 2024) .......... 9

*Doe v. Lawrence Livermore Nat'l*
131 F.3d 836 (9th Cir. 1997) .......... 4, 5, 6

*Ellins v. City of Sierra Madre*
710 F.3d 1049 (9th Cir. 2013) .......... 7

*Eng v. Cooley*
552 F.3d 1062 (9th Cir. 2009) .......... 6

*Flint v. Dennison*
488 F.3d 816 (9th Cir. 2007) .......... 4

*Garcetti v. Ceballos*
547 U.S. 410, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006) .......... 7

*Hafer v. Melo*
502 U.S. 21 (1991) .......... 4

*Harlow v. Fitzgerald*
457 U.S. 800 (1982) .......... 7

*Hunter v. Bryant*
502 U.S. 224 (1991) .......... 7

*Jackson v. Hayakawa*
682 F.2d 1344 (9th Cir.1982) .......... 3, 4

*Joseph v. Boise State Univ.*
998 F. Supp. 2d 928 (D. Idaho 2014) .......... 9

*Kendall v. Visa U.S.A., Inc.*
518 F.3d 1042 (9th Cir. 2008) .......... 2

*Kimes v. Stone*
84 F.3d 1121 (9th Cir. 1996) .......... 6

*Lilly v. Univ. of Cal.-San Diego*
2023 WL 544776, at *15 (S.D. Cal. Aug. 23, 2023) .......... 8

*Mitchell v. Los Angeles Comm'ty College Dist.*
861 F.2d 198 (9th Cir. 1988) .......... 3

*Moore v. Kayport Package Exp., Inc.*
885 F.2d 531 (9th Cir. 1989) .......... 11

*Mueller v. U.S-Corp.*
2009 WL 273283 (C.D. Cal. Feb. 2, 2009) .......... 2

*O'Brien v. Welty*
818 F.3d 920 (9th Cir. 2016) .......... 8

*Papasan v. Allain*
478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) .......... 10

*Pearson v. Callahan*
555 U.S. 223 (2009) .......... 7, 8

*Pennhurst State Sch. & Hosp. v. Halderman*
465 U.S. 89 (1984) .......... 3

*Redd-Oyedele v. Santa Clara Cnty. Off. of Educ.*
2023 WL 2769093 (N.D. Cal. Mar. 31, 2023) .......... 4

*Reddy v. Litton Indus., Inc.*
912 F.2d 291 (9th Cir. 1990) .......... 3

*Regents of the Univ. of Cal. v. Doe*
519 U.S. 425 (1997) .......... 3

*Robertson v. Dean Witter Reynolds, Inc.*
749 F.2d 530 (9th Cir. 1984) .......... 2

*Robinson v. York*
566 F.3d 817 (9th Cir. 2009) .......... 6, 7

*Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*
40 F.3d 247 (C.A.7 1994) .......... 10

*Shotz v. City of Plantation*
334 F.3d 1161 (11th Cir. 2003) .......... 9

*Siegert v. Gilley*
500 U.S. 226 (1991) .......... 7

*Silvey v. City of Sparks*
216 Fed. App'x. 686 (9th Cir. 2007) .......... 2

*Sprewell v. Golden State Warriors*
266 F.3d 979 (9th Cir. 2001) .......... 2

*Stanley v. Trs. of California State Univ.*
433 F.3d 1129 (9th Cir. 2006) .......... 9

*Taylor v. Regents of the Univ. of Cal.*
993 F.2d 710 (1993) .......... 9

*Vaughn v. Regents of Univ. of Cal.*
504 F. Supp. 1349 (E.D. Cal. 1981) .......... 3, 5

*Will v. Michigan Dept. of State Police*
491 U.S. 58 (1989) .......... 4, 5

/ / /

/ / /

**State Cases**

*Searcy v. Gibbel*
177 Cal. App. 3d 792 (1986)........................................ 10

