SANDRA L. McDONOUGH (SBN 193308)
Sandy.McDonough@quarles.com
ERIN E. MULLEN (SBN 356383)
Erin.Mullen@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; PROFESSOR JOHN CANNY; DEAN TSU-JAE KING LIU; DEAN JENNIFER CHAYES; VICE PROVOST VICTORIA PLAUT; VICE PROVOST JANET BROUGHTON

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

SATISH RAO,

Plaintiff,

v.

PROFESSOR JOHN CANNY; DEAN TSU-JAE KING LIU; DEAN JENNIFER CHAYES; VICE PROVOST VICTORIA PLAUT; VICE PROVOST JANET BROUGHTON; in their individual and official capacities; REGENTS OF THE UNIVERSITY OF CALIFORNIA,

Defendants.

Case No. 3:25-cv-02385-LB

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Date: September 25, 2025
Time: 9:30 a.m.
Crtrm.: B
Judge: Hon. Laurel Beeler

# TABLE OF CONTENTS


I. INTRODUCTION AND OVERVIEW OF ALLEGATIONS ....1

A. Eleventh Amendment Sovereign Immunity Bars Plaintiff's 1983, Retaliation and Conspiracy Claims ....1

B. Rao Did Not Suffer Any Deprivation to Support His Section 1983 Claims ....3

1. Section 1983 – Violation of the Fourteenth Amendment (Second Cause of Action) ....3

2. Section 1983 – Violation of First Amendment ....4

C. Qualified Immunity Protects The Defendants In the Performance Of Their Duties ....5

II. PLAINTIFF'S TITLE VI CLAIM FAILS AS A MATTER OF LAW ....5

III. PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS ....6

IV. CLAIMS FOR CONSPIRACY AND RETALIATION ARE IMPROPERLY PLED ....7

A. Government Code Immunities Bar Plaintiff's Retaliation and Conspiracy Claims ....7

B. The Retaliation and Conspiracy Allegations Fail to State a Claim ....7

1. Retaliation ....7

2. Civil Conspiracy ....8

V. CONCLUSION ....10

## TABLE OF AUTHORITIES

**Page(s)**

***Cases***

*Armstrong v. Meyers*,
964 F.2d 948 (9th Cir. 1992) ........ 1, 2

*Campbell v. Hawaii Dep't of Educ.*,
892 F.3d 1005 (9th Cir. 2018) ........ 8

*Cellular Plus, Inc. v. Superior Court*,
14 Cal.App.4th 1224 (1993) ........ 8

*Cervantes v. City of San Diego*,
5 F.3d 1273 (9th Cir. 1993) ........ 7

*Cisco Sys., Inc. v. STMicroelectronics, Inc.*,
77 F. Supp. 3d 887 (N.D. Cal. 2014) ........ 8

*Consol. Rail Corp. v. Darrone*,
465 U.S. 624 (1984) ........ 5

*Fox v. Ethicon Endo-Surgery, Inc.*,
35 Cal. 4th 797 (2005) ........ 6

*Franceschi v. Schwartz*,
57 F.3d 828 (9th Cir. 1995) ........ 1

*Frankel v. Regents of Univ. of California*,
744 F. Supp. 3d 1015 (C.D. Cal. 2024) ........ 2

*Garcetti v. Ceballos*,
547 U.S. 410 (2006) ........ 4

*Garcia v. Brockway*,
526 F.3d 456 (9th Cir. 2008) ........ 7

*Goodisman v. Lytle*,
724 F.2d 818 (9th Cir. 1984) ........ 3

*Hunter v. Bryant*,
502 U.S. 224 (1991) ........ 5

*Jolly v. Eli Lilly & Co.*,
44 Cal. 3d 1103 (1988) ........ 6

*Jones v. Lodge at Torrey Pines Partnership*,

42 Cal. 4th 1158 (2008) ..... 5

*Kimes v. Stone*,
84 F.3d 1121 (9th Cir. 1996) ..... 3

*McConnell v. Marine Eng'rs Beneficial Ass'n Ben. Plans, Dist. 1--Pac. Coast Dist.*,
526 F. Supp. 770 (N.D. Cal. 1981) ..... 9

