United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

SATISH RAO,

Plaintiff,

v.

REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,

Defendants.

Case No. 25-cv-02385-LB

**ORDER RESOLVING DISCOVERY DISPUTES**

Re: ECF No. 73

## INTRODUCTION

The plaintiff, a University of California professor representing himself, sued the Regents and five University administrators over the University's handling of his merit review, including a half-step "deceleration" of his advancement and related investigations and personnel decisions.[1] On July 24, 2026, he served 811 requests for admission (RFAs) allocated among the six defendants, together with a "Source Index" giving a page-level citation for each request that quotes a University document.[2] The defendants ask the court to require the plaintiff to withdraw the set and

[1] Third Am. Compl. – ECF No. 69 at 2–7 (¶¶ 1–19); Disc. Letter Br. – ECF No. 73 at 2–5. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Disc. Letter Br. – ECF No. 73 at 2, 4.

United States District Court
Northern District of California

serve no more than 100 "narrowly tailored" requests.[3] The plaintiff opposes any numerical cap and instead offers (1) to meet and confer about any requests that the defendants identify by number as duplicative, compound, or ambiguous, and (2) if the court credits the defendants' document-verification objection, to withdraw the eighty-three Regents-directed requests listed in Exhibit A in exchange for a stipulation to the genuineness of the source documents.[4]

The court can decide the dispute without a hearing.[5] The court denies the proposed withdraw-and-reissue cap: Rule 36 has no numerical limit, the defendants concede that the requests are not categorically improper, and their category-level objections do not carry their burden to eliminate seven-eighths of the set. But the objections identify real proportionality problems, and the parties' own compromise proposals largely frame the solution. The court orders the following: (1) within fourteen days, the parties must execute a stipulation to the authenticity and genuineness of the documents identified in the Source Index; (2) on execution, the Exhibit A requests are deemed withdrawn, and the plaintiff must withdraw any other request (to any defendant) that asks only whether quoted language appears in a stipulated document; (3) the plaintiff must consolidate requests that put the same proposition to more than one defendant, directing each request to the defendant whose own act, knowledge, or reliance it concerns; and (4) the defendants' responses to the conformed sets are due forty-five days after service.

## STATEMENT

On July 24, 2026, the plaintiff served his first sets of written discovery, including the 811 RFAs and the Source Index.[6] The defendants objected to the RFAs, the parties met and conferred by videoconference on August 27, 2026, they could not resolve the dispute, and they submitted

---

[3] *Id.* at 2, 5.

[4] *Id.* at 4–5; Ex. A to *id.* – ECF No. 73 at 8–12.

[5] Civil L.R. 7-1(b).

[6] Disc. Letter Br. – ECF No. 73 at 2.

United States District Court
Northern District of California

this joint letter under § 2.2 of the court's standing order.[7] The parties previously extended the defendants' deadline to respond to the RFAs.[8]

The defendants estimate that responding would take nearly sixty-eight hours even at five minutes per request, before accounting for investigation, document review, objections, and client conferences.[9] By their count, nearly 500 requests ask whether quoted text appears in identified documents; others put materially identical propositions to several defendants; others probe recollection and interpretation of an October 11, 2024, meeting (which was recorded); and a few seek biographical information.[10] The defendants have answered ninety-five requests for production and twenty-five interrogatories, and the parties agreed to a party-to-party interrogatory limit permitting roughly 150 interrogatories in total.[11]

The defendants propose that the plaintiff withdraw the set and reissue no more than 100 requests, eliminate the document-quote requests in favor of an authenticity stipulation, consolidate duplicates, and notice depositions. They ask for at least forty-five days to respond to any compelled set.[12] The plaintiff declines a numerical cap but offers to confer about specific requests identified by number, agrees that timing concerns can be met with more time, and (if the court is persuaded by the document-verification objection), proposes withdrawing the eighty-three Regents requests listed in Exhibit A in exchange for a stipulation to the genuineness of the corresponding source documents.[13] Exhibit B is the seventy-seven request set directed to Dean Chayes, attached as a sample.[14]

---

[7] *Id.* at 2, 6 (attestation).

[8] *Id.* at 5 (citing Stip. – ECF No. 72).

[9] *Id.* at 2.

[10] *Id.* at 2–3; Ex. B to *id.* – ECF No. 73 at 14 (Chayes RFA No. 2), 19 (Chayes RFA No. 46) (the recording).

[11] Disc. Letter Br. – ECF No. 73 at 3–4.

[12] *Id.* at 3, 5.

[13] *Id.* at 4–5; Ex. A to *id.* – ECF No. 73 at 8–12.

[14] Disc. Letter Br. – ECF No. 73 at 3; Ex. B to *id.* – ECF No. 73 at 14–23.

