SANDRA L. McDONOUGH (SBN 193308)
Sandy.McDonough@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; PROFESSOR JOHN CANNY; DEAN TSU-JAE KING LIU; DEAN JENNIFER CHAYES; VICE PROVOST VICTORIA PLAUT; VICE PROVOST JANET BROUGHTON

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| SATISH RAO,<br><br>Plaintiff,<br><br>v.<br><br>PROFESSOR JOHN CANNY; DEAN TSU-JAE KING LIU; DEAN JENNIFER CHAYES; VICE PROVOST VICTORIA PLAUT; VICE PROVOST JANET BROUGHTON; in their individual and official capacities; REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Defendants. | Case No. 3:25-cv-02385-LB<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT** |

Defendants The Regents of the University of California, Professor John Canny, Dean Tsu-Jae King Liu, Dean Jennifer Chayes, Vice Provost Victoria Plaut and Vice Provost Janet Broughton ("Defendants") hereby answer, object, and otherwise respond to Plaintiff Satish Rao's ("Plaintiff") Third Amended Complaint [Dkt. No. 69] ("TAC") on file herein as set forth below. This answer is submitted on behalf of all Defendants. If one Defendant lacks personal knowledge as to a fact or that Defendant is not the subject of an allegation, that Defendant defers to any other Defendants with personal knowledge.

/ / /

All allegations in the TAC not specifically admitted herein are denied. Further, the answers in the numbered paragraphs below correspond to the numbered paragraphs in the TAC:

**INTRODUCTION**

1. Defendants admit Plaintiff is a UC Berkeley Professor. Defendants deny the remaining allegations as phrased.

2. Defendants admit that Plaintiff analyzed graduate admissions data, but deny the remaining allegations as phrased.

3. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

4. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants admit that Defendants participated in the merit review process for Plaintiff. Defendants also admit that Plaintiff received a half-step merit increase and was subject to any policies that apply to those with less than a full step increase. Defendants deny the remaining allegations as phrased.

5. Defendants admit that Exhibit 15 is entitled "2021 Salary Plan for Ladder Faculty" and it is the best evidence of what is contained therein. Defendants deny the remainder of the paragraph as phrased.

6. Defendants admit that Plaintiff had to repay his salary that was overpaid. Defendants deny the remainder of the paragraph as phrased.

7. Defendants admit that Plaintiff may have received additional compensation had he been advanced a full-step, rather than a half-step. Defendants deny the remainder of the paragraph as phrased.

8. Defendants deny the allegations as phrased.

9. This paragraph contains argument and legal conclusions and thus no response is required. To the extent a response is required, Defendants admit there was a meeting on October 11, 2024, and Dean Chayes acknowledged that Plaintiff could exercise his legal rights. Defendants deny the remaining allegations as phrased.

10. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the remaining allegations as phrased.

**OFFICE OF PREVENTION FOR HARASSMENT AND DISCRIMINATION RETALIATION**

11. Defendants admit that Plaintiff made complaints to the OPHD and that OPHD initiated an investigation against Levien for bias, but deny the remaining allegations.

12. Defendants admit that OPHD initiated an investigation into Plaintiff's allegations against Chair Canny for discrimination, but deny the remainder of the paragraph.

13. Defendants admit that the investigation report references "heinous things" said by Plaintiff and admit that OPHD did not find a violation of the Nondiscrimination Policy. Defendants deny the remainder of the allegations in this paragraph.

14. Defendants admit that OPHD concluded that Plaintiff was denied membership to Anti-Racist Committee ("ARC") and that Canny did not violate the Nondiscrimination Policy because there was a legitimate, non-discriminatory business reason for his decision. Defendants deny the remaining allegations as phrased.

15. Defendants deny that the OPHD addendum reaches the conclusions referenced in this paragraph.

16. Defendants admit that the investigator found that the complaint against Levien was brought in good faith, but deny the remaining allegations in the paragraph.

17. Defendants admit that OPHD initiated an investigation with Plaintiff as a Respondent, but deny all other allegations in this paragraph.

18. Defendants admit that Defendant Victoria Plaut is the current Vice Provost for the Faculty, and that Defendant Plaut issued a Notice of Decision regarding OPHD Case No. 2021-UCB-00381, dated March 30, 2023. Defendants deny the remainder of the allegations in this paragraph as phrased.

19. Defendants deny the allegations in this paragraph.

**CONSPIRACY AND CONTINUED HARASSMENT**

20. This paragraph contains a legal conclusion and therefore no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

20.1. Defendants deny the allegation against Canny as phrased, and Defendants have insufficient information to admit or deny the remaining allegations in this paragraph as phrased and therefore deny them.

20.2. Defendants admit that the Title IX investigation addressed a student complaint. Defendants deny that the investigation was retaliatory. Defendants have insufficient information to admit or deny the remaining allegations in this paragraph and therefore deny them.

