Satish Rao
2421 Oregon St.
Berkeley, California 94705
Telephone: 510-882-5324
satish0rao@gmail.com
Plaintiff, Pro Se

SANDRA L. McDONOUGH (SBN 193308)
Sandy.McDonough@quarles.com
JACK T. EDMOND (SBN 363497)
jack.edmond@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; PROFESSOR JOHN CANNY; DEAN TSU-JAE KING LIU; DEAN JENNIFER CHAYES; VICE PROVOST VICTORIA PLAUT; VICE PROVOST JANET BROUGHTON

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

SATISH RAO,

Plaintiff,

v.

PROFESSOR JOHN CANNY; DEAN TSU-JAE KING LIU; DEAN JENNIFER CHAYES; VICE PROVOST VICTORIA PLAUT; VICE PROVOST JANET BROUGHTON; in their individual and official capacities; REGENTS OF THE UNIVERSITY OF CALIFORNIA,

Defendants.

Case No. 3:25-cv-02385-LB

**STIPULATION REGARDING THE AUTHENTICITY AND GENUINENESS OF DOCUMENTS (PURSUANT TO ECF NO. 76)**

WHEREAS, on July 24, 2026, Plaintiff served his first set of Requests for Admission, together with a Source Index;

WHEREAS, on September 14, 2026, the Court ordered (ECF No. 76) that, within fourteen

days, "the parties must execute a stipulation to the authenticity and genuineness of the documents identified in the Source Index";

WHEREAS, the Parties entered into a joint stipulation to extend the deadline to execute the present stipulation until October 6, 2026;

NOW, THEREFORE, the parties, by and through their respective representatives, stipulate and agree as follows:

1. **Authenticity and genuineness.** The documents below, originally described in Plaintiff's Source Index, attached as Exhibit A, are stipulated to as being true and correct copies of the document they purport to be to the extent described in the "Stipulation" column. To the extent such documents are stipulated to as to authenticity, the Parties agree that these documents shall not require additional evidence of authenticity under Federal Rules of Evidence 901 and 902.

| NO. | DOCUMENT TITLE | STIPULATION |
|---|---|---|
| 1 | July 2021 Departmental Recommendation | Stipulated |
| 2 | January 30, 2022 Deans' Recommendation | Stipulated |
| 3 | June 23, 2022 Letter | Stipulated |
| 4 | July 28, 2022 Merit Decision | Stipulated as to the three-page decision, exclusive of attachments and appendix items |
| 5 | August 12, 2024 Reconsideration Decision | Stipulated |
| 6 | OPHD Report in Case No. 2021-UCB-00381 | Stipulated |
| 7 | Defendant Canny's written answers to the merit questionnaire | Stipulated, except for print date at bottom of pages |
| 8 | Defendant Canny's September 2020 emails to Plaintiff | Defendants cannot stipulate to authenticity of this document at this time because record collection is ongoing |
| 9 | Levien/Hunn/Kauer questionnaire (without responses) | Stipulated |
| 10 | August 1, 2019 Guidelines for Preventing and Responding to Faculty Bullying and Other Demeaning & Disruptive Behavior | Stipulated |
| 11 | Certified Transcript (Oct 11, 2024) | No stipulation. Deferred to certification of reporter; reserve the right to challenge transcription. |
| 12 | March 18, 2025 email re decision on merit review case | Stipulated |
| 13 | David Wagner's September 7, 2022 email to Plaintiff | Defendants cannot stipulate to authenticity of this document at this time because record collection is ongoing |

| | | |
|---|---|---|
| 14 | Affidavits | Defendants cannot stipulate to authenticity of this document at this time because record collection is ongoing |
| 15 | August 5, 2022 Decision Letter | Stipulated |
| 16 | Plaintiff's written Response to the Departmental Recommendation | Stipulated |
| 17 | 2021 TOP Program | Stipulated |
| 18 | 2022 Salary Program | Stipulated |
| 19 | BIR Reconsideration Letter | Stipulated |
| 20 | "Request for information" email thread including former Chair Bokor's response (subject "Request for information."; to James Demmel and Jeff Bokor; cc David Wagner, Christine Parlour; 4 messages, Sept 2021) | Stipulated |
| 21 | Plaintiff's April 8, 2023 reply to the Notice of Decision | Stipulated |
| 22 | July 6, 2022 email Rome to Plaintiff | Stipulated |
| 23 | June 29, 2020 email thread on the CS188 'BLM-takeoff' slide | Defendants cannot stipulate to authenticity of this document at this time because record collection is ongoing |
| 24 | APM-010 (Academic Freedom) | Stipulated |
| 25 | APM-015 (Faculty Code of Conduct) | Stipulated |
| 26 | APM-035 (Nondiscrimination/Anti-Retaliation) | Stipulated |
| 27 | Language from bMAP regarding reconsideration, rights and options | Defendants cannot stipulate to authenticity of this document at this time because record collection is ongoing |
| 28 | Deans Chayes & Liu's Oct 26, 2023 reconsideration recommendation | Stipulated |
| 29 | Dean Liu's January 27, 2020 letter to Plaintiff | Stipulated |
| 30 | Plaintiff's signed July 15, 2019 letter to Dean Liu | Stipulated |
| 31 | December 31, 2018 complaint thread | Stipulated |
| 32 | February 16, 2019 email thread (subject "your hostile workplace concern"; between Plaintiff and Dean Tsu-Jae King Liu; cc James Demmel, Jeff Bokor, Christine Parlour; 6 messages) | Stipulated |
| 33 | Dean Liu's August 10, 2019 written response closing Plaintiff's formal complaint | Stipulated |
| 34 | VPF Plaut's March 30, 2023 Notice of Decision in Case 2021-UCB-00381 | Stipulated |

