Satish Rao
2421 Oregon St.
Berkeley, CA 94705
Tel: 510-882-5324
Email: satish0rao@gmail.com
Plaintiff, Pro Se

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SATISH RAO,<br>Plaintiff,<br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, *et al.*,<br>Defendants. | Case No. 3:25-cv-02385-LB<br><br>PLAINTIFF'S ADMINISTRATIVE MOTION FOR ENTRY OF AGREED INTERIM DISCOVERY SCHEDULE<br>(Civil L.R. 7-11; Fed. R. Civ. P. 16)<br><br>Judge: Hon. Laurel Beeler |

## I. RELIEF REQUESTED

Plaintiff asks the Court to enter, as an order, the five discovery dates the parties agreed to in Section 7 of their Updated Joint Case Management Statement (ECF No. 86). Defendants agreed to the dates but stated that the Court need not enter the agreed schedule as an enforceable order. The Court then continued the October 22 case-management conference (ECF No. 87) and reset it to January 28, 2027, after all five dates. This motion does not ask the Court to resolve any discovery dispute or to change any case deadline in ECF No. 65. It asks only that dates both sides have accepted be entered, so that the pending disputes can be presented under Section 2.2 of the Court's Standing Order.

## II. REPEATED REQUESTS FOR A PRODUCTION DATE

Plaintiff served his first set of written discovery on July 24, 2026. Defendants responded on September 3, stating that they "will produce" documents in response to 64 of 95 requests for production, without stating when. As of October 15, 83 days after service, no documents had been produced, and none has been produced as of this filing. Rule 34(b)(2)(B) requires

a responding party to produce by the time requested or "another reasonable time specified in the response"; if production is in stages, "the response should specify the beginning and end dates of the production." Fed. R. Civ. P. 34(b)(2)(B) & advisory committee's note to 2015 amendment.

Between September 7 and October 8, 2026, Plaintiff raised the missing production timetable in seven written communications (September 7, 15, 16, 17, and 28, and October 4 and 8), repeatedly requesting a completion date and expressly invoking Rule 34(b)(2)(B) on September 15. Rao Decl. ¶¶ 3–6 & Ex. A. The first concrete production dates appeared in the agreed schedule of October 15. Because the Rule requires the production time to be stated in the response itself, stating one did not depend on first completing collection or resolving any objection.

## III. SECTION 3 POSITIONS AND THE RFP 96 CONFERENCE

After a lead-counsel videoconference on September 23, Plaintiff circulated a proposed Section 2.2 joint letter on September 28 and five more on October 1, asking for Defendants' Section 3 positions by October 5; corrected versions of four followed on October 5. Plaintiff renewed the request on October 4 and October 11. On October 9, defense counsel described "several discovery letters under review." As of October 15, no Section 3 position had been provided on any of the six letters; Defendants then agreed to provide them by October 27. Rao Decl. ¶¶ 7–9 & Ex. A. Because a Section 2.2 letter requires both parties' signatures, Defendants' positions are necessary to complete the letters through the Court's prescribed procedure; without them, that process has not advanced.

Defendants' October 7 written response to Plaintiff's second set of requests for production stated that they "will produce" material responsive to RFP 96, without a date, and that "Defendants are available to meet and confer" on the request. On October 8, Plaintiff asked to schedule that conference and to confirm a completion date. Plaintiff renewed the request on October 19. As of October 21, Defendants had not responded. Rao Decl. ¶ 10.

## IV. THE AGREED DATES ALREADY ACCOUNT FOR DEFENDANTS' WORKLOAD

Defendants told the Court that the volume of concurrent work had grown substantially, and that the parties had "reached agreement on a discovery schedule that accounts for these concurrent obligations." ECF No. 86 § 7. Plaintiff appreciates that agreement. Because the dates were set with that workload in view, entering them imposes nothing Defendants have not accepted, and a fixed order gives both sides a dependable point to plan around. Continued uncertainty about production and the presentation of disputes reduces the time available for follow-up discovery before the May 6, 2027 non-expert discovery cutoff. Plaintiff, appearing pro se, also bears the uncompensated burden of repeatedly seeking compliance with discovery procedures, without the potential recovery of attorney's fees available to represented litigants under the expense-shifting rules. Entry of the agreed dates would reduce that burden.

## V. THE CONTINUANCE

After the Third Amended Complaint added Defendant Sharon Inkelas (ECF No. 69), Plaintiff asked defense counsel on August 9 whether they would accept service for her. Counsel responded on August 10 that they did not then represent her, and the same day that they hoped to "let you know next week whether we can accept service"; on August 19, counsel wrote that they "still hope to get back to you this week or next on whether we can accept service." Plaintiff had offered on August 10 to defer formal service if counsel would accept it, and followed up on August 20 and August 31; counsel's replies addressed other matters but not service. No acceptance followed, and Plaintiff served Professor Inkelas personally on September 13 (ECF No. 77). Her response date became October 29 (ECF No. 84), and the Court reset the further case-management conference to January 28, 2027 because that date was "too close to the next CMC." Rao Decl. ¶¶ 11–12. As a result, no case-management conference will occur before any of the five agreed dates.

## VI. THE ORDER REQUESTED

Rule 16 authorizes the Court to control and schedule discovery. Fed. R. Civ. P. 16(c)(2)(F). The proposed order reproduces the five dates exactly as stated in ECF No. 86: Section 3 positions by October 27; submission of the six letters by October 30; initial rolling production by November 6; the specified second phase of production by November 20; and substantial completion by December 11, 2026. It leaves all objections to the Section 2.2 process and leaves ECF No. 65 unchanged. If the Court prefers that this request be presented by another procedure, Plaintiff asks that it so direct.

Plaintiff respectfully requests entry of the attached proposed order.

Dated: October 21, 2026

/s/ Satish Rao
Satish Rao
*Plaintiff, Pro Se*