Satish Rao
2421 Oregon St.
Berkeley, CA 94705
Tel: 510-882-5324
Email: satish0rao@gmail.com
Plaintiff, Pro Se

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SATISH RAO,<br>Plaintiff,<br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, *et al.*,<br>Defendants. | Case No. 3:25-cv-02385-LB<br><br>DECLARATION OF SATISH RAO IN SUPPORT OF ADMINISTRATIVE MOTION FOR ENTRY OF AGREED INTERIM DISCOVERY SCHEDULE<br><br>Judge: Hon. Laurel Beeler |

I, Satish Rao, declare:

1. I am the Plaintiff, appearing pro se. I have personal knowledge of the facts stated here, which are drawn from my correspondence with defense counsel and the docket. Copies of the correspondence described are available to the Court on request.

2. I served my first set of written discovery on July 24, 2026. Defendants served responses on September 3, 2026. For 64 of my 95 first-set requests for production, the responses stated that Defendants "will produce" responsive documents, without stating when. As of October 15, 2026, Defendants had produced no documents, and as of the date of this declaration they have still produced none.

3. On September 7, 2026, I asked counsel to "provide a production schedule, including whether production will be rolling and the date of substantial completion." On September 15, I wrote that none of the responses "states a time for production," and that "Rule 34(b)(2)(B) requires them to specify a reasonable time to complete production."

4. I repeated the request for a production schedule in my September 16 interrogatory-deficiency letter. In my September 17 email transmitting the proposed genuineness stipulation, I noted that I "still ha[d] no production schedule." I repeated the request in my September 28 email transmitting the first joint letter.

5. On October 4, I again raised the absence of any completion time for the "will produce" responses under Rule 34(b)(2)(B). On October 7, Defendants served responses to my second set of requests for production, stating that they "will produce" material responsive to RFP 96, without stating when, and that "Defendants are available to meet and confer" on that request. On October 8, I asked them to confirm that production would be completed by the date stated in the request or, if not, to "provide the alternative reasonable completion date contemplated by Rule 34(b)(2)(B)."

6. No production date or completion date was provided before the parties agreed on the five dates reported in the October 15 joint statement (ECF No. 86). A table of my principal requests concerning production dates, Section 3 positions, and conferences, with Defendants' responses, is attached as Exhibit A.

7. After the September 3 responses, I began meeting and conferring in writing on September 7 and sent further letters on September 15 and 16. Lead defense counsel and I met by videoconference on September 23.

8. On September 28, I sent Defendants a proposed Section 2.2 joint letter concerning the Canny-source interrogatories and related requests. On October 1, I sent five further proposed letters and asked for Defendants' Section 3 positions by October 5. On October 5, I sent corrected versions of four of them.

9. On October 4, I asked again for Defendants' Section 3 position on the first letter. On October 9, defense counsel referred to "several discovery letters under review." On October 11, I wrote that I "would particularly appreciate Defendants' Section 3 on the first, Canny-sources letter early this week, and positions or concrete proposals

for resolving the remaining issues this week." As of October 15, Defendants had not provided a Section 3 position on any of the six letters. In the joint statement, Defendants agreed to provide them by October 27.

10. On October 8, I asked defense counsel for times for a lead-counsel videoconference on RFP 96, "tomorrow or early next week." I renewed the request on October 19. As of the morning of October 21, 2026, I had received no response.

11. On August 9, 2026, I asked defense counsel whether they would accept service for newly added Defendant Sharon Inkelas. On August 10, counsel responded: "At this time, we do not represent Sharon Inkelas so we cannot accept service on her behalf. If that changes, I will let you know." Later on August 10, counsel wrote: "We hope to let you know next week whether we can accept service." The same day, I replied that if counsel believed they might represent her, "I can wait on that... and am fine with the date of any electronic service being in a week or so that the 45 day clock starts then." On August 19, counsel wrote: "I still hope to get back to you this week or next on whether we can accept service for Sharon Inkelas." On August 20, I wrote that the question remained open and that I would obtain a summons. On August 31, I asked again: "Any word on Inkelas?" Counsel's replies of August 20 and September 2 addressed other matters but not service. No acceptance of service followed, and I had Professor Inkelas personally served on September 13, 2026 (ECF No. 77).

