UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

*Satish Rao v. Regents of the University of California, et al.* – No. 3:25-cv-02385-LB (Mag. J. Beeler)

**JOINT DISCOVERY LETTER BRIEF (Standing Order Sec. 2.2) – Canny's sources (Interrogatories) and complaints concerning Canny (RFP 75)**

Dear Judge Beeler:

The parties submit this joint letter under Section 2.2 of the Court's Standing Order. Lead counsel met and conferred, beginning September 7, 2026, and by videoconference on September 23, 2026, and were unable to resolve the dispute below.

**1. THE UNRESOLVED ISSUE (neutral)**

Whether Defendants must (a) identify the staff and faculty sources referenced in Canny's responses and recommendation and answer Canny Interrogatories 2 and 3 and Regents Interrogatory 3, and whether disclosure may be conditioned on a protective order; and (b) respond to Request for Production 75.

**2. BACKGROUND (neutral)**

In response to Interrogatory 1, Defendant Canny identified, as the basis for his recommendation, interviews with five staff members, reports from approximately eight to ten faculty and staff, information reported through Eugene Whitlock's staff interviews, and committee-interaction reports. Deans Chayes and Liu stated that they did not independently investigate the underlying interactions and relied on Canny's recommendation and the merit-review record (Chayes and Liu Resps. to Interrog. 1). On three interrogatories Defendants declined to answer, objecting in part that each "seek[s] to invade non-parties' rights to privacy and confidentiality": Canny 2 (identify the faculty and staff referenced in Canny's questionnaire responses and the 2021 departmental recommendation, and whether each was among those against whom Plaintiff had filed a complaint); Canny 3 (identify each person who warned Canny about Plaintiff, and state what was said, when, and in what form); and Regents 3 (identify each staff member the Regents contend was negatively affected by Plaintiff's conduct in connection with the deceleration, and the documents relied upon and the documents recording the alleged effect). On Request 75 (complaints or criticism concerning Defendant Canny), Defendants declined to respond. The parties will present Requests 3, 11, 30, 35, 36, 37, and 40 separately.

**3. DEFENDANTS' POSITION**

Defendants are prepared to provide their position and respectfully request the opportunity to do so, consistent with Paragraph 18 of the Court's Standing Order for Discovery in Civil Cases Before Judge Donato. *(Text provided by Defendants' counsel on October 30, 2026.)*

**4. PLAINTIFF'S POSITION**

*The sources are the asserted basis for the challenged action.* Canny swears he relied on them, and the deans state they relied on Canny without independent investigation. In response to

Interrogatory 1, Canny identified interviews with five staff members, reports from approximately eight to ten faculty and staff, Whitlock's staff interviews, and committee reports. Who those sources are determines whether they were independent or overlapping, had firsthand knowledge, were persons against whom Plaintiff had complained, or were already interviewed by OPHD – and thus whether Canny's asserted basis can be tested. That goes to causation, credibility, and pretext. Fed. R. Civ. P. 26(b)(1). What witnesses actually said can differ sharply from how their views are characterized: in the OPHD investigation, the Undergraduate Studies Committee co-chair described Plaintiff's strongly voiced opinions as "perfectly appropriate" and part of a "healthy debate." ECF No. 38, Ex. 5a at 41. Even confidential witnesses' identities are discoverable by interrogatory. *In re Harmonic, Inc. Sec. Litig.*, 245 F.R.D. 424 (N.D. Cal. 2007). Canny interviewed these employees himself, as decisionmaker.

*No blanket protective order*. Defendants' October 27 position conditioned disclosure on a protective order but show no particularized harm to any of the unnamed witnesses from disclosure of their identities to Plaintiff, and identify no witness who has asked for protection. Rule 26(c) requires good cause shown by particularized harm, after which the Court balances the competing interests. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). Much of this information is not confidential: Defendants' own initial disclosures name eight persons – including Levien, Hunn, Kauer, Bohannan, Demmel, and Bokor – as having knowledge of "complaints against Rao," without restriction; Plaintiff's own contemporaneous accounts identify those present at the events at issue; and the OPHD reports, on the public docket since the SAC (ECF No. 38, Exs. 5a-5b), identify witnesses by unique titles, such as "the EECS Department Director of Operations" and "the current Computer Science Chair." A discovery order does not reach information a party obtained independently of discovery. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34, 37 (1984); N.D. Cal. Model Stipulated Protective Order Sec. 3. A blanket order reaching such information would restrain Plaintiff's existing speech about a public university's treatment of him, potentially beyond this case, and burden a pro se litigant with designations and sealing motions (Civil L.R. 79-5) – harms the balance must weigh. And the power runs the other way: Plaintiff has no authority over the staff witnesses, whose employment, evaluations, and assignments are controlled by the University and its administrators, including Defendants. Nor is a generalized reputational or privacy concern good cause: the witnesses' accounts were relied upon in an official personnel decision against Plaintiff, and Defendants have shown no particularized harm to them from being identified to Plaintiff so those accounts can be tested.

