UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

Satish Rao v. Regents of the University of California, et al. – No. 3:25-cv-02385-LB (Mag. J. Beeler)

**JOINT DISCOVERY LETTER BRIEF (Standing Order § 2.2)**

Dear Judge Beeler:

The parties submit this joint letter under Section 2.2 of the Court's Standing Order. Lead counsel met and conferred, beginning with Plaintiff's September 16, 2026 letter and by videoconference on September 23, 2026, and were unable to resolve the dispute below.

**1. The Unresolved Issue (neutral).** Whether Defendants must supplement six interrogatory responses that Plaintiff contends do not provide the information specifically requested.

**2. Background (neutral).** Defendants served verified responses to Plaintiff's first-set interrogatories on September 3, 2026. Plaintiff contends that six answers – Regents 2, 6, 7, and 10; and Liu 2 and 4 – do not provide the information the interrogatories seek. The parties conferred on these answers through Plaintiff's September 16 letter and the September 23 lead-counsel videoconference and did not resolve them.

**3. Defendants' Position.**

Defendants are prepared to provide their position and respectfully request the opportunity to do so, consistent with Paragraph 18 of the Court's Standing Order for Discovery in Civil Cases Before Judge Donato. *(Text provided by Defendants' counsel on October 30, 2026.)*

**4. Plaintiff's Position.** Defendants' verified answers do not provide the information the interrogatories request, and each must be answered fully to the extent not validly objected to. Fed. R. Civ. P. 33(b)(3). Plaintiff seeks supplementation as follows:

**Regents 2 –** Defendants' answer asserts that "a large number of staff reported having poor interactions with Plaintiff" and refers to "firsthand witnesses" and "persons who learned of an incident from another's report," yet identifies none of them. That the information "does not permit [them] to identify every" such person does not excuse identifying none. Defendants must identify each specific incident, interaction, or communication they contend supported the deceleration, with its date, the persons involved, any document recording it, and each person who personally observed it; for any they cannot identify, they must state the reasonable inquiry made and what prevents identification. Defendants' statement that "the reviewers acted on that written record, which itself does not name staff" confirms the need for the answer.

**Regents 6 –** Defendants' October 27 position stated that the TOP increase ceased automatically under the program's full-step criterion and offer to amend; the verified answer said Defendant was "unable to determine" whether any denial "occurred automatically." Plaintiff asks that the amended answer be verified and state, for each of 2021 and 2022, whether the increase was paid, the criterion applied, and when it was applied.

**Regents 7 –** Defendants identify Charlotte Russell, Ashok Rau, and Kellie Brennan but do not state who decided to open, authorize, or escalate the investigation after OPHD received the report; that a complainant contacted OPHD does not answer who made those decisions. Defendants must identify those persons and state each one's role and dates of involvement. Defendants' October 27 position also said the complainant contacted OPHD on September 14, 2022, and is "already known to Plaintiff"; the verified answer says the case was "initiated on or about November 14, 2022" and the complainant's identity "remains confidential." The supplemental answer should reconcile these under oath. OPHD has an intake and case-management process; its tracking records and emails may show who received the report and who decided to open, authorize, or escalate the investigation; a reasonable inquiry includes consulting them, or stating that none exist.

**Regents 10 –** Defendants' October 27 offer to name the nine Budget Committee members is welcome but does not answer the interrogatory, which asks who proposed, drafted, added, or approved the characterization in the June 23, 2022 and May 28, 2024 letters. Defendants must identify those persons and state where the characterization first appeared – or state the reasonable inquiry made and why that cannot be determined. The Budget Committee's letters are prepared and edited through the University's own document systems; their drafts, metadata, and version histories may identify who drafted and changed the language. A reasonable inquiry includes consulting those records (or stating that none exist) and asking each of the nine members whether they drafted, edited, or approved the language.

**Liu 2 –** Defendant Liu stated during the October 11, 2024 meeting that "other staff observed the way [Plaintiff] talked to Chris"; her answer that she is "not privy to the identities" identifies no one. Her response that the remark was "not specifically regarding Plaintiff's merit case" does not answer the interrogatory and is in any event irrelevant – the interrogatory does not mention the merit case. She alleged that other staff observed the interaction; she must identify each such staff member known to her or, after reasonable inquiry, state whether her assertion rested on reports from others, identify those sources, and explain why she cannot identify the observers.

**Liu 4 –** The interrogatory asks Defendant Liu to identify each specific interaction and its participants supporting the "hostile work environment" statement she signed. She identifies none – only characterizations drawn from the materials she relied on (Canny's recommendation and questionnaire responses, Whitlock's staff interviews, and the 484-page response): a characterization such as "verbal intimidation" is not a specific interaction. Defendant must identify the specific interactions and participants she contends support the "hostile work environment" statement. If she contends that Plaintiff's 484-page response supplies such interactions, she must identify the interactions and participants in that response on which she relies; if she cannot after reasonable inquiry, she must state what information she actually relied on, whether she knew of any specific interaction underlying the characterization, and why further particulars cannot be supplied.

**5. Plaintiff's Proposed Resolution.** Within 14 days, verified supplemental answers to: (1) *Regents 2* – the incidents and firsthand witnesses; (2) *Regents 6* – for 2021 and 2022, whether the TOP increase was paid, the criterion applied, and when; (3) *Regents 7* – who received the report and who decided to open, authorize, or escalate, reconciling the dates; (4) *Regents 10* – who drafted, added, or approved the language, after consulting the drafts and the nine members; (5) *Liu 2* – the observers or the sources of her statement; (6) *Liu 4* – the specific interactions or what

she actually relied on. Where information is unavailable after reasonable inquiry, each answer states the inquiry made and why.

**6. Defendants' Proposed Resolution**

Defendants are prepared to provide their position and respectfully request the opportunity to do so, consistent with Paragraph 18 of the Court's Standing Order for Discovery in Civil Cases Before Judge Donato. *(Text provided by Defendants' counsel on October 30, 2026.)*

Respectfully submitted,

/s/ Satish Rao, Plaintiff, Pro Se (satish0rao@gmail.com)

**Attestation (Sec. 2.2):** Lead counsel for both parties met and conferred by videoconference on September 23, 2026. Defendants' counsel authorized submission of this letter with Defendants' Sections 3 and 6 as shown (email of October 30, 2026).