UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

Satish Rao v. Regents of the University of California, et al. – No. 3:25-cv-02385-LB (Mag. J. Beeler)

JOINT DISCOVERY LETTER BRIEF (Standing Order Sec. 2.2) Requests for Production – Legal Affairs, records access, preservation, and complaint-handling

Dear Judge Beeler:

The parties submit this joint letter under Section 2.2 of the Court's Standing Order. Lead counsel met and conferred, beginning September 15, 2026, and by videoconference on September 23, 2026, and were unable to resolve the dispute below. Consistent with the Court's direction that any further dispute be "request-specific: identified by number, conferred about first, and raised in a joint letter under the standing order" (ECF 76 at 8), Plaintiff presents these Requests by number.

## 1. THE UNRESOLVED ISSUE (neutral)

Whether Defendants must search for and produce, with the privilege logs Rule 26(b)(5) and Standing Order Section 2.1 require, (a) the David Robinson / Legal Affairs communications concerning Plaintiff (RFPs 28, 33, 34, 38); (b) the records concerning Plaintiff's access to and right to share his own personnel and academic-review records, and Defendants' handling of the related "no-share" directive, including the public PERB proceeding challenging it (RFPs 82, 83); (c) documents reflecting the non-privileged preservation facts in this action (RFP 91); and (d) the records of Defendants' handling of Plaintiff's complaints, including the staff questionnaire and the direction to staff not to respond to it (RFPs 23, 26) – or may instead decline to respond and to log.

## 2. BACKGROUND (neutral)

These Requests were served July 24, 2026. Defendants objected to each and stated "Defendants will not respond"; they asserted privilege and work product and declined to search or produce (RFPs 33 and 38 themselves request privilege logs). No documents have been produced and no searches have been described. The Requests seek: counsel's (David Robinson / Legal Affairs) communications concerning Plaintiff and his alleged adverse actions (28, 33, 34, 38); documents concerning Plaintiff's requests to access and share his own records (82) and Defendants' communications concerning the Public Employment Relations Board charge challenging the statement that ". . . it is the University's position that this file is University property, comprising confidential University documents. Accordingly, the University does not consent to your sharing copies of these documents with anyone other than your recognized agent, such as legal counsel" (83, PERB No. SF-CE-1524-H, O'Brien v. Regents); Defendants' litigation-hold practices in this action (91); and the handling of Plaintiff's 2018-19 complaint (23) and the staff questionnaire and Staff Ombuds communications concerning it (26).

## 3. DEFENDANTS' POSITION

Defendants are prepared to provide their position and respectfully request the opportunity to do so, consistent with Paragraph 18 of the Court's Standing Order for Discovery in Civil Cases Before Judge Donato. *(Text provided by Defendants' counsel on October 30, 2026.)*

## 4. PLAINTIFF'S POSITION

**A blanket privilege objection does not excuse a search (RFPs 28, 33, 34, 38).** These Requests seek David Robinson / Legal Affairs communications concerning Plaintiff – counsel's role in the adverse actions. A blanket privilege objection does not justify refusing to search otherwise discoverable material; if responsive material is withheld as privileged after a reasonable search, Rule 26(b)(5) and Standing Order Section 2.1 require an adequate privilege log. Section 2.1 required logs "no later than fourteen days after" the September 3 responses; none has been served. Non-privileged facts survive privilege entirely – who, when, which matters, and whether the same counsel participated in both the OPHD investigation and the LDO whistleblower review (bearing on the LDO's independence). Plaintiff narrows RFP 38 to the seven enumerated matters identified in the Request – a defined, proportionate universe; the non-privileged communications must be produced and any withheld logged. As to RFP 28 (Wagner <-> Robinson), privilege is tested on examination, not by blanket refusal: Defendants must produce the non-privileged communications and log any they withhold. Wagner conveyed the substance of Robinson's asserted retaliation advice to Plaintiff (SAC Ex. 19); and to the extent Robinson's involvement was not legal advice – e.g., the April 2024 academic-integrity referral, which on its face concerned an administrative matter – counsel's participation in an administrative process does not itself establish privilege. As to RFP 34, Plaintiff narrows it to communications between Robinson / Legal Affairs and the Center for Student Conduct concerning the identified CS70 grade-appeal or student-conduct matters. Student identifiers may be redacted or produced under an appropriate protective order; Plaintiff routinely handles thousands of student records with care.

