UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

Satish Rao v. Regents of the University of California, et al. – No. 3:25-cv-02385-LB (Mag. J. Beeler)

JOINT DISCOVERY LETTER BRIEF (Standing Order Sec. 2.2) Requests for Production – disciplinary apparatus, comparators, and the evidentiary basis

Dear Judge Beeler:

The parties submit this joint letter under Section 2.2 of the Court's Standing Order. Lead counsel met and conferred, beginning September 15, 2026, and by videoconference on September 23, 2026, and were unable to resolve the dispute below. Consistent with the Court's direction that any further dispute be "request-specific: identified by number, conferred about first, and raised in a joint letter under the standing order" (ECF 76 at 8), Plaintiff presents these Requests by number.

## 1. THE UNRESOLVED ISSUE (neutral)

Whether Defendants must search for and produce (a) the documents constituting the evidentiary basis for the accusations against Plaintiff, or state after a reasonable search that none exist (RFPs 57, 59, 60); (b) the comparator records showing whether the 2019 Bullying Guidelines and the grounds invoked against Plaintiff were applied to other faculty (RFPs 68, 85, 86, 87, 88, 90); (c) the documents bearing on whether the 2019 Bullying Guidelines were validly adopted (RFPs 93, 94, 95); and (d) the internal and version-in-force standards actually applied to the processes used against Plaintiff (RFP 74) – or may instead refuse to respond.

## 2. BACKGROUND (neutral)

These Requests were served July 24, 2026. Defendants responded to each with objections and stated "Defendants will not respond"; no documents have been produced and no searches described. Together the Requests test three things: whether the accusations against Plaintiff had any documented basis (57, 59, 60); whether the 2019 Bullying Guidelines and the grounds used against Plaintiff were applied disparately to other faculty (68, 85-88, 90); and whether those Guidelines were validly adopted (93, 94, 95), along with the governing internal standards (74).

## 3. DEFENDANTS' POSITION

Defendants are prepared to provide their position and respectfully request the opportunity to do so, consistent with Paragraph 18 of the Court's Standing Order for Discovery in Civil Cases Before Judge Donato. *(Text provided by Defendants' counsel on October 30, 2026.)*

## 4. PLAINTIFF'S POSITION

**"If no responsive document exists, so state" (RFPs 57, 59, 60).** These Requests go to the evidentiary basis for the accusations; Plaintiff asks for a real search, and if no responsive document exists, so state. "The Levien Report" means the OPHD Report of Investigation, Case 2021-UCB-00381 (SAC Ex. 05a). RFP 57 – to cure the cross-reference Defendants flag, Plaintiff

states it directly: for the two alleged "yelling" incidents, with "EECS Faculty One" (RFP 55) and with the staff member "Christopher" (RFP 56), documents sufficient to identify every person who personally witnessed each incident, and every document reflecting a firsthand account; this is not duplicative of 55/56 (the incident records and the counterparty's account), as 57 seeks the other witnesses and their firsthand accounts, or a statement that there are none. RFP 59 – the "Witness Four" incident (a faculty member "left the meeting" while Plaintiff was "taking apart [the] logic"): documents recording it and identifying the faculty member and meeting, or a statement that none exist. RFP 60 – any document actually supporting the "biased / would misuse data" contention, other than documents that merely repeat the accusation, or a statement that none exist (student identifiers redacted or produced under an appropriate protective order).