*Wyatt v. Union Mortg. Co.*
24 Cal. 3d 773, 598 P.2d 45 (1979)........................................ 9

**Federal Statutes**

42 U.S.C. § 1981........................................ 9

42 U.S.C. § 1983........................................ Passim

42 U.S.C. § 1985........................................ 9

42 U.S.C. § 2000 (d)........................................ 9

U.S. Const. amend. XI........................................ 3

**State Statutes**

Cal. Code Civ. Proc. § 335.1........................................ 9

Cal. Const. art. IX, § 9........................................ 3

Cal. Gov't Code § 815(a)........................................ 10

**Federal Rules**

F.R.C.P. R 12(b)(6)........................................ 2

F.R.C.P. R 12(b)(1)........................................ 2

**Other Authorities**

5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004)....... 10

## I. INTRODUCTION AND OVERVIEW OF ALLEGATIONS

Plaintiff is a current professor at the University of California, Berkeley,[1] who claims that he has been deprived of multiple alleged constitutionally and statutorily guaranteed rights because of his race. Specifically, Rao alleges he was falsely accused of being mean to staff. (FAC ¶ 2.) He also alleges that his promotion was "decelerated" in 2021 and the appeal of that deceleration was final in August 2024. (FAC ¶ 32.) Finally, he states that it was retaliatory for an independent investigator to determine his complaints had no merit. However, each of his factual and legal allegations fail as a matter of law.

First, Plaintiff's causes of action, apart from the Title VI claim, are barred by Eleventh Amendment immunity. This immunity extends to the individual defendants who have been sued in their official capacity.

Second, even if the claims were not barred by Eleventh Amendment immunity, the first through third claims under Section 1983 are barred because defendants are not "persons" within the meaning of Section 1983. Further, Plaintiff has not alleged actionable deprivation to invoke Section 1983.[2]

Third, to the extent Plaintiff alleges the Section 1983 claims against the individual defendants in a non-official capacity, the claims are barred for failure to state a claim and qualified immunity.

Fourth, the fourth cause of action under Title VI does not apply to Plaintiff's employment because the federal funding that The Regents receives is not directly related to the alleged employment practices at issue here. Further, the individual defendants may not be sued under Title VI.

/ / /

[1] The University of California, Berkeley is owned and operated by Defendant The Regents of the University of California ("The Regents" or "University").

[2] Plaintiff titles the first two claims as violations of 42 USC Section 1933. Plaintiff did not respond to Defendants' inquiry as to whether the statute was a typographical error such that it should refer to Section 1983. Nonetheless, Defendants assume that Plaintiff was referring to Section 1983.

Fifth, all claims are barred by the two-year statute of limitations in that the gravamen of Plaintiff's alleged harm was a less than full salary increase in July 2021. This suit, filed nearly four years later, is time-barred.

Finally, Plaintiff has not met his pleading requirements with regard to the retaliation and conspiracy claims.

Based on the foregoing incurable defects in the First Amended Complaint, this Court should grant Defendants' motion to dismiss without leave to amend.

## II. APPLICABLE STANDARDS ON MOTION TO DISMISS

Rule 12(b)(1) of the Federal Rules of Civil Procedure is an appropriate vehicle for dismissal when a plaintiff's claims, like Rao's, are barred by Eleventh Amendment Sovereign Immunity. *Mueller v. U.S-Corp*., 2009 WL 273283, at *2 (C.D. Cal. Feb. 2, 2009); *see also Silvey v. City of Sparks*, 216 Fed. App'x. 686, 688 (9th Cir. 2007) (dismissal under 12(b)(1) is proper where defendant had sovereign immunity).