*Miller v. Maxwell's Int'l Inc.*,
991 F.2d 583 (9th Cir. 1993) ..... 5

*Reno v. Baird*,
18 Cal. 4th 640 (1998) ..... 5

*Shotz v. City of Plantation*,
334 F.3d 1161 (11th Cir. 2003) ..... 5

*The Bd. of Regents of State Colleges v. Roth*,
408 U.S. 564 (1972) ..... 3

*Thomas v. Cnty. of Humboldt, California*,
124 F.4th 1179 (9th Cir. 2024) ..... 7

*Wasco Prods., Inc. v. Southwall Techs., Inc.*,
435 F.3d 989 (9th Cir. 2006) ..... 8

***Statutes***

Government Code section 815(a) ..... 7

## I. INTRODUCTION AND OVERVIEW OF ALLEGATIONS

As Plaintiff Satish Rao ("Plaintiff") readily admits in his Opposition to Defendants' Motion to Dismiss ("Opposition"), his arguments amount to "ranting" and not to actual legal opposition to the motion to dismiss. Therefore, the motion to dismiss should be granted.

First, Plaintiff has not overcome the Eleventh Amendment bar to damages both because The Regents and its employees are not a "person" under Section 1983 and Plaintiff has only sued the individual defendants in their official capacities.

Second, Plaintiff's own pleading shows that the alleged property right, of which he was denied, is not a guaranteed property right at all – instead it's an opportunity for merit increases under the University's promotion system, but never an automatic promotion. Further still, Plaintiff's own allegations and argument show that he received due process before any merit decision was final.

Third, Plaintiff's only speech was related to his own employment and thus it was not protected by the First Amendment.

Fourth, Plaintiff has provided no argument as to why Title VI applies to his employment.

Finally, Plaintiff's retaliation and conspiracy allegations are woefully deficient.

Therefore, Defendants request that the Court grant their motion to dismiss without leave to amend.

### A. Eleventh Amendment Sovereign Immunity Bars Plaintiff's 1983, Retaliation and Conspiracy Claims

"The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995). "The Regents, a corporation created by the California constitution, is an arm of the state for Eleventh Amendment purposes, and therefore is not a 'person' within the meaning of section 1983." *Armstrong v. Meyers*, 964 F.2d 948, 949–50 (9th Cir. 1992).

First, Plaintiff seems to concede that the Eleventh Amendment Immunity bars damages against The Regents. (Opp. at 6.)

Second, Plaintiff argues he is entitled to prospective injunctive relief pursuant to the *Ex parte Young* doctrine. (Opp. at 6.) However, the doctrine only applies "when plaintiffs sue state officials in their official capacities for prospective injunctive relief." *See Frankel v. Regents of Univ. of California*, 744 F. Supp. 3d 1015, 1027 (C.D. Cal. 2024), appeal dismissed, No. 24-5003, 2024 WL 4803385 (9th Cir. Aug. 26, 2024)(emphasis added). Thus, such relief is still barred with respect to The Regents as it is not a 'person' within the meaning of Section 1983. *Armstrong*, 964 F.2d 948 at 949–50. In addition, it is not clear what prospective injunctive relief Plaintiff seeks and whether such relief would be permissible under the law.