United States District Court
Northern District of California

## ANALYSIS

### 1. Governing Standards

A party may serve requests to admit facts, the application of law to fact, opinions about either, and the genuineness of documents.[15] A matter admitted is conclusively established unless the court permits withdrawal or amendment.[16] Rule 36 is thus not principally a device to discover facts; it narrows the issues by eliminating from trial matters that should not be disputed.[17] Unlike Rule 33, Rule 36 imposes no presumptive numerical limit.[18] But requests for admission remain discovery subject to Rule 26: they must be proportional to the needs of the case, and the court (on motion or on its own) must limit discovery that is unreasonably cumulative or duplicative or that otherwise exceeds Rule 26(b)(1).[19] A party seeking to restrict discovery under Rule 26(c) must show good cause with specificity; "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not suffice.[20]

### 2. The Court Denies the Blanket Cap

The defendants concede that the disputed requests are not categorically improper, and their letter identifies categories of concern illustrated by a handful of examples, not a request-by-request showing. That does not justify vacating 711 of 811 requests and holding the plaintiff to a number chosen for its roundness rather than its fit. The burden arithmetic is not compelling either: about 68 hours of response time spread across six defendants (roughly eleven hours each before follow-on tasks) in a document-heavy case where the defendants must review the same records for their Rule 34 production in any event.[21] The defendants also accepted a party-to-party stipulation

[15] Fed. R. Civ. P. 36(a)(1).

[16] Fed. R. Civ. P. 36(b).

[17] Fed. R. Civ. P. 36 advisory committee's note to the 1970 amendment; *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007).

[18] *Compare* Fed. R. Civ. P. 33(a)(1), *with* Fed. R. Civ. P. 36.

[19] Fed. R. Civ. P. 26(b)(1), (b)(2)(C).

[20] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (cleaned up).

[21] Disc. Letter Br. – ECF No. 73 at 2 (time estimate), 4 (Rule 34 review).

permitting roughly 150 interrogatories (a device requiring narrative, verified answers), which undercuts the contention that admit-or-deny responses in volume are intolerable.[22] And the October 11, 2024, meeting was recorded, which reduces the investigative burden of the meeting-related requests.[23]

That said, 811 requests in a single-plaintiff employment case is a lot, and the volume here is largely the product of two drafting choices (passage-level verification requests and cross-defendant duplication) that narrower relief can address. The court has an independent obligation to limit unreasonably cumulative discovery even where the movant's showing falls short, and the parties' own proposals supply the tools.[24]

**3. Document-Verification Requests**

The defendants' lead objection is that nearly 500 requests ask only whether quoted text appears in identified documents.[25] The plaintiff responds that such admissions establish what the record says and substitute for proof at trial.[26] The parties' proposals — the defendants' offer to stipulate to authenticity, and the plaintiff's conditional offer to withdraw the Exhibit A requests in exchange for a genuineness stipulation — show the sensible resolution.[27]

Once the parties stipulate that a document is genuine and that the produced copy is true and correct, the document proves its own contents: the plaintiff may quote it in briefing or at trial without further foundation, and no admission is needed to establish that page five says what page five says.[28] At that point, hundreds of passage-matching admissions are unreasonably cumulative

---

[22] *Id.* at 3–4.

[23] Ex. B to *id.* – ECF No. 73 at 14 (Chayes RFA No. 2), 19 (Chayes RFA No. 46).

[24] Fed. R. Civ. P. 26(b)(2)(C) (court must act "on motion or on its own").

[25] Disc. Letter Br. – ECF No. 73 at 3.

[26] *Id.* at 4–5.

[27] *Id.* at 3 (defendants' offer), 5 (plaintiff's conditional offer).

[28] *See* Fed. R. Evid. 901(a), 1002. The parties invoke the discovery rules rather than the evidence rules, but the evidence rules explain why a stipulation moots passage-verification requests.

of the stipulation, and the court must limit them.[29] The plaintiff's real interest (fixing what the decisional record does and does not say) survives intact (presumably the reason for his discovery).

The plaintiff's better point is his distinction between verifying a document's text and fixing a defendant's relationship to it.[30] A request that a defendant authored, signed, reviewed, or relied on a document — or took a position in it — is an admission about that defendant's conduct and knowledge, not about words on a page, and an authenticity stipulation does not capture it. The sample Chayes set illustrates the line: a request that Dean Chayes signed the January 30, 2022, recommendation, or that in the August 5, 2022, letter she identified specified conduct as bearing on the plaintiff's record of service, survives. A request that the recommendation "states" quoted text does not (assuming a stipulation that the document is authentic).[31]

The court therefore orders the mechanism that both sides proposed in part. Within fourteen days (which can be extended by stipulation of the parties), the parties must enter a stipulation to the authenticity and genuineness of the documents identified in the Source Index (and any other documents the parties agree to include). If a defendant declines to stipulate to a particular document, the stipulation must identify the document and state the ground. After that stipulation is signed, the eighty-three Regents requests listed in Exhibit A are deemed withdrawn, and the plaintiff must in good faith withdraw any other request (whichever defendant it is directed to) that asks only whether quoted language appears in a stipulated document. The test for the parties' conferral: a request survives if it requires the responding defendant to admit something about that defendant's own conduct, statements, knowledge, or reliance (or some other disputed fact) beyond the fact that words appear in a stipulated document. Withdrawal is without prejudice to re-serving a verification request for any document excluded from the stipulation or whose genuineness is later disputed.