20.3. Defendants admit that the departmental recommendation in the merit review process was forwarded as provided for in the University's policies. Defendants deny the remaining allegations in the paragraph.

20.4. Defendants admit that UC Berkeley maintains a grade appeal process as outlined in its Catalog and UC Berkeley complied with the law with regard to Rao's personnel file. Defendants deny the remainder of the paragraph as phrased.

20.5. Defendants deny the allegations in this paragraph as phrased.

20.6. Defendants deny the allegations in this paragraph as phrased.

20.7. This paragraph contains argument and legal conclusions and thus no response is required. To the extent a response is required, Defendants admit there was a meeting on October 11, 2024, and Dean Chayes acknowledged that Plaintiff could exercise his legal rights. Defendants also admit that the "Guidelines for Preventing and Responding to Faculty Bullying and Other Demeaning & Disruptive Behavior" were issued on August 1, 2019, when Benjamin Hermalin was Vice Provost for Faculty. Defendants deny the remainder of the allegations as phrased.

**JURISDICTION AND VENUE**

21. Defendants assert that this paragraph states a legal conclusion and does not require a response.

22. Defendants assert that this paragraph states a legal conclusion and does not require a response.

23. Defendants assert that this paragraph states a legal conclusion and does not require a response.

## PARTIES

24. Defendants admit the allegations in this paragraph.

25. Defendants admit the allegations in this paragraph.

26. Defendants admit that Dean Liu was the Dean of the College of Engineering during her relevant involvement and that she recommended against a full step for Plaintiff in the merit review process. Defendants deny the remaining allegations in this paragraph.

27. Defendants admit Dean Chayes recommended a half-step increase in the initial evaluation and did not change that decision after the request for reconsideration. Defendants deny the remaining allegations as phrased.

28. Defendants admit that Broughton was Interim Vice Provost when Broughton issued the decision letter of July 28, 2022, and In Lieu Vice Provost when Broughton issued the decision letter of August 12, 2024. Defendants admit Broughton approved a half-step increase in the merit review process. Defendants deny the remainder of the allegations as phrased.

29. Defendants deny the compound allegations as phrased.

30. Defendants admit that Inkelas currently serves in several capacities at UC Berkeley, including as the Deputy Ethics, Risk & Compliance Officer. Defendants deny the remaining allegations in this paragraph as phrased.

31. Defendants admit that The Regents is a constitutional corporation that operates the University of California campuses, including UC Berkeley.

## STATEMENT OF FACTS

32. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

33. This paragraph is argumentative and states a legal conclusion and therefore a response is not required. To the extent a response is required, Defendants deny the allegations in this paragraph as phrased.

34. Defendants admit that Rao complained to Dean Tsu-Jae Liu. Defendants admit that Demmel and Bokor, in conjunction with the Ombudsperson, looked into the concerns. Defendants deny the remainder of the allegations as phrased.

35. Defendants admit that Rao provided a list of questions as set forth in Exhibit 7. Defendants have insufficient knowledge as to the remainder of the allegations and thus deny them.

36. Defendants admit that a meeting occurred on May 24, 2019, and that Rao would not be receiving a written response. Defendants deny the remaining allegations as phrased.

37. Defendants admit that Rao sent the complaint as detailed, but Defendants do not make an admission as to the merits of that complaint. OPHD issued an investigation report finding that the complaint was brought in good faith. Defendants deny the remaining allegations in the paragraph.

38. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants admit that on January 27, 2020, Dean Liu sent a letter closing out the inquiry and concluded the letter with the following quote: "I conclude that Jim and Jeff took appropriate action during the Spring 2019 semester in response to your complaint, and do not see cause for serious concern that anyone is spreading rumors that you are a racist. Going forward, we hope that you will view the staff as co-workers who play important roles to help ensure the success of the department." Defendants deny the remaining allegations in the paragraph.

39. Defendants admit that Plaintiff was not reappointed to the Undergraduate Study Committee. Defendants admit that the OPHD report reflects that this decision was made, in part, based on complaints against Plaintiff. Defendants admit that Canny recommended a half-step increase on July 13, 2021. Defendants deny the remainder of the allegations as phrased.

40. Defendants admit that Canny highlighted emails, but deny the remaining allegations as phrased.

41. Defendants admit that Rao asked to serve on the ARC and that Canny and Rao had an email exchange regarding Rao's interest. The email chain from September 11-12, 2020, is the best evidence of the written interaction between Canny and Rao. To the extent that the allegations are inconsistent with that email chain, Defendants deny the allegations and any other remaining allegations in the paragraph.

42. This paragraph contains argument and legal conclusions and thus no response is required. To the extent a response is required, Defendants lack sufficient knowledge to opine as to the race or national origin of all ARC committee members, and therefore deny those allegations. Defendants further deny the remainder of the allegations.