| | | |
|---|---|---|
| 35 | Plaintiff's December 7, 2022 submission/response to VPF Plaut | Stipulated |
| 36 | Sept 2022 email thread with Sharon Inkelas re reconsideration routing | Stipulated |
| 37 | John Wawrzynek's email dated December 31, 2018 | Stipulated |
| 38 | OPHD Report (Case 2022-UCB-00486) | Stipulated |
| 39 | Eugene Whitlock (AVC-HR) email | Defendants cannot stipulate to authenticity of this document at this time because record collection is ongoing |
| 40 | June 11, 2026 P&T Prima Facie Findings letter | Defendants cannot stipulate to authenticity of this document at this time because record collection is ongoing |
| 41 | April 29, 2022 Notice of Allegations (Case 2021-UCB-00381) | Stipulated |
| 42 | UC Nondiscrimination Policy (UC-HR-18-0378) | Stipulated |
| 43 | June–July 2022 email thread between Plaintiff and OPHD Interim Associate Director Elizabeth Rome regarding Plaintiff's request to add a retaliation allegation to OPHD Case No. 2021-UCB-00381 | Defendants cannot stipulate to authenticity of this document at this time because record collection is ongoing |
| 44 | February 15, 2023 email from Rome | Defendants cannot stipulate to authenticity of this document at this time because record collection is ongoing |
| 45 | Plaintiff's Dec-27-2018 initial written complaint thread | Stipulated |
| 46 | OPHD Report of Investigation, Case 2021-UCB-00381, Canny as Respondent | Request for stipulation withdrawn due to duplication |
| 47 | Canny's 6/29/2020 7:43pm email forwarding Rao's 'Regarding incident' apology chain to Sarah Yang | Stipulated |
| 48 | Plaintiff's August 2023 reconsideration-request thread | Defendants cannot stipulate to authenticity of this document at this time because record collection is ongoing |
| 49 | Canny's written answers to Plaintiff's questionnaire | Request for stipulation withdrawn due to duplication |
| 50 | Deans' merit Recommendation | Request for stipulation withdrawn due to duplication |
| 51 | Broughton Merit Decision | Request for stipulation withdrawn due to duplication |
| 52 | UC Berkeley Faculty Salary Equity Study, 2023 Update | Stipulated |

| | | |
|---|---|---|
| 53 | certified transcript of the October 11, 2024 meeting | Request for stipulation withdrawn due to duplication |
| 54 | Hermalin (via Liu): reconsideration is the mechanism to challenge the dean’s letter / personnel action | Defendants cannot stipulate to authenticity of this document at this time because record collection is ongoing |
| 55 | Archer August 18, 2025 Email | Defendants cannot stipulate to authenticity of this document at this time because record collection is ongoing |
| 56 | Robinson March 7, 2025 Email | Defendants cannot stipulate to authenticity of this document at this time because record collection is ongoing |
| 57 | Defendant Broughton’s August 21, 2024 letter to Plaintiff transmitting a copy of Plaintiff’s 2021 reconsideration review file | Stipulated |
| 58 | January 2025 emails re Personnel File | Defendants cannot stipulate to authenticity of this document at this time because record collection is ongoing |
| 59 | Defendant Canny’s April 16, 2021 two reply messages to Plaintiff within a thread Plaintiff initiated (subject “Criminally stupid.”; from canny@berkeley.edu) | Stipulated |
| 60 | Defendant Canny’s June 26, 2020 email to Plaintiff (in the “Meet with Gerry Preciado” thread; from canny@berkeley.edu) | Stipulated |
| 61 | Chief Campus Counsel David M. Robinson’s February 11, 2025 email to Plaintiff (in the “PRA Request: Personnel file” thread), | Defendants cannot stipulate to authenticity of this document at this time because record collection is ongoing |
| 62 | Dean Tsu-Jae King Liu’s October 29, 2019 email to Plaintiff | Stipulated |
| 63 | Liu’s Oct 11, 2024 Zoom-recording transmittal email | Stipulated |
| 64 | Rao’s Feb 26, 2025 meeting-summary email to Liu & Chayes | Stipulated |
| 65 | COCI CS70 grade-grievance decisions (Nov 27, 2024 & Jan 31, 2025) | Defendants cannot stipulate to authenticity of this document at this time because record collection is ongoing |