12. Professor Inkelas's response date is October 29, 2026 (ECF No. 84). On October 16, the October 22 case-management conference was continued (ECF No. 87), and the Court then reset it to January 28, 2027, stating that the October 29 deadline was "too close to the next CMC."

13. In the October 15 joint statement, Defendants agreed to the five dates and stated that the Court need not enter the agreed schedule as an enforceable order. I asked that the Court enter it.

14. On October 19, 2026, at 4:19 p.m., I sent defense counsel drafts of this motion, this declaration, and the proposed order, together with a proposed stipulation and order in PDF and Word form. I offered to submit a stipulated order instead of this motion, and asked for Defendants' position and any factual corrections by October 20 at 5 p.m. As of the morning of October 21, 2026, I had received no response. A stipulation therefore could not be obtained.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on October 21, 2026, at Berkeley, California.

/s/ Satish Rao
Satish Rao

# EXHIBIT A

## Plaintiff's Requests and Defendants' Responses

Rao v. Regents, No. 3:25-cv-02385-LB. Drawn from the parties' email correspondence.

| Date | Plaintiff's request (and the email it appeared in) | Defendants' response or subsequent status |
| --- | --- | --- |
| Sept. 7 | Meet-and-confer letter on the Sept. 3 responses: asked for "a production schedule, including whether production will be rolling and the date of substantial completion." | Sept. 10: willing to meet and confer; lead counsel "beginning trial imminently and expects to be in trial for several weeks." No production date. |
| Sept. 15 | Meet-and-confer letter on the requests Defendants declined to answer: noted none "states a time for production" (Rule 34(b)(2)(B)). (Repeated Sept. 16 and 17.) | No written response on timing. |
| Sept. 23 | Lead-counsel videoconference. | No production date given. Defendants raised search terms. Plaintiff supplied proposed custodians and search terms with the Oct. 1 letters and updated them Oct. 5. |
| Sept. 28 | Email transmitting proposed joint letter 1 (Canny sources): asked for Section 3 position; repeated request for a production schedule. | No Section 3 position. Defendants' emails of Oct. 1–5 addressed the authenticity stipulation. |
| Oct. 1 | Emails transmitting five further proposed joint letters: asked for Section 3 positions by Oct. 5. | No Section 3 positions by Oct. 5. |
| Oct. 4 | Email on discovery status: no completion time for the "will produce" responses; asked again for Section 3 position on joint letter 1. | Not addressed. Defendants' Oct. 5 emails addressed the authenticity stipulation. |
| Oct. 8 | Email after Defendants' Oct. 7 RFP 96 response (which stated "will produce" and "Defendants are available to meet and confer"): asked to schedule the conference and to confirm a completion date. | No response as of Oct. 21 (request renewed Oct. 19). |
| Oct. 11 | Email agreeing to Defendants' requested extension of the second-set response deadline to Oct. 26: asked for Section 3 on joint letter 1 "early this week" and positions on the rest "this week." | Oct. 9 (before): "several discovery letters under review." No response to the Oct. 11 email. |
| Oct. 15 | Parties reported agreement on five discovery milestones in ECF No. 86. | Agreed dates include Defendants' Section 3 positions by Oct. 27. |

| Date | Plaintiff's request (and the email it appeared in) | Defendants' response or subsequent status |
| --- | --- | --- |
| Oct. 19 | Email sending drafts of this motion with a proposed stipulation and order; asked for Defendants' position by Oct. 20, 5 p.m., and confirmation they will meet the five dates. | No response as of Oct. 21. |