*If the Court sees a need for interim protection*, it could order Defendants to identify every source (each a "witness" below) immediately, while temporarily restricting Plaintiff from disclosing to third parties information newly learned from those answers, as follows. Within seven days after disclosure, Defendants identify each witness for whom continued protection is sought, stating whether the witness requested it, the particularized harm (in camera if necessary), and the restriction sought; Plaintiff may respond within seven days. The restriction lapses for any witness not timely named; for a named witness it remains until the Court rules. Meanwhile, Plaintiff may use the information to prepare this case, including investigating and contacting witnesses, without disclosing that information beyond what that requires. No restriction would reach information Plaintiff knows independently of discovery or prevent any witness from communicating voluntarily with Plaintiff. Plaintiff offers this only for the Court's consideration; Defendants have shown nothing warranting any order.

*Canny 3 asks for facts, not only names.* It asks who warned Canny, what he was told, when, and in what form. Canny told OPHD he was “warned” on becoming Chair and that Witness Six, Witness Eleven, and EECS Faculty One “have more information.” ECF No. 38, Ex. 5a at 15. An identity-based privacy objection cannot justify withholding what was reported, when, and how it reached Canny, and Rule 33(b)(3) requires an answer to the extent not validly objected to. The 2019 date makes it more relevant: that September Canny declined to reappoint Plaintiff to the Undergraduate Study Committee (TAC para. 39), which Canny tied for OPHD to “similar problems” of staff “conflict” (Ex. 5a at 15-16) – the first of the continuing committee exclusions pleaded. Privilege protects communications with counsel, not underlying facts. *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981).

*Regents 3.* If “the review never made” a person-by-person accounting, the Regents should say so under oath; if they contend specific staff were affected, they should name them.

*RFP 75 goes to notice and reliance.* The deans credited Canny’s recommendation, citing his questionnaire responses as providing “substantial details.” In February 2021 the deans solicited faculty comments on the EECS Chair selection “[t]o allow for the possibility of John Canny to be appointed” (Chayes-Liu memo, Feb. 16, 2021). Complaints or criticism of Canny’s conduct as Chair communicated to Deans Liu and Chayes – including responses to that solicitation – bear directly on what the deans knew of Canny when they relied on his account of Plaintiff, and on Canny’s handling of faculty and staff complaints, a chair’s duty (APM 245, App. A). RFP 76 does not substitute.

**5. PLAINTIFF’S PROPOSED RESOLUTION**

Within 14 days: (1) *Canny 2, Canny 3, and Regents 3* – verified answers, with identities disclosed to Plaintiff without a protective order (or under the interim procedure above). (2) *RFP 75* – complaints or criticism of Canny’s conduct as Chair communicated to Dean Liu or Dean Chayes, January 2019-January 2022, including responses to the February 16, 2021 solicitation concerning Canny (nominators redacted); custodians Liu, Chayes, and CoE Academic Affairs, with the solicitation responses reviewed regardless of hits; terms: Canny AND (complain* OR concern* OR criticism OR nominat*). Log anything withheld.

**6. DEFENDANTS’ PROPOSED RESOLUTION**

Defendants are prepared to provide their position and respectfully request the opportunity to do so, consistent with Paragraph 18 of the Court’s Standing Order for Discovery in Civil Cases Before Judge Donato. *(Text provided by Defendants’ counsel on October 30, 2026.)*

Respectfully submitted,

/s/ Satish Rao, Plaintiff, Pro Se (satish0rao@gmail.com)

**Attestation (Sec. 2.2):** Lead counsel for both parties met and conferred by videoconference on September 23, 2026. Defendants’ counsel authorized submission of this letter with Defendants’ Sections 3 and 6 as shown (email of October 30, 2026).