**Access to, and the right to share, Plaintiff's own records; the no-share directive (RFPs 82, 83).** RFP 82 seeks documents concerning Plaintiff's requests to access and share his own personnel and academic-review records (including under the CPRA, the Information Practices Act, and the Labor Code), and Robinson's related communications. RFP 83 seeks Defendants' communications concerning the PERB charge (No. SF-CE-1524-H), which challenged the same no-share directive, signed by Defendant Plaut, that was imposed on Plaintiff. Plaintiff does not limit the Request to his own matter: the University's handling of that directive – its adoption, application, defense, and rescission (the Aug. 18, 2025 Archer letter) – is directly relevant to the disparate-treatment and retaliation claims. The University withdrew the directive on August 18, 2025, after a PERB challenge, while the same directive had been applied to Plaintiff; the records bear on its adoption, application, defense, and withdrawal, and whether it was applied consistently. The PERB charge and its disposition are matters of public record; to the extent Defendants claim confidentiality in particular documents, any genuine privilege is logged, not asserted as a blanket ground to refuse.

**Preservation (RFP 91).** Plaintiff narrows RFP 91 to the non-privileged facts of preservation: the date preservation measures were implemented; the custodians notified; the categories or systems of information covered; any material expansion or modification; and Defendants' response to

Plaintiff's March 2023 preservation request. These basic preservation facts are distinct from the privileged contents of the litigation-hold notice and can be shown without counsel's instructions; Defendants should search for and produce non-privileged documents sufficient to show them now rather than defer. Plaintiff reserves the hold notices themselves absent evidence of a preservation failure.

**Handling of Plaintiff's complaints (RFPs 23, 26).** RFP 23 (the handling of Plaintiff's 2018-19 complaint, with date/office bounds and a log) and RFP 26 (the staff questionnaire – SAC Ex. 07, the Request's "Exhibit 12" being a typographical error – and the records reflecting that the Staff Ombuds directed staff not to respond to it) go to institutional asymmetry; Defendants must distinguish genuinely confidential material from routine routing or advice.

*Limitations supplied.* Defendants' responses declined to respond and proposed no search terms or other limitations; their October 27 proposed resolution invited Plaintiff to propose limitations. Plaintiff has: named custodians, date ranges, and search terms or targeted collections for each Request (Ex. A).

## 5. PLAINTIFF'S PROPOSED RESOLUTION

Production on the ECF No. 90 schedule, with searches per Ex. A: (1) *RFPs 28, 33, 38* – Legal Affairs (and Wagner for 28), January 2018-March 7, 2025; RFP 38 limited to its seven matters; (2) *RFP 34* – Legal Affairs and Student Conduct communications on the CS70 matters, January 2024 on, student identifiers redacted or under an appropriate protective order; (3) *RFP 82* – Plaintiff's access and sharing requests, August 2024 on; (4) *RFP 83* – the no-share directive, adoption through withdrawal; (5) *RFP 91* – documents sufficient to show, or a verified statement of, the preservation facts in Ex. A; (6) *RFPs 23, 26* – complaint handling and the questionnaire: routing and administrative records produced, and any Ombuds material withheld identified by category sufficient to evaluate the claim. For all: the overdue privilege logs within 14 days, and a Rule 34(b)(2)(C) statement of whether anything is withheld.

## 6. DEFENDANTS' PROPOSED RESOLUTION

Defendants are prepared to provide their position and respectfully request the opportunity to do so, consistent with Paragraph 18 of the Court's Standing Order for Discovery in Civil Cases Before Judge Donato. *(Text provided by Defendants' counsel on October 30, 2026.)*

Respectfully submitted,

/s/ Satish Rao, Plaintiff, Pro Se (satish0rao@gmail.com)

**Attestation (Sec. 2.2):** Lead counsel for both parties met and conferred by videoconference on September 23, 2026. Defendants' counsel authorized submission of this letter with Defendants' Sections 3 and 6 as shown (email of October 30, 2026).