**Disparate application – the comparator records (RFPs 68, 85, 86, 87, 88, 90).** These Requests test whether the same instrument and grounds used against Plaintiff were applied to other faculty – the core of the disguised-discipline, equal-protection, and First-Amendment theories. The Court held it sufficiently alleged that the deceleration "was disciplinary" (ECF No. 53 at 12), and the Guidelines Defendants quote say merit review should not "be used to discipline behavior" (Sec. 8.2); whether others were treated the same way is the test. A categorical "no bearing" objection is not a Rule 34 response. Each Request seeks documents sufficient to show the instances, grounds, and outcomes it specifies (Requests reproduced in Ex. B): use of the 2019 Guidelines in merit, personnel, and OPHD/OFEW matters (68); faculty in the two colleges decelerated or subjected to similar action on staff-interaction, bullying, hostile-work-environment, or speech-related grounds (85, 88); merit outcomes and stated grounds in EECS (87); the procedural protections afforded others (86); and annual case counts (90). Defendants may satisfy them from existing records, reports, or data exports; Plaintiff does not ask Defendants to create new tables. Anonymization, redaction, and staged production substantially reduce third-party privacy concerns; any residual concern calls for tailored restrictions, not categorical withholding. As narrowed in Ex. A, the comparator production begins with existing outcome data for ladder-rank faculty in EECS and the rest of the College of Engineering, actions effective July 1, 2018 through July 1, 2024 (not the Requests' 2015 start), followed by case documents only for flagged EECS actions and, outside EECS, only where conduct language was used adversely.

**Whether the instrument was validly adopted (RFPs 93, 94, 95).** These Requests go to the authorization of the August 1, 2019 Guidelines used against Plaintiff: the "consultation" referenced in the Guidelines' footnote 1 (93), the decision to issue them and the authority relied upon (94), and the scheduling of any consultation or review (95) (Ex. B). These are records of how a public university adopted a policy it uses to evaluate its employees; the adoption record is not privileged merely because it is internal, and any deliberative-process claim, a qualified privilege, must be logged and justified document by document. Because the Guidelines were invoked against Plaintiff in an adverse merit decision, the authority under which they issued and the procedures required for their adoption bear on whether they supplied a permissible basis for that decision.

**The governing standards (RFP 74).** RFP 74 seeks the standards, thresholds, guidance, and training actually applied to the processes used against Plaintiff – both the internal, non-public ones (which only Defendants have) and the version in force at the relevant times of any governing policy they applied. Plaintiff can obtain current published APMs himself; Defendants are best positioned to identify and produce the operative, date-correct versions they applied.

**Staging, not a generic limit.** Limiting the Requests to material “as referenced in” the 2021 merit decision would exclude the comparator records altogether. If the Court finds the full scope disproportionate now, Plaintiff asks that EECS (Tier 1) be ordered now and the rest of the College deferred pending those results. Proposed custodians and terms: Exhibit A.

*Limitations supplied.* Defendants’ responses declined to respond and proposed no search terms or other limitations; their October 27 proposed resolution invited Plaintiff to propose limitations. Plaintiff has: named custodians, date ranges, and search terms or targeted collections for each Request (Ex. A).

## 5. PLAINTIFF’S PROPOSED RESOLUTION

Production on the ECF No. 90 schedule, per Ex. A: (1) *RFPs 57, 59, 60* – the targeted collection and searches, or a statement after reasonable search that none exist; (2) *RFPs 85-88, 68* – comparator records, EECS first (outcome data, then case documents for flagged actions), 2018-2024, pseudonymized, with the rest of the College deferred if the Court finds the full scope disproportionate; (3) *RFP 90* – existing annual reports; (4) *RFPs 93-95* – documents showing who was consulted, when, and on what authority the Guidelines issued; (5) *RFP 74* – the versions of the listed standards in effect when the complaint, investigation, and merit-review processes occurred, 2018-2024. The “no bearing” objection is overruled.

## 6. DEFENDANTS’ PROPOSED RESOLUTION

Defendants are prepared to provide their position and respectfully request the opportunity to do so, consistent with Paragraph 18 of the Court’s Standing Order for Discovery in Civil Cases Before Judge Donato. *(Text provided by Defendants’ counsel on October 30, 2026.)*

Respectfully submitted,

/s/ Satish Rao, Plaintiff, Pro Se (satish0rao@gmail.com)

**Attestation (Sec. 2.2):** Lead counsel for both parties met and conferred by videoconference on September 23, 2026. Defendants’ counsel authorized submission of this letter with Defendants’ Sections 3 and 6 as shown (email of October 30, 2026).