To the extent the Court does not apply the Eleventh Amendment and chooses to exercise jurisdiction over Rao's claims, Federal Rule of Civil Procedure 12(b)(6) requires Rao to plead a set of facts which, if true, would entitle him to relief, or face dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court may dismiss a complaint as a matter of law either for lack of a cognizable legal theory or for the absence of sufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, and raise "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The burden is squarely on Rao to provide factual allegations amounting to more than a speculative basis for relief. *Iqbal*, 556 U.S. at 678. Conclusory allegations need not be accepted as true and cannot state a claim. *See Twombly*, *supra*, 550 U.S. at 555–57 ("more than labels and conclusions" are required); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Rather, a plaintiff must allege "evidentiary facts which, if true, will prove the elements" of the claim. *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008).

The Court may dismiss an action with prejudice where, as here, there is a reasonable certainty Plaintiff would not be entitled to relief under any set of provable facts. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 293 (9th Cir. 1990).

## A. Eleventh Amendment Sovereign Immunity Bars Plaintiff's 1983, Retaliation and Conspiracy Claims

### 1. The University Must Be Dismissed from the Section 1983, Retaliation and Conspiracy Claims Based On Sovereign Immunity

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states." *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (internal citations omitted). Eleventh Amendment immunity extends to both federal and state law claims brought against states in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124-25 (1984); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973-74 (9th Cir. 2004). The Eleventh Amendment bestows immunity not only on unconsenting states, but on their agents as well. *Mitchell v. Los Angeles Comm'ty College Dist.,* 861 F.2d 198, 201 (9th Cir. 1988), *cert. denied*, 490 U.S. 1081 ("Under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court."); *Vaughn v. Regents of Univ. of Cal.*, 504 F. Supp. 1349, 1354 (E.D. Cal. 1981).

The Regents is protected by Eleventh Amendment Sovereign Immunity because it is an arm of the State of California established through the California Constitution. *See* Cal. Const. art. IX, § 9; *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 431-32 (1997); *Mitchell*, 861 F.2d at 201 ("California state colleges and universities are 'dependent instrumentalities of the state.'"); *see also Armstrong v. Meyers*, 964 F.2d 948, 949-50 (9th Cir.1992) (The Regents is an arm of the state for Eleventh Amendment purposes); *BV Eng'g v. Univ. of Cal., Los Angeles,* 858 F.2d 1394, 1395 (9th Cir. 1988) (same); *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir.1982) (same).

Thus, because The Regents is immune from Plaintiff's first through third, fifth and sixth causes of action based on the Eleventh Amendment, the Court should dismiss The Regents with prejudice as to these claims. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989) (applying Eleventh Amendment immunity to Section 1983 claim); *Redd-Oyedele v. Santa Clara Cnty. Off. of Educ.*, No. 5:22-CV-02128-EJD, 2023 WL 2769093, at *8 (N.D. Cal. Mar. 31, 2023) (applying Eleventh Amendment immunity to conspiracy claim).

**2. Sovereign Immunity Also Bars Claims Against The Individual Defendants Acting In Their Official Capacities**

The Eleventh Amendment also bars damage actions against state officials in their official capacities. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). The individual Defendants are entitled to Eleventh Amendment immunity because a suit against an individual acting in his or her official capacity, seeking damages from the public coffers, is in reality a suit against the state itself. *Hafer v. Melo*, 502 U.S. 21 (1991); *Hayakawa*, *supra*, 682 F.2d at 1350.

Rao's Complaint clearly alleges he is suing all five individual Defendants regarding their actions and decisions in their "official capacity." For example, his first and second causes of action are against "all official capacity defendants." Further, in the recitals, he alleges that status and role of each individua defendant:

- "Defendant John Canny was Chair of the Computer Science department during portions of time relevant to this Complaint." (FAC ¶ 23.)
- "Defendant Tsu-Jae King Liu at all times relevant to this complaint was Dean of the College of Engineering. Liu participated in the original review about staff's defamatory behavior, Rao's promotion processes and the subsequent appeals. portions of time relevant to this Complaint." (FAC ¶ 24.)
- "Defendant Jennifer Chayes was Dean of the College of Computing, Data Science and Society during relevant portions of this matter. Chayes participated in the promotion processes and subsequent appeals." (FAC ¶ 25.)