Third, Plaintiff concedes that the Eleventh Amendment immunity bars his claims for damages against the individual defendants in their official capacities, but argues that it does not bar claims against them in their individual capacities. (Opp. at 6:14-17.) While this argument may have some legal support under the Eleventh Amendment jurisprudence, it does not apply to the facts as alleged in this case where Plaintiff only makes allegations against the individuals in their official capacity. For example, his first and second causes of action are against "all official capacity defendants." (FAC at 67:23, 70:15.) Further, in the recitals, he alleges the status and role of each individual defendant:

- "Defendant John Canny was Chair of the Computer Science department during portions of time relevant to this Complaint." (FAC ¶ 23.)
- "Defendant Tsu-Jae King Liu at all times relevant to this complaint was Dean of the College of Engineering. Liu participated in the original review about staff's defamatory behavior, Rao's promotion processes and the subsequent appeals. portions of time relevant to this Complaint." (FAC ¶ 24.)
- "Defendant Jennifer Chayes was Dean of the College of Computing, Data Science and Society during relevant portions of this matter. Chayes participated in the promotion processes and subsequent appeals." (FAC ¶ 25.)
- "Defendant Janet Broughton was Interim Vice Provost during Rao's promotion process and appeal." (FAC ¶ 26.)
- "Defendant Victoria Plaut was Chair of the Budget and Interdepartmental

Committee and Vice Provost of the Faculty during times relevant to this Complaint." (FAC ¶ 27.)

Because each of the individual defendants acted in their official capacities, they are protected by the Eleventh Amendment and cannot be sued for damages under Section 1983 or retaliation or conspiracy regarding these official acts. Thus, the motion to dismiss should be granted with prejudice as to all Defendants for the first through third, fifth and sixth causes of action.

### B. Rao Did Not Suffer Any Deprivation to Support His Section 1983 Claims

#### 1. Section 1983 – Violation of the Fourteenth Amendment (Second Cause of Action)

Plaintiff alleges that he was deprived of a promotion in violation of the Fourteenth Amendment due process clause. (Opp. at 7:18-8:15.) To state a Section 1983 due process claim, Rao must allege: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) a lack of process. *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). "The Fourteenth Amendment's procedural protection of property is a safeguard of the security interests that a person has already acquired in specific benefits." *The Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 576 (1972). A property interest is not created by the Constitution and must come from an independent source. *Id.* at 577. An interest in property only arises if a person has "a legitimate claim of entitlement" that is "more than an abstract need or desire" or "unilateral expectation" for the particular benefit. *Id.*

In *Goodisman v. Lytle*, the Ninth Circuit held that,

> [a] constitutionally protected interest has been created only if the procedural requirements are intended to be a significant substantive restriction on the University's decision making. If the procedures required impose no significant limitation on the discretion of the decision maker, the expectation of a specific decision is not enhanced enough to establish a constitutionally protected interest in the procedures.

*Goodisman v. Lytle*, 724 F.2d 818, 821 (9th Cir. 1984) (internal citations and quotations removed). Plaintiff vaguely asserts that the Academic Personnel Manual ("APM") provides the criteria for faculty promotions and, thus, the APM is the independent source by which his constitutionally

protected property right is derived. (Opp. at 7:18-8:15.) In the Complaint, Plaintiff highlights the procedural process under the APM:

> An outline of the evaluation process designed in the Academic Personnel Manual as locally implemented at University of California at Berkeley is as follows:
>
> (a) The Dean(s) provides a letter making recommendations along with reasoning that is forwarded to the Budget and Interdepartmental Review (BIR) committee.
>
> (b) The Budget and Interdepartmental Relations committee makes recommendations on promotion and reasoning for their recommendations.
>
> (c) The Provost of the Faculty makes a recommendation along with reasoning.
>
> (d) The Dean(s) provided a letter communicating the final result to the faculty member.

(FAC ¶ 108.)

Plaintiff's own cited provisions show that discretion is evidently involved in the APM's outlined procedure for determining a faculty member's eligibility for a promotion. The phrase "makes a recommendation along with reasoning" inherently implies discretion in the committee's decision making process without implementing any restrictions on such decision. As such, his claim to the promotion is no more than "an abstract need or desire" and "unilateral expectation," and Plaintiff's own alleged facts support this assertion. Furthermore, Plaintiff contends that he submitted an appeal and went through an appeals process, thereby wholly admitting that he received due process. (FAC ¶¶ 156-160.) Accordingly, Plaintiff failed to allege sufficient facts establishing that he was deprived of any constitutionally protected property or liberty interest without process, and therefore his claim for violation of the Fourteenth Amendment cannot survive this motion to dismiss.