[29] Fed. R. Civ. P. 26(b)(2)(C)(i).

[30] Disc. Letter Br. – ECF No. 73 at 4–5.

[31] *Compare* Ex. B to *id.* – ECF No. 73 at 15 (Chayes RFA No. 15), 19 (Chayes RFA No. 44), *with id.* at 15 (Chayes RFA No. 16).

United States District Court
Northern District of California

**4. Duplicative Requests Across Defendants**

The defendants' second objection — materially identical requests put the same proposition to several defendants — is well taken in part.[32] An admission binds only the answering party, and different defendants may take different positions. But that justifies directing a request about a defendant's own conduct or knowledge to that defendant; it does not justify asking four parties to confirm the content of one document. Propositions about conduct, knowledge, or reliance must be directed to the defendant or defendants whose own conduct, knowledge, or reliance is at issue and may properly go to more than one defendant where the matter genuinely concerns each (for example, each participant's own statements at the October 11, 2024 meeting). The plaintiff must conform his sets accordingly.

**5. The Remaining Objections**

The defendants' remaining objections do not support striking or capping requests. That a topic could also be explored at deposition is not a ground to bar a request for admission: Rule 36 expressly reaches opinions and the application of law to fact, and Rule 26(b)(2)(C)(ii) points the other way: an admit-or-deny response is the less burdensome device, particularly for statements preserved on a recording.[33] A defendant who considers a particular request ambiguous, compound, or unanswerable as phrased may qualify the answer or object with specificity.[34] The biographical example (Dean Chayes's Microsoft Research credentials) has marginal value, but one marginal request is a candidate for the request-specific conferral the plaintiff has offered, not a basis for global relief.[35]

Two final reminders can guide the conformed sets and the responses. Answers must rest on reasonable inquiry, and a responding party may qualify an answer where a request cannot fairly be

[32] Disc. Letter Br. – ECF No. 73 at 3 (citing Regents RFA No. 24, Chayes RFA No. 29, Liu RFA No. 49, Broughton RFA No. 24).

[33] Fed. R. Civ. P. 36(a)(1)(A); Fed. R. Civ. P. 26(b)(2)(C)(ii).

[34] Fed. R. Civ. P. 36(a)(4)–(5).

[35] Disc. Letter Br. – ECF No. 73 at 3 (Chayes RFA No. 77).

United States District Court
Northern District of California

admitted or denied outright.[36] And a party that fails to admit a matter later proved may be ordered to pay the reasonable expenses of that proof, a rule that polices unjustified denials and, in practice, rewards only requests worth serving.[37]

### 6. Deadlines

After the stipulation is executed, the plaintiff must serve the conformed sets — withdrawing verification requests covered by the stipulation and consolidating cross-defendant duplicates — within fourteen days. The defendants' responses are due forty-five days after service of the conformed sets, which is the time the defendants requested.[38] Any further dispute must be request-specific: identified by number, conferred about first, and raised in a joint letter under the standing order.

## CONCLUSION

The court denies the defendants' request that the plaintiff withdraw his requests for admission and reissue no more than 100. The court orders the following:

1. Within fourteen days of this order, the parties must execute a stipulation to the authenticity and genuineness of the documents identified in the plaintiff's Source Index (and any other documents the parties agree to include), including that the produced copies are true and correct. If a defendant declines to stipulate to a particular document, the stipulation must identify that document and state the ground.

2. On execution of the stipulation, the eighty-three Regents requests listed in Exhibit A (ECF No. 73 at 8–12) are deemed withdrawn. Within fourteen days after execution, the plaintiff must serve conformed sets that (a) withdraw any other request that asks only whether quoted language appears in a stipulated document and (b) consolidate duplicative requests by directing each request

---

[36] Fed. R. Civ. P. 36(a)(4).

[37] Fed. R. Civ. P. 37(c)(2).

[38] Disc. Letter Br. – ECF No. 73 at 5.

to the defendant or defendants whose own act, knowledge, or reliance it concerns. Withdrawals are without prejudice as stated in the analysis above.

3. The defendants must respond to the conformed sets within forty-five days of service.

4. Any remaining dispute must be raised by request number, after a meet-and-confer, in a joint letter under the court's standing order.

This resolves ECF No. 73.

**IT IS SO ORDERED.**

Dated: September 14, 2026

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California