43. Defendants admit the merit review process has a multi-level review process, consistent with University policy. Defendants contend that the remaining allegations as to the application of this process to every individual subject to an academic review are overbroad and therefore cannot admit or deny them as general statements.

44. Defendants admit that Rao submitted some materials on October 26, 2020.

45. Defendants admit that Chair Canny submitted a departmental letter on July 13, 2021, and that the quoted language is contained in the letter. Defendants deny the remaining allegations in the paragraph and state that the July 13, 2021 memo speaks for itself.

46. Defendants admit that Plaintiff sent a Google Form with questions to Canny. Defendants lack sufficient knowledge as to the remainder of the allegations and therefore deny them.

47. This paragraph contains argument and legal conclusions and thus no response is required. To the extent a response is required, Defendants admit that the quoted language appears in Canny's response. Defendants deny the remainder of the allegations.

48. Defendants admit that the quoted language appears in Canny's response. Defendants deny the remainder of the allegations.

49. Defendants admit that Rao submitted a statement, but deny the remainder of the allegations as phrased.

50. Defendants admit that the January 30, 2022 letter contains the quoted language, but Defendants deny the remaining allegations in the paragraph.

51. Defendants admit the allegations in this paragraph.

52. Defendants admit the June 23, 2022 memo has the quoted language, but Defendants deny the remainder of the paragraph.

53. Defendants admit the memo has the quoted language, but Defendants deny the allegations in the remainder of the paragraph.

54. Defendants admit that the August 5, 2022 memo restates the concerns regarding Rao's interpersonal interactions, but deny the remainder of the paragraph as phrased.

55. Defendants deny the allegations as phrased.

56. This paragraph states a legal conclusion and is overbroad. To the extent a response is required, Defendants admit the Privilege and Tenure Committee has been considered quasi-judicial and a Plaintiff is required to exhaust administrative remedies. Defendants deny the remaining allegations as phrased.

57. Defendants admit that the exhibit discusses the Canny Investigation.

57.1. Defendants deny the allegations of this paragraph as phrased.

57.2. Defendants admit that OPHD found that Canny did not violate University policy. Defendants deny the remainder of the allegations as phrased.

57.3. Defendants admit that the OPHD report says that Canny indicated he removed Rao from a committee, but deny the remaining allegations as phrased.

57.4. Defendants admit that OPHD referenced two incidents and admit that Rao has taught dozens of courses attended by hundreds of students, but Defendants deny the remainder of the allegations as phrased.

57.5. Defendants admit that faculty members were interviewed as part of the OPHD investigation. Defendants have insufficient information to admit or deny what Rao believes and thus deny allegations regarding Rao's perspective. Defendants deny the remaining allegations as phrased.

57.6. Defendants deny the allegations in this paragraph.

57.7. Defendants deny the allegations in this paragraph as phrased.

58. No response is required to this heading.

58.1. Defendants admit that the OPHD report reflects these contentions from Levien. Defendants deny the remaining allegations as phrased.

58.2. Defendants admit that the OPHD report reflects this contention from Levien. Defendants deny the remaining allegations as phrased.

58.3. Defendants deny the allegations in this paragraph.

58.4. Defendants deny the allegations in this paragraph.

58.5. Defendants admit that Liu's January 27, 2020 email to Plaintiff contains the quoted correspondence. Defendants deny the remaining allegations in this paragraph.

59. Defendants admit the allegations in this paragraph.

60. Defendants admit that the OPHD referenced the incomplete grade to a male student, but deny the remaining allegations as phrased.

61. Defendants have insufficient information to admit or deny the allegations in this paragraph and therefore deny them.

62. Defendants admit there is a form for student complaints. Defendants have insufficient information to admit or deny the remaining allegations in this paragraph and therefore deny them.

**NEW FACTUAL ALLEGATIONS — THE APRIL 24, 2026 DISCIPLINARY REFERRAL**

63. Defendants admit that on April 24, 2026, UC Berkeley's Deputy Chief Ethics, Risk, and Compliance Officer Sharon Inkelas issued a Notice of Allegations and Referral to Committee on Charges concerning Plaintiff, and that the quoted portions appear in this Notice. Defendant Inkelas' Notice is the best evidence and speaks for itself as to its contents. Defendants deny any allegations in this paragraph inconsistent with the Notice, and any other allegations except as expressly admitted herein.

64. This paragraph contains a legal conclusion and therefore a response is not required. To the extent a response is required, Defendants admit that Defendant Inkelas's April 24, 2026

Notice summarizes three allegations against Plaintiff, but deny the remainder of the allegations in this paragraph.

65. This paragraph contains a legal conclusion and therefore a response is not required. To the extent a response is required, Defendants admit that several UC Berkeley campus offices were aware of the three allegations described in Defendant Inkelas' Notice since 2024, and that Inkelas' Notice was issued while this litigation was actively proceeding. Defendants deny the remainder of the allegations in this paragraph as phrased.