2. **Limited scope.** This stipulation concerns authenticity and genuineness only as contemplated by ECF No. 76. It does not stipulate to the truth of any statement or matter asserted in any document, to the accuracy or completeness of any document, or to the meaning, weight, or interpretation of any document, and it waives no objection on any ground other than authenticity and foundation (including, without limitation, relevance and hearsay).

3. **Effect on the Requests for Admission.** Consistent with ECF No. 76, upon execution: (a) the eighty-three Requests listed in Exhibit A to ECF No. 73 are deemed withdrawn; (b) Plaintiff will withdraw any other Request, to any defendant, that asks only whether quoted language appears in a stipulated document; and (c) Plaintiff will consolidate the Requests that put the same proposition to more than one defendant, directing each to the defendant whose own act, knowledge, or reliance it concerns, and serve the conformed sets. On September 19, 2026, Plaintiff provided advance copies of the conformed First Sets, marking 395 of the 811 Requests for Admission for withdrawal (416 operative), in furtherance of ECF No. 76. On September 28, 2026, the Parties agreed to extend the deadline to enter into the present stipulation until October 6, 2026. The Parties further agreed that Defendants' 45-day period to respond to the Plaintiff's First Sets of Requests for Admission shall run from September 28, 2026. Per ECF No. 76, "[w]ithdrawal is without prejudice to re-serving a verification request for any document excluded from the stipulation or whose genuineness is later disputed."

4. **Disputed documents.** If a party contends in good faith that a specific document is not authentic or genuine, the parties will meet and confer as to that document; any such dispute does not affect this stipulation as to the remaining documents.

5. **No other effect.** Nothing in this stipulation limits any party's right to object to any Request for Admission on any ground, or to use or oppose the use of any document for any purpose, except as to authenticity and foundation.

6. **Documents in Defendants' possession.** Plaintiff contends that certain documents identified in the Source Index—including the January-March 2025 personnel file correspondence with the Academic Personnel Office and Chief Campus Counsel (Source-Index Nos. 56, 58, and 61)—are the University's own records, sent to or from University officials and already in Defendants' possession. Plaintiff has identified these rather than enclosing copies and has requested that Defendants confirm their authenticity and genuineness from their own files, on the same terms as the remaining documents, and the parties will meet and confer promptly on a schedule for doing so.

7. **Ongoing Authenticity Review.** For above-listed Source Index Items where Defendants decline a stipulation to authenticity at this time due to ongoing record collection, Defendants will continue their authenticity review of these items and supplement their authenticity positions as record collection proceeds. Nothing in this Stipulation precludes Defendants from later stipulating to the authenticity of any of the above-listed items—or declining to do so—upon completion of their review, and any such supplemental stipulation shall be filed with the Court.

IT IS SO STIPULATED.

Dated: October 6, 2026

By: *_/s/ Satish Rao_*
SATISH RAO
Plaintiff, Pro Se
satish0rao@gmail.com

Dated: October 6, 2026

QUARLES & BRADY LLP

By: *_/s/ Jack T. Edmond_*
SANDRA L. McDONOUGH
JACK T. EDMOND
Attorneys for THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; PROFESSOR JOHN CANNY; DEAN TSU-JAE KING LIU; DEAN JENNIFER CHAYES; VICE PROVOST VICTORIA PLAUT; VICE PROVOST JANET BROUGHTON

**LOCAL RULE 5-1(i)(3) ATTESTATION**

The foregoing stipulation requires the signature of both parties. Prior to filing, I obtained the concurrence of Defendants' counsel, Jack T. Edmond, in the filing of this stipulation, wherein he authorized me to apply his digital signature on his behalf. Thus, this concurrence serves in lieu of Mr. Edmond applying his own signature pursuant to Local Rule 5-1(i)(3). I will maintain records supporting Mr. Edmond's concurrence for subsequent production to the Court, if so ordered, or for inspection upon request by a party, until one year after the final resolution of this action, including any appeal.

Dated: October 6, 2026

/s/ Satish Rao
SATISH RAO