/ / /

- "Defendant Janet Broughton was Interim Vice Provost during Rao's promotion process and appeal." (FAC ¶ 26.)
- "Defendant Victoria Plaut was Chair of the Budget and Interdepartmental Committee and Vice Provost of the Faculty during times relevant to this Complaint." (FAC ¶ 27.)

Because each of the individual Defendants acted in their official capacities, they are protected by the Eleventh Amendment and cannot be sued for damages under Section 1983 or retaliation or conspiracy regarding these official acts. Thus, the motion to dismiss should also be granted with prejudice as to the individual Defendants for the first through third, fifth and sixth causes of action.

### B. Rao's Section 1983 Claims for Damages Are Also Barred Because Defendants Are Not "Persons" Within The Meaning of the Statute, and He Has Not Alleged Any Actionable Deprivation

In addition to Sovereign Immunity barring his claims, Rao's claims for monetary relief under Section 1983 must be dismissed as not permissible against The Regents and its employees.

#### 1. Plaintiff Has Not Pled an Actionable "Person" to Support a Section 1983 Claim

Section 1983 provides that "[e]very ***person*** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ." 42 U.S.C. § 1983 (emphasis added).

It is well-settled that "a State is not a 'person' within the meaning of section 1983" such that a section 1983 claim cannot be brought against a state. *Will*, 491 U.S. at 65; *Vaughn*, 504 F. Supp. at 1354. As discussed above, The Regents and its employees are considered instrumentalities of the State for Eleventh Amendment purposes. Therefore, Defendants cannot be considered "persons" to state viable claims under Section 1983. For example, in *Doe v. Lawrence*

*Livermore Nat'l Lab.*, a plaintiff sued the University of California and a laboratory director in his official capacity. 131 F.3d 836 (9th Cir. 1997). The Ninth Circuit held that the University, and its laboratory director acting in his official capacity, "are not 'persons' within the meaning of § 1983" and, therefore, could not be sued for monetary damages. *Id.* at 839.

Accordingly, Rao's Section 1983 claims must further be dismissed against all Defendants because none of the Defendants are "persons" under the statute.

**C. Rao Did Not Suffer Any Deprivation to Support His Section 1983 Claims**

To state a claim under Section 1983, a plaintiff must show that he was deprived of a right secured by the Constitution. 42 U.S.C. § 1983; *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). Rao's Section 1983 claims must be dismissed because, as explained below, he failed to plead sufficient facts to state a claim for relief that is plausible on its face, and none of his claims raise "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

**1. Section 1983 – Violation of the Fourteenth Amendment (Second Cause of Action)**

To state a Section 1983 due process claim, Rao must allege: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) a lack of process. *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Rao's due process claim should be dismissed because he fails to sufficiently plead the deprivation of any constitutionally protected property or liberty interest, especially as against each individual defendant.

**2. Section 1983 – Violation of First Amendment**

Similarly, the Section 1983 claim for violation of the First Amendment should be dismissed. The Court follows "a sequential five-step inquiry to determine whether an employer impermissibly retaliated against an employee for engaging in protected speech. *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009). "First, the plaintiff bears the burden of showing: (1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; and (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action." *Robinson v. York*, 566 F.3d 817, 822 (9th

Cir. 2009) (internal quotation marks and citation omitted). "Next, if the plaintiff has satisfied the first three steps, the burden shifts to the government to show: (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech." *Id.; Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1056 (9th Cir. 2013). Importantly, a public employees' speech is only protected if they were speaking as a private citizen on a matter of public concern. *Id.* However, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti v. Ceballos,* 547 U.S. 410, 421 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006).

Here, there are no allegations that support a theory that Plaintiff was speaking out as a private citizen on a public issue. Rather, all alleged "protected speech" was within the course and scope of his employment. Therefore, he cannot support a Section 1983 claim based on the First Amendment as a matter of law.