**2. Section 1983 – Violation of First Amendment**

Plaintiff further alleges he was speaking on a matter of public concern and thus his First Amendment rights were not violated. (Opp. at 8). However, Plaintiff does not—as he cannot—allege he was acting as a private citizen because the allegations concerning speech only relate to his employment. *See Garcetti v. Ceballos,* 547 U.S. 410, 421 (2006). Accordingly, he cannot

support a Section 1983 claim based on the First Amendment as a matter of law.

**C. Qualified Immunity Protects The Defendants In the Performance Of Their Duties**

As Plaintiff acknowledges in his Opposition, qualified immunity protects "'all but the plainly incompetent or those who knowingly violate the law.' [Citations] This accommodation for reasonable error exists because 'officials should not err always on the side of caution' because they fear being sued.'" *Hunter v. Bryant*, 502 U.S. 224, 229 (1991). Here, as stated above, Plaintiff challenges his half merit increase or "deceleration," but as Plaintiff readily admits, the promotion decision is not a guarantee and is instead based on recommendations at each level. There are no allegations that all individual defendants were plainly incompetent or knowingly violated the law in order for Plaintiff to overcome qualified immunity.

## II. PLAINTIFF'S TITLE VI CLAIM FAILS AS A MATTER OF LAW

Plaintiff perhaps concedes that Title VI does not automatically apply to employment claims, but argues that he receives federal financial assistance so it must apply. (Opp at 16.) Plaintiff's argument, without any legal or factual support, cannot withstand the motion to dismiss his Title VI claim on the ground that it generally does not apply to employment unless a "*primary objective* of the federal financial assistance is to provide employment" *Consol. Rail Corp. v. Darrone,* 465 U.S. 624, 631 (1984)(emphasis added). Further, Plaintiff does not address the fact that Title VI claims cannot be brought against individuals, so the individuals should be dismissed on this additional ground as well. *See Shotz v. City of Plantation*, 334 F.3d 1161, 1169-70, n.11 (11th Cir. 2003).

Finally, Plaintiff seeks leave to replace the Title VI claim with a California Fair Employment and Housing Act ("FEHA") and Title VII claim, but again he has not alleged sufficient facts, including timely exhaustion of the claim filing requirements, in order to bring such claims. Even if he had, and even if he were allowed leave to amend against The Regents, the individual defendants cannot be liable for discrimination or retaliation under Title VII or FEHA. *See Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583, 587 (9th Cir. 1993) (employees cannot be held personally liable for discrimination under Title VII); *see also Reno v. Baird*, 18 Cal. 4th 640, 643 (1998) (employees not liable for FEHA discrimination); *Jones v. Lodge at Torrey Pines*

*Partnership,* 42 Cal. 4th 1158, 1167-68 (2008) (employees not liable for FEHA retaliation).

## III. PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

Plaintiff does not dispute that the two-year statute of limitations applies, but instead argues that the discovery rule or equitable tolling are applicable. (Opp. at 16:21-17:9.) Neither doctrine saves his claims.

First, Plaintiff alleges that the delayed discovery rule should apply and that, for purposes of determining the statute of limitations, time began to accrue when Plaintiff learned of his alleged injury. (Opp. at 2:5-6, 16:23-24.) To invoke the delayed discovery doctrine, Plaintiff must plead facts to show "(1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005). But the delayed discovery doctrine "only delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action." *Id.* at 807. A plaintiff has inquiry notice "when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her." *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110 (1988).

Here, the alleged wrongdoing is the deprivation of a property interest—namely, the deceleration. Plaintiff asserts in his Opposition that he was not notified of the deceleration until August 2022, yet in his Complaint, he clearly and unambiguously alleges that "[o]n January 30, 2022, Dean Jennifer Chayes and Tsu-Jae King Liu wrote the Dean's letter informing Rao of his deceleration." (FAC ¶ 109.) Even if he did learn of the deceleration in August 2022 rather than January 2022, as alleged in his Complaint, his claims would still be barred by the statute of limitations as he filed the lawsuit on March 7, 2025, which was over two years after he learned of the purported wrongdoing.