66. This paragraph contains a legal conclusion and therefore a response is not required. To the extent a response is required, Defendants admit that grading determinations at the University are made by the faculty or instructor of record, not by the Center for Student Conduct, and that the Center for Student Conduct communicated to Plaintiff that "[a]ll grading determinations are made by the faculty or instructor of record for the specific course." Defendants further admit that Defendant Inkelas' April 24, 2026 Notice does not make reference to the Committee on Courses of Instruction or any decisions made by that committee. Defendants deny all other allegations in this paragraph as phrased.

67. This paragraph contains a legal conclusion and therefore a response is not required. To the extent a response is required, Defendants admit that Defendant Inkelas' April 24, 2026 Notice does not make reference to an Academic Senate grade appeal process, the Committee on Courses of Instruction or any determinations made by that committee, or any specific Center for Student Conduct "file" or "grievance-committee record". Defendants deny all other allegations in this paragraph as phrased.

68. This paragraph contains a legal conclusion and therefore a response is not required. To the extent a response is required, Defendants admit that the Vice Provost for the Faculty is involved in academic personnel disciplinary matters, and that Defendant Victoria Plaut is the current Vice Provost for the Faculty. Defendants further admit that Defendant Inkelas' April 24, 2026 Notice states that the Vice Provost for the Faculty "is recused from the case," and this was stated in reference to Defendant Plaut. Defendants further admit that Plaut is a defendant in this

action, and that Inkelas was selected to serve as Chancellor's Designee following Plaut's recusal. Defendants deny the remainder of the allegations in this paragraph.

69. This paragraph contains a legal conclusion and therefore a response is not required. To the extent a response is required, Defendants admit that Defendant Inkelas' April 24, 2026 Notice states that the allegations were "reported to several campus offices in 2024 and subsequently forwarded to the Vice Provost for the Faculty for assessment." Defendants further admit that Defendant Victoria Plaut is the current Vice Provost for the Faculty, and that Plaintiff filed this action on March 7, 2025. Defendants deny the remainder of the allegations in this paragraph as phrased.

70. Defendants admit that Exhibit 24 is a letter from Plaintiff to Defendant Inkelas dated April 29, 2026 with the subject line "Re: Request for Recusal as Chancellor's Designee — Notice of Allegations dated April 24 2026" and it is the best evidence of what is contained therein. Defendants further admit that Inkelas responded in May 2026, stating: "I considered your request, but determined that recusal is not necessary. In my judgment, having, in the past, provided information about the merit and promotion process does not create a conflict of interest in the present unrelated matter." Defendants deny the remainder of the allegations in this paragraph.

71. Defendants admit that the Committee on Charges is a special committee of the Divisional Council originally established in October 2020 for a two-year authorization period ending Spring 2022, and that on April 7, 2026, the Divisional Council approved the request to re-authorize the Committee on Charges through Spring 2027. Defendants deny the remainder of the paragraph as phrased.

72. Defendants admit that there is a document entitled "Special Committee Brief for Committee on Charges" posted on the UC Berkeley Academic Senate website, and that this document is noted as being "APPROVED 10/19/20." Defendants deny the remainder of the allegations in this paragraph as phrased.

73. Defendants admit that the "Charges" webpage on the UC Berkeley Academic Senate Website lists only a contact for Senate Analyst Patrick Allen under the "Committee Roster 2026-27" header. Defendants deny the remainder of the allegations in this paragraph as phrased.

74. Defendants have insufficient information at this time to admit or deny the allegations in this paragraph and therefore deny them.

75. Defendants have insufficient information at this time to admit or deny the allegations in this paragraph and therefore deny them.

76. This paragraph contains argument and legal conclusions and therefore a response is not required. To the extent a response is required, Defendants admit that Defendant Inkelas' April 24, 2026 Notice cites the Faculty Code of Conduct Sections referenced. Defendants deny the remainder of the allegations in this paragraph.

77. This paragraph contains argument and legal conclusions and therefore a response is not required. To the extent a response is required, Defendants admit that Section V.A of the UC Berkeley Procedure for the Resolution of Senate Faculty Misconduct Complaints states: "On receipt of a complaint of a possible Faculty Code of Conduct violation, the Vice Provost may contact the Reporter, the Respondent, and the Complainant(s) (if any). The purpose of contacting these individuals is to develop sufficient information about the allegation(s) to enable the Vice Provost to determine whether the allegation(s) would, if true, violate the Faculty Code of Conduct and if there is enough information to provide a basis for proceeding (prima facie standard)." Defendants further admit that Section V.C.1 of the same Procedures authorize Administrative Closure with possible "preventive education" as a resolution, and that Section V.C.2 authorizes a formal investigation. Defendants also admit that Defendant Inkelas' May 2026 response to Plaintiff's recusal request contains the language quoted in this paragraph. Defendants deny all other allegations in this paragraph.

78. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants admit that Plaintiff filed this action on March 7, 2025, he has litigated this action, he opposed Defendants' motion to dismiss, participated in the Court's Rule 26(f) process, communicated with Defendants regarding resolution, and served Initial Disclosures. Defendants deny the remaining allegations as phrased.

79. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants deny the allegations as phrased.

**ALLEGATIONS OF ACTUAL MALICE (CAL. GOV. CODE § 825(b))**

80. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants deny the allegations.

80.a. Defendants admit that Defendant Canny provided testimony to OPHD in Case No. 2021-UCB-00381 consistent with the quoted statements. Defendants deny the remainder of the allegations in this paragraph.

80.b. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants admit that the quoted language regarding Canny's statements to OPHD investigators appears in the November 3, 2022 Investigation Report issued in OPHD Case No. 2021-UCB-00381. Defendants deny the remainder of the allegations in this paragraph.

80.b.i. Defendants have insufficient information to admit or deny the allegations in this paragraph and therefore deny them.

80.b.ii. Defendants have insufficient information to admit or deny the allegations in this paragraph and therefore deny them.

80.b.iii. Defendants have insufficient information to admit or deny the allegations in this paragraph and therefore deny them.

80.b.iv. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants admit that Defendant Canny provided testimony to OPHD in Case No. 2021-UCB-00381 that Plaintiff had "assigned a project" called "Pac Lives Matter." Defendants further admit that Canny was the Computer Science Department Chair from approximately 2019 to 2021. Defendants deny the remainder of the allegations in this paragraph.

80.b.v. Defendants have insufficient information to admit or deny the allegations in this paragraph and therefore deny them.80.b.vi. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants admit that Plaintiff forwarded Defendant Canny an apology email that he sent to a student to pass along to the original poster of a complaint about Plaintiff on an online forum/social media network. Defendants deny the remainder of the allegations in this paragraph as phrased.

80.b.vii. Defendants admit that Plaintiff's apology letter was reviewed by a communications employee, and that Canny was aware of such. Defendants deny the remainder of the allegations in this paragraph as phrased.

80.b.viii. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants admit that in Plaintiff's apology letters, he took responsibility for the problematic slide's appearance in course materials. Defendants deny the remainder of the allegations in this paragraph, in part because Defendants have insufficient information to admit or deny what Rao believes and thus deny allegations regarding Rao's perspective.

80.b.ix. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants deny the allegations in this paragraph because Defendants have insufficient information to admit or deny what Rao believes and thus deny allegations regarding Rao's perspective. Defendants deny the remainder of the allegations in this paragraph as phrased.

80.c. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants admit that the quoted language regarding Canny's statements to OPHD investigators appears in the November 3, 2022 Investigation Report issued in OPHD Case No. 2021-UCB-00381. Defendants deny the remainder of the allegations in this paragraph.

80.d. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants admit that Defendant Canny made the quoted statements in an email to Plaintiff dated on or around September 14, 2020. Defendants further admit that Canny provided the quoted testimony to OPHD. Defendants deny the remainder of the allegations in this paragraph.

80.e. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants admit that Defendant Canny provided testimony to OPHD consistent with the quoted statements. Defendants deny the remainder of the allegations in this paragraph.

80.f. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, the reference to Canny's admissions are vague as to time and context and therefore those allegations are denied as phrased. Defendants deny the remaining allegations in this paragraph.

80.g. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants deny the allegations in this paragraph as phrased.

80.h. This paragraph contains argument and legal conclusions and thus no response is required. To the extent a response is required, Defendants admit that Defendant Canny provided testimony to OPHD that Plaintiff refused to "be humble when you don't understand something" within the context of the apology letter. Defendants deny the remainder of the allegations in this paragraph.

81. This paragraph contains argument and legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

81.a. Defendants admit that Defendant Plaut is the Vice Provost for the Faculty. However, this paragraph contains argument and legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the remainder of the allegations in this paragraph.

81.b. Defendants admit that Defendant Plaut is the Vice Provost for the Faculty and that she participated in Plaintiff's merit review case in her capacity as a member of the Budget Committee. However, the remainder of this paragraph contains argument and legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the remainder of the allegations in this paragraph.

81.c. Defendants admit that Plaintiff sent Defendant Plaut a letter dated December 7, 2022, concerning OPHD investigation reports, and that Exhibit 22 is a copy of this letter. This letter is the best evidence of what is contained therein. Defendants deny the remainder of the paragraph as phrased.

81.d. Defendants admit that Plaintiff sent Defendant Plaut a letter dated December 7, 2022, concerning OPHD investigation reports, and that Exhibit 22 is a copy of this letter. This

letter is the best evidence of what is contained therein. Defendants deny the remainder of the paragraph as phrased.