**D. Qualified Immunity Protects The Defendants In the Performance Of Their Duties**

Even if Eleventh Amendment immunity and failure to be a "person" under Section 1983 does not eradicate defendants from this lawsuit, they should be dismissed based on qualified immunity. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The doctrine grows out of the policy concern that few individuals would enter public service if they risked personal liability for their official decisions. *Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982). The immunity protects "all but the plainly incompetent or those who knowingly violate the law," *Hunter v. Bryant*, 502 U.S. 224, 229 (1991), and "spare[s] a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

Because "qualified immunity is an immunity from suit rather than a mere defense to liability[,]" its applicability should be decided "at the earliest possible state in litigation."

*Pearson*, 555 U.S. at 231-32. The Supreme Court has "made clear that the driving force behind creation of the qualified immunity doctrine was to ensure that insubstantial claims against government officials will be resolved *prior to discovery*." *Id*. (emphasis added). "Insubstantial" in the context of a motion to dismiss means that it is apparent from the face of the complaint that qualified immunity applies. *Lilly v. Univ. of Cal.-San Diego*, 2023 WL 544776, at *15 (S.D. Cal. Aug. 23, 2023) (citing *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016)).

Determining qualified immunity involves a two-prong analysis: (1) first, a determination of whether Plaintiff's equal protection rights were violated at all, which at the Rule 12 stage must be apparent from the face of the complaint; and (2) the identification of precedent squarely addressing and placing the constitutional question presented by the complaint "beyond debate" at the time of the challenged conduct. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).

Here, Plaintiff has alleged insufficient facts to show that each Defendant violated his equal protection rights and that their conduct would, without a doubt, violate any such rights. As a result, qualified immunity bars his Section 1983 claims against the individual Defendants.

## III. PLAINTIFF'S TITLE VI CLAIM FAILS AS A MATTER OF LAW

Plaintiff also alleges a Title VI claim, but it fails on two grounds. First, Plaintiff has not pled the necessary elements to invoke Title VI as to his employment claims. Second, the claim is invalid as a matter of law against the individual Defendants.

### A. Title VI Supports an Employment Claim in Only Very Narrow Circumstances

Title VI is a statute that prohibits unlawful racial discrimination by recipients of certain federal funding. However, it does not automatically apply to all employment claims against a recipient of federal funding, such as The Regents. Rather, the statute itself only applies to "employment practice[s] ... where a *primary objective* of the federal financial assistance is to provide employment" (emphasis added). *Consol. Rail Corp. v. Darrone*, 465 U.S. 624, 631, 104 S. Ct. 1248, 1253, 79 L. Ed. 2d 568 (1984).

Here, Plaintiff does not allege that the objective of any of the federal financial assistance that The Regents receives has, as a primary objective, any of the employment practices at issue here. Therefore, he cannot maintain his Title VI claim.

**B. Title VI Claims May Not Be Brought Against Individuals**

In addition to the fact that Plaintiff has alleged insufficient facts to bring his claims within the ambit of Title VI, he has inappropriately alleged the Title VI claims against the individual Defendants. "As a threshold matter, individual defendants cannot be sued under Title VI. Title VI forbids discrimination by any "program or activity" receiving federal funding. 42 U.S.C. § 2000 (d). As a result, "the text of Title VI also precludes liability against those who do not receive federal funding, including individuals." *Shotz v. City of Plantation*, 334 F.3d 1161, 1169-70, n.11 (11th Cir. 2003); *see also Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1356 (6th Cir. 1996) ("Plaintiff's [Title VI] claim also fails because she asserts her claim against [individual plaintiffs] and not against the school, the entity allegedly receiving the financial assistance."); *Joseph v. Boise State Univ.*, 998 F. Supp. 2d 928, 944 (D. Idaho 2014) (finding individuals are not liable under Title VI because individuals do not receive federal financial assistance) *aff'd on other grounds*, 667 F. App'x 241 (9th Cir. 2016).