Second, Plaintiff argues for equitable tolling based on his pursuit of administrative remedies, including filing a complaint with the California Civil Rights Division in April 2023 and the receipt of an Equal Employment Opportunity Commission ("EEOC") right-to-sue letter dated December 4, 2024. (Opp at 17.) In order to apply equitable tolling, plaintiff must show: "1) timely notice to the defendants in filing the first claim; 2) lack of prejudice to the defendants in gathering evidence for the second claim; and 3) good faith and reasonable conduct in filing the second

claim. [Citations]. The doctrine of equitable tolling focuses on the effect of the prior claim in warning the defendants in the subsequent claim of the need to prepare a defense." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993). Plaintiff has not met his burden in pleading these factors.

Finally, Plaintiff asserts in his Opposition that the continuing violation doctrine saves his claims. (Opp at 7:18-21.) In his Complaint, Plaintiff contends that the alleged deprivation of a property interest was the deceleration. (FAC ¶ 190.) While he states additional irrelevant allegations, at the end of the day, the deceleration is the triggering event for purposes of the statute of limitations. Accordingly, there is no "continuing violation" to save the claim. *Thomas v. Cnty. of Humboldt, California*, 124 F.4th 1179, 1192 (9th Cir. 2024)(citing *Garcia v. Brockway*, 526 F.3d 456, 462 (9th Cir. 2008) ["[A] continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation."]).

## IV. CLAIMS FOR CONSPIRACY AND RETALIATION ARE IMPROPERLY PLED

### A. Government Code Immunities Bar Plaintiff's Retaliation and Conspiracy Claims

Plaintiff argues that Government Code section 815(a) does not bar his retaliation claim because that immunity does not apply to Plaintiff's statutory claims, but Plaintiff's argument misses the point. His fifth cause of action is merely entitled "retaliation," untethered to any statute. To the extent that it is a non-statutory claim, it is barred. Cal. Gov't Code § 815(a). At the very least, Defendants need clarity as to the source of this claim.

Plaintiff has made no argument as to why his conspiracy claim is not a common law claim, so it too is barred.

### B. The Retaliation and Conspiracy Allegations Fail to State a Claim

#### 1. Retaliation

Although Title VII and FEHA were not identified in the Complaint as statutory bases for his retaliation claim, Plaintiff now argues that his retaliation claim is pursuant to Title VII, FEHA, Section 1983, and Section 1981 (Opp. at 17:16-23), and further alleges that his retaliation claim was sufficiently pled. Defendants vehemently disagree.

In his Opposition, Plaintiff alleges that the protected activity he engaged in was filing "a

Complaint against Canny" and alleges that the adverse employment action taken against him was the initiation of an investigation by the University's Office of Prevention of Harassment and Discrimination ("OPHD"). (Opp. at 17:16-23.) However, an investigation itself is not an adverse employment action unless there was a resulting change to the conditions of the plaintiff's employment. *See Campbell v. Hawaii Dep't of Educ.*, 892 F.3d 1005, 1013 (9th Cir. 2018)(finding that an investigation of the employee alone without any resulting consequence to the employee's employment is insufficient to amount to an "adverse employment action" for purposes of violating Title VII). Here, Plaintiff alleges that he was notified of an investigation opened by the OPHD against him on April 29, 2022, which followed the notification of his deceleration in January 2022. (FAC ¶¶ 109, 118.) As the decision for deceleration clearly occurred before this investigation was even initiated, Plaintiff cannot plausibly argue that the deceleration was a consequence of the OPHD investigation. Moreover, Plaintiff fails to allege any additional adverse actions were taken against him as a result of the investigation. Indeed, Plaintiff's own allegation admits that no further action was taken, stating, "On June 26, 2023 Vice Provost Plaut sent a Final Decision on the OPHD case against Rao that no further action would be taken. . ." (*Id.* ¶ 155.) Thus, Plaintiff fails to allege facts sufficient to support a claim for retaliation under any statute and his fifth cause of action should be dismissed against all Defendants.