81.e. Defendants admit that on March 30, 2023, Defendant Plaut issued a Notice of Decision in OPHD Case No. 2021-UCB-00381, and that Exhibit 23 is a copy of this letter. This letter is the best evidence of what is contained therein. Defendants deny the remainder of the paragraph as phrased.

81.f. Defendants admit that on March 30, 2023, Defendant Plaut issued a Notice of Decision in OPHD Case No. 2021-UCB-00381, and that Exhibit 23 is a copy of this letter. This letter is the best evidence of what is contained therein. Defendants deny the remainder of the paragraph as phrased.

81.g. This paragraph contains argument and legal conclusions and thus no response is required. Defendant Plaut issued a Notice of Decision in OPHD Case No. 2021-UCB-00381 (Exhibit 23). This letter is the best evidence of what is contained therein. To the extent a response is required, Defendants deny the allegations in this paragraph.

81.h. This paragraph contains argument and legal conclusions and thus no response is required. Defendant Plaut issued a Notice of Decision in OPHD Case No. 2021-UCB-00381 (Exhibit 23). This letter is the best evidence of what is contained therein. To the extent a response is required, Defendants deny the remainder of the allegations in this paragraph.

81.i. This paragraph contains argument and legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

81.j. This paragraph contains argument and legal conclusions and thus no response is required. Defendant Plaut issued a Notice of Decision in OPHD Case No. 2021-UCB-00381 (Exhibit 23). This letter is the best evidence of what is contained therein. To the extent a response is required, Defendants deny the remainder of the allegations in this paragraph.

81.k. Defendants admit that Plaintiff sent Defendant Plaut a letter dated December 7, 2022, concerning OPHD investigation reports, and that Exhibit 22 is a copy of this letter. Defendants also admit that on March 30, 2023, Defendant Plaut issued a Notice of Decision in OPHD Case No. 2021-UCB-00381, and that Exhibit 23 is a copy of this letter. These letters are

the best evidence of what is contained therein. Defendants deny the remainder of the paragraph as phrased.

82. This paragraph contains argument and legal conclusions and thus no response is required. To the extent a response is required, Defendants admit that in an October 11, 2024 meeting that included Defendant Liu and Plaintiff, Liu stated in response to Plaintiff's own remarks that "nobody has accused you of being racist," "you're accusing them of accusing you of being racist," and "because you gave them some questions that were quite accusatory and asked for an affidavit." Defendants deny the remaining allegations in this paragraph.

**FURTHER FACTUAL ALLEGATIONS**

83. This paragraph contains argument and legal conclusions and thus no response is required. To the extent a response is required, Defendants admit that Plaintiff sent Defendant Plaut a written response on or around April 8, 2023, responding to Defendant Plaut's Notice of Decision appearing as Exhibit 23 to the TAC. This email is the best evidence and speaks for itself as to its contents. Defendants deny the remainder of the allegations in this paragraph as phrased.

84. This paragraph contains argument and legal conclusions and thus no response is required. To the extent a response is required, Defendants admit (1) that in or around 2023, the UC Berkeley EECS department distributed faculty teaching evaluations through coordination with a student organization; (2) that faculty teaching evaluations are collected, in part, for the purpose of evaluation in academic personnel decisions, including merit, promotion, and continued appointment; (3) that UC policy and California law recognize protections for the confidentiality of certain employee personnel records; (4) that Plaintiff raised his concerns to Defendant Canny and David Wagner, where Wagner responded that he would like to see faculty consensus on the matter; and (5) that approximately 67% of voting faculty (34 total responses) responded "Yes" to the question "[s]hould the department allow faculty to opt-out of having their student evaluations be released to HKN for publication on the internet?" Defendants deny the remainder of the allegations in this paragraph.

85. This paragraph contains argument and legal conclusions and thus no response is required. To the extent a response is required, Defendants admit that Plaintiff and Defendant

Canny had previously engaged in written email debate regarding the EECS department's practice of releasing faculty teaching evaluations to a student organization, and that Plaintiff opposed the practice and Canny largely defended it. Defendants further admit that, in response to Plaintiff's polling of EECS faculty regarding the evaluations posting issue, approximately 67% of voting faculty (34 total responses) responded "Yes" to the question "[s]hould the department allow faculty to opt-out of having their student evaluations be released to HKN for publication on the internet?" Defendants deny the remainder of the allegations in this paragraph.

86. This paragraph contains argument and legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

87. This paragraph contains argument and legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## CLAIMS FOR RELIEF

88. No response is required to this prefatory paragraph.

### Count 1 – First Amendment Retaliation (42 U.S.C. §1983)

89. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants deny the allegations.

90. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants deny the allegations.

91. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants deny the allegations.

92. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants deny the allegations.

93. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants deny the allegations.

94. No response to this header is required.

94.1. Defendants admit that Canny recommended a half-step increase on July 13, 2021 as part of the merit review process and that Canny sent emails to Rao on a variety of topics. Defendants deny the remaining allegations as phrased.