Thus, to the extent Plaintiff alleges Title VI claims against the individual Defendants, they must be dismissed without leave to amend.

**IV. PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS**

Plaintiff's claims are also time-barred. Section 1983 and Title VI claims follow the state's personal injury statute of limitations. *See Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 711–12 (1993) (stating that the "statute of limitations for personal injury actions governs claims brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1985" and holding the same applies to actions under Title VI of the Civil Rights Act of 1964 (Title VI); *Stanley v. Trs. of California State Univ.*, 433 F.3d 1129, 1134 (9th Cir. 2006). In California, a personal injury action must be brought within two years of the alleged injury. Cal. Code Civ. Proc. § 335.1; *Doe #1 M.L. v. San Bernardino Sheriff Dep't*, 753 F. Supp. 3d 1024, 1029 (C.D. Cal. 2024) (two-year statute of limitations applies to section 1983 claims). The civil conspiracy claims are also subject to the two year statute of limitations. *Wyatt v. Union Mortg. Co.*, 24 Cal. 3d 773, 792, 598 P.2d 45, 57 (1979) ("The applicable statute of limitations for a civil conspiracy is that for the underlying tort.").

While Plaintiff includes many alleged background facts for his claims, the root complaint for all claims is that Plaintiff received a "deceleration" effective July 1, 2021. (FAC ¶ 115.) This lawsuit was not filed until March 7, 2025, nearly four years after the "deceleration." Accordingly, Plaintiff's claims are barred by the two-year statute of limitations and should be dismissed without leave to amend.

## V. CLAIMS FOR CONSPIRACY AND RETALIATION ARE IMPROPERLY PLED

### A. Government Code Immunities Bar Plaintiff's Retaliation and Conspiracy Claims

Plaintiff's fifth cause of action is entitled "retaliation", but it does not specify the legal support for its claims. Presumably then, Plaintiff is alleging a common law claim, but governmental tort liability is dependent on the existence of an authorizing statute. Cal. Gov't Code § 815(a); *Searcy v. Gibbel*, 177 Cal. App. 3d 792 (1986). Specifically, California Government Code section 815(a) provides that except as otherwise provided *by statute*, a public entity is not liable for injury, whether such injury arises out of an act or omission of the entity itself or a public employee or any other person. Cal. Gov't Code § 815(a) (emphasis added). At best, the conspiracy and retaliation claims are common law claims and therefore not available against The Regents as a matter of law, and there is no common law claim through which the individual Defendants may be liable. Cal. Gov't Code § 815(a).

### B. The Retaliation and Conspiracy Allegations Fail to State a Claim

The retaliation and conspiracy claims are also insufficiently pled as a matter of law. The Supreme Court has outlined the pleading requirements for a claim and those are not met here. Specifically, the court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"),

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007).

In addition to the fact that the retaliation claim is woefully vague, Plaintiff fails to allege sufficient facts to support any retaliation claim. Instead, he only alleges that the Office of Prevention of Harassment and Discrimination pursued a frivolous claim and their findings make "no sense." (FAC ¶¶ 206-207.) He also only alleges that Defendant Plaut had any involvement in the alleged retaliation. Even if the allegations were sufficient against Plaut (they are not), they are woefully insufficient as to all other Defendants in that no improper conduct is alleged against any of them based on this claim. Similarly, the conspiracy claims are based on the same conclusory allegations that the Supreme Court has found are insufficient to survive a motion to dismiss. (*Twombly*, 550 U.S. at 570.)

## VI. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant the motion to dismiss without leave to amend. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

Dated: July 23, 2025

QUARLES & BRADY LLP

By: /s/ *Sandra L. McDonough*

SANDRA L. McDONOUGH
Attorneys for Defendants THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; PROFESSOR JOHN CANNY; DEAN TSU-JAE KING LIU; DEAN JENNIFER CHAYES; VICE PROVOST VICTORIA PLAUT; VICE PROVOST JANET BROUGHTON