**2. Civil Conspiracy**

Further, with respect to his ambiguous and nonsensical conspiracy claim, Plaintiff's factual allegations cannot support this cause of action. Under California law, "[t]o state a cause of action for conspiracy, the complaint must allege (1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts." *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006)(quoting *Cellular Plus, Inc. v. Superior Court*, 14 Cal.App.4th 1224 (1993)(internal quotations and citations omitted). "To allege the formation and operation of the conspiracy, plaintiff must allege an agreement to commit the wrongful acts." *Cisco Sys., Inc. v. STMicroelectronics, Inc.*, 77 F. Supp. 3d 887, 894 (N.D. Cal. 2014)(citing *Wasco Products, Inc. v. Southwall Tech., Inc.*, 435 F.3d 989, 992 (9th Cir.2006)). Plaintiff fails to allege sufficient facts under this standard.

First, Plaintiff alleges conspiracy by the use of a mathematical formula stating, "Upon information and belief, various of subsets of *n* of perhaps *n* people appear to have conspired to an extent in depriving Rao of his rights. The number of subsets of size greater than 1 is $2^n - n + 1$. The number *n* is to be determined." (FAC ¶ 209.) In his Opposition, he asserts that he "should have written the cause with respect to Does 1-100." (Opp. at 26:28.)

Second, his claim for civil conspiracy fails as it is not alleged against any particular defendant. Instead, he alleges this cause of action against a various subset of unknown people. However, "the practice of suing fictitious defendants has been disapproved in this circuit and a district court" and, thus, his claim for conspiracy cannot survive this motion to dismiss on the basis that it is only alleged against fictious defendants. *McConnell v. Marine Eng'rs Beneficial Ass'n Ben. Plans, Dist. 1--Pac. Coast Dist.*, 526 F. Supp. 770, 774 (N.D. Cal. 1981).

Third, even if was intended against the known defendants, he further fails to allege sufficient facts establishing how the individual defendants formed an agreement to conspire against him. Rather, he alleges that the conspiracy stems from an OPHD investigation against Canny and a separate OPHD investigation against himself, and that the outcomes were "pre-determined." ( FAC ¶ 210.) He also states in a seemingly tenuous connection that "Campus Counsel David Robinson interfered with two student misconduct cases forcing the administrative committee to a conclusion against overwhelming evidence" and that Robinson further pressured him to reassign grades, but that the resulting decision was that their grades were affirmed as he assigned them. (*Id.*) These factual allegations alone do not suffice to allege the formation and operation of an agreement to conspire against Plaintiff.

Moreover, Plaintiff alleges that the resulting damage was the deprivation of his civil rights. (FAC ¶ 213.) However, as outlined above, Plaintiff was notified of the deceleration prior to the date that the OPHD opened its investigation against him and no action was taken against him as a result of this investigation. (*Id.* ¶¶ 109, 118, 155.) Thus, logically speaking, investigations against his colleague and, separately, two students, that never resulted in any disciplinary actions cause no such damage to Plaintiff. Accordingly, based on Plaintiff's failure to allege sufficient facts showing any resulting harm from the alleged conspiracy, this cause of action further fails.

## V. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant the motion to dismiss without leave to amend.

Dated: September 2, 2025

QUARLES & BRADY LLP

By: /s/ *Erin E. Mullen*
SANDRA L. McDONOUGH
ERIN E. MULLEN
Attorneys for THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; PROFESSOR JOHN CANNY; DEAN TSU-JAE KING LIU; DEAN JENNIFER CHAYES; VICE PROVOST VICTORIA PLAUT; VICE PROVOST JANET BROUGHTON