94.2. Defendants admit that Dean Liu supported the recommendation for a half-step increase in the merit review process. Defendants deny the remaining allegations as phrased.

94.3. Defendants admit that Dean Chayes supported the recommendation for a half-step increase in the merit review process. Defendants deny the remaining allegations as phrased.

94.4. Defendants admit that Plaut issued the final decision on the investigation findings, but deny the remainder of the allegations as phrased. Plaut's letter is the best evidence and speaks for itself as to its contents. Defendants deny any allegations inconsistent with that letter.

94.5. Defendants deny the allegations as phrased.

94.6. Defendants deny the allegations as phrased.

95. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants deny the allegations.

96. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants deny the allegations.

97. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants deny the allegations.

**Count 2 – Procedural Due Process (42 U.S.C. §1983)**

98. No response to this paragraph is required as it states a legal conclusion. Defendants incorporate their responses to the preceding paragraphs.

99. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants deny the allegations.

100. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants deny the allegations.

101. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants deny the allegations.

102. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants deny the allegations.

103. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants deny the allegations.

104. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants deny the allegations.

**Count 3 – Equal Protection (42 U.S.C. §1983)**

105. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants admit that Plaintiff is a member of protected classes, but deny the remaining allegations in this paragraph.

106. No response is required to this heading.

107. No response to this paragraph is required as it states a legal conclusion. To the extent a response is required, Defendants deny the allegations.

108. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

109. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

110. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

111. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

**Count 4 – Conspiracy to Deprive Civil Rights (42 U.S.C. §1983)**

112. No response is required to this prefatory paragraph.

113. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

114. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

115. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

116. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

117. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

118. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

119. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

**Count 5 – Title VII: Discrimination and Retaliation — Against The Regents**

120. No response to this paragraph is required as it states a legal conclusion. Defendants incorporate their responses to the preceding paragraphs.

121. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

122. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

123. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

**Count 6 – FEHA Retaliation (Cal. Gov't Code §12940(h)) — Against The Regents**

124. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased and incorporate their responses to the preceding paragraphs.

125. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

126. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

127. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

128. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

129. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

**Count 7 – FEHA Harassment (Cal. Gov't Code §12940(j))**

130. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

131. No response to this paragraph is required as it states a legal conclusion. Defendants incorporate their responses to the preceding paragraphs.

132. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

133. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

**Count 8 – FEHA Aiding and Abetting (Cal. Gov't Code §12940(i))**

134. No response is required to this heading.

135. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased and incorporate their responses to the preceding paragraphs.

136. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

**Count 9 – FEHA Failure to Prevent Discrimination/Harassment/Retaliation (Cal. Gov't Code §12940(k))**

137. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased and incorporate their responses to the preceding paragraphs.

138. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

**Count 10 – FEHA Discrimination (Cal. Gov't Code §12940(a))**

139. Defendants admit Plaintiff is a member of protected classes, but deny the remaining allegations and incorporate their responses to the preceding paragraphs.

140. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

141. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

142. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

**Count 11 – First Amendment Retaliation (42 U.S.C. §1983) — April 24, 2026 Referral**

143. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

144. No response to this paragraph is required as it states a legal conclusion. Defendants incorporate their responses to the preceding paragraphs.

145. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

146. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

147. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

148. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

149. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

150. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

151. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

**Reservation of Statutory Retaliation Claims Arising from the April 24, 2026 Referral**

152. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

153. This paragraph contains legal conclusions and thus no response is required. To the extent a response is required, Defendants deny the allegations as phrased.

**EXHIBITS**

154. This paragraph contains legal conclusions and thus no response is required.

**AFFIRMATIVE DEFENSES**

As a separate and affirmative defense to each and every cause of action against Defendants set forth in the TAC, Defendants allege as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's TAC and each cause of action therein fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation, including but not limited to, 42 U.S.C.A. § 2000e-5, California Government Code section 12960, and California Code of Civil Procedure sections 340, 338, 335.1, and 343.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff failed to timely exhaust his administrative remedies with the California Civil Rights Division and/or the Equal Employment Opportunity Commission.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's TAC and each cause of action therein fails to allege facts sufficient to establish a legal duty on the part of Defendants.

**FIFTH AFFIRMATIVE DEFENSE**

Each of Plaintiff's purported claims set forth in the TAC are barred, in whole or in part, by the equitable doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

Each of Plaintiff's purported claims set forth in the TAC are barred by the doctrines of consent, waiver, and estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the equitable doctrines of unclean hands and In Pari Delicto.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's recovery in this action is barred by his failure to exercise reasonable care and diligence to mitigate his alleged damages. Alternatively, Defendants allege that any recovery by Plaintiff should be reduced by those damages Plaintiff failed to mitigate.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's TAC and each cause of action therein are barred in whole or in part because any and all actions taken with respect to Plaintiff were job-related for the position in question and consistent with a legitimate business necessity.

**TENTH AFFIRMATIVE DEFENSE**

Defendants were justified and exercised reasonable care, prudence, skill and business judgment in the management of Plaintiff. Any decisions with respect to Plaintiff were made without consideration of improper or illegal matters. Defendants acted in good faith, consistent with the law and within their established policies and practices. Defendants' actions were proper and privileged.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any relief to which Plaintiff may be entitled under his TAC and each cause of action therein should be barred and/or limited by after-acquired evidence of Plaintiff's misconduct.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff's claims are based in whole or in part upon alleged misconduct by Defendants' agents or employees, Plaintiff's claims are barred because such conduct was beyond the course and scope of those agents' or employees' respective agency or employment with Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants allege they appropriately, completely, and fully performed and discharged all obligations and legal duties, if any, arising out of the matters alleged in Plaintiff's TAC.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent he failed to comply with all conditions precedent prior to filing suit including, but not limited to, exhaustion of administrative and/or judicial remedies.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The allegations in Plaintiff's TAC may not exceed the scope and content of Plaintiff's underlying administrative charges. Accordingly, to the extent Plaintiff's TAC encompasses any such claims, and/or events, those claims and/or events are not properly before this Court, jurisdictionally or otherwise. *Okoli v. Lockheed Technical Operations Co.* (1995) 36 Cal.App.4th 1607, 1617.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The claims advanced in the TAC and the relief sought by Plaintiff are barred, in whole or in part, because Defendants have never taken unlawful action against Plaintiff in any respect, whatsoever, and all actions, if any, taken by Defendants were at all times in compliance with federal and California law, and were taken in good faith and for lawful and legitimate nonretaliatory reasons.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant The Regents maintains lawful, reasonable policies prohibiting the conduct about which Plaintiff complains and also maintains reasonable, lawful procedures for resolving any such complaints. To the extent Plaintiff may have reported any of these allegations, Defendant The Regents promptly investigated and took reasonable, lawful corrective action. To the extent Plaintiff failed to report any of these alleged violations and to invoke or exhaust The Regents' procedures, his actions were unreasonable in view of his knowledge of the policies and the availability of a means to complain. As a result, Plaintiff's damages are barred and/or limited under the avoidable consequences doctrine.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claimed damages are too speculative to form a basis for recovery.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendants are entitled to a credit or offset for all damages claimed by Plaintiff that have

been or will be replaced or indemnified, in whole or in part, from a collateral source.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's TAC and each cause of action therein fails to state a cause or causes of action for punitive damages against Defendants.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Damages, if any, sustained by Plaintiff as a result of the events alleged in the TAC are the legal responsibility of persons and entities, including Plaintiff, other than Defendants.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendants would have made the same decision with respect to Plaintiff even in the absence of Plaintiff's alleged protected activity, and any alleged action would have occurred for legitimate, independent reasons even if Plaintiff had not engaged in protected activity.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendants believed that they were in compliance with all applicable laws. If Defendants are found to be non-compliant, the non-compliance is not substantial and was not intentional.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's TAC, and each cause of action contained therein, is preempted by the Higher Education Employer-Employee Relations Act.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff seeks damages for emotional injuries, Plaintiff's claims are barred by the exclusive remedy provisions of the Workers' Compensation Act, including but not limited to Labor Code §§ 132a and/or 3600 *et seq*. Alternatively, Defendants allege that they may be entitled to a set-off for any amounts paid to Plaintiff pursuant to the Workers' Compensation Act.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

The individual Defendants are entitled to qualified immunity for Plaintiff's claims brought pursuant to 42 U.S.C. § 1983.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendants are informed and believe, and thereon allege, that each of Plaintiff's claims is

barred by governmental immunities provided to public entities and employees, including, but not limited to, the immunities provided in California Government Code sections 815, 815.2, 818, 818.2, 818.8, 820.2, 821, 821.6 and 822.2.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Because Plaintiff's TAC and each cause of action therein are couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, Defendants specifically reserve the right to assert additional affirmative defenses as other facts and evidence become known to Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1. Plaintiff takes nothing by way of this action;
2. Plaintiff's TAC be dismissed in its entirety with prejudice;
3. Defendants have judgment against Plaintiff;
4. For an award of attorneys' fees and costs; and
5. For such other and further relief as the Court may deem just and proper.

Dated: September 21, 2026

QUARLES & BRADY LLP

By: */s/ Sandra L. McDonough*

SANDRA L. McDONOUGH
Attorneys for THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; PROFESSOR JOHN CANNY; DEAN TSU-JAE KING LIU; DEAN JENNIFER CHAYES; VICE PROVOST VICTORIA PLAUT; VICE PROVOST JANET BROUGHTON