UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

Satish Rao v. Regents of the University of California, et al. – No. 3:25-cv-02385-LB (Mag. J. Beeler)

JOINT DISCOVERY LETTER BRIEF (Standing Order Sec. 2.2) Requests for Production – Canny's own records, communications on protected activity, and the source and labeling of the accusations

Dear Judge Beeler:

The parties submit this joint letter under Section 2.2 of the Court's Standing Order. Lead counsel met and conferred, beginning September 15, 2026, and by videoconference on September 23, 2026, and were unable to resolve the dispute below. Consistent with the Court's direction that any further dispute be "request-specific: identified by number, conferred about first, and raised in a joint letter under the standing order" (ECF 76 at 8), Plaintiff presents these Requests by number, on the narrowed scope Plaintiff offered in the September 15 conferral.

## 1. THE UNRESOLVED ISSUE (neutral)

Whether Defendants must search for and produce, on the narrowed scope Plaintiff has offered, (a) Defendant Canny's records of editing, annotating, or circulating Plaintiff's emails, and the named participants' contemporaneous records concerning Plaintiff (RFPs 18, 39); (b) administrator, dean, vice-provost, and faculty-equity communications concerning Plaintiff's protected activity and whether to take adverse action (RFP 32); (c) the documents concerning the source of the alleged Plaintiff-Hunn interaction and the basis and application of the characterizations used against Plaintiff (RFPs 63, 64) – or may instead refuse to respond.

## 2. BACKGROUND (neutral)

These Requests were served July 24, 2026. Defendants responded to each with objections and stated "Defendants will not respond"; no documents have been produced and no searches described. They were conferred in Plaintiff's September 15, 2026 letter (Groups 1 and 4, and the Request 32 discussion) and in the September 23, 2026 videoconference. Plaintiff contends that the Requests reach Defendant Canny's own handling of Plaintiff's emails and the participants' contemporaneous records (18, 39); internal communications about Plaintiff's protected complaints and speech and whether to take adverse action (32); and the faculty-governance source of the alleged Plaintiff-Hunn interaction and the basis for the characterizations invoked against Plaintiff (63, 64).

## 3. DEFENDANTS' POSITION

Defendants are prepared to provide their position and respectfully request the opportunity to do so, consistent with Paragraph 18 of the Court's Standing Order for Discovery in Civil Cases Before Judge Donato. *(Text provided by Defendants' counsel on October 30, 2026.)*

## 4. PLAINTIFF'S POSITION

**Canny's own records and the participants' contemporaneous records (RFPs 18, 39).** RFP 18 (instances in which Defendant Canny edited, annotated, or circulated Plaintiff's emails) is relevant to the committee-harm and retaliation claims and is not merit-limited; Plaintiff narrows it to the period of Canny's involvement – 2019 through the deceleration and its reconsideration – with recipients and dates, and to his circulation of them in connection with the accusations, committee assignments, or merit review (Ex. A); the marked-up compilation and its transmittals are collected regardless of keyword hits. RFP 39 seeks the named participants' contemporaneous records of what they said, observed, or claimed to have relied on concerning Plaintiff – including the specific meetings and observations they claimed but never identified. To meet the form objection, Plaintiff limits it to notes, memoranda, minutes, and records concerning Plaintiff and the specific matters at issue (the 2018-19 complaint; the merit review, deceleration, and reconsideration; and the OPHD investigations), kept by the named individuals and Claire Tomlin – not personal calendars or diaries generally. It seeks contemporaneous records of the identified events, observations, allegations, and decisionmaking, not every document mentioning Plaintiff. (Canny's and Whitlock's notes are also covered by RFP 11 and by RFP 96 (second set).)

**Communications concerning Plaintiff's protected activity (RFP 32).** RFP 32 seeks administrator, dean, vice-provost, and faculty-equity-office communications concerning Plaintiff's protected complaints, his public-concern speech, the merit review, and whether to take adverse action – subjects at the core of the retaliation and First Amendment claims. The material is not privileged merely because it is internal. The Request is intelligible; it is compound, not unintelligible, and Plaintiff proposes named custodians, a 2018-2024 period, and subject terms tied to the protected activity and the adverse actions (Ex. A), so no adjudication of the Request "as propounded" is required.

**The source of the accusations and the characterizations used (RFPs 63, 64).** RFP 63 anchors to the DeCal / CS198 "Discrete Math" course and the CS70 instructors' and Undergraduate Studies Committee review of it (the November 26, 2018 meeting) – the faculty-governance matter from which the alleged Plaintiff-Hunn interaction arose; the CS70 instructors are Alistair Sinclair, Yun Song, Anant Sahai, Babak Ayazifar, and Umesh Vazirani (student identifiers redacted or produced under an appropriate protective order). RFP 64 seeks the documents reflecting the basis for, meaning of, and intended application of the phrases "hostile work environment," "bullying," "demeaning and disruptive behavior," "staff morale," and "criticism of higher administration" as used in Plaintiff's merit, deceleration, and reconsideration materials, including whether and how they applied to Plaintiff – existing communications, guidance, and records applying those terms, not newly prepared explanations. These pair with RFPs 57, 59, and 60 (the firsthand witnesses and accounts): together they test whether the characterizations had any documented basis.

*Limitations supplied.* Defendants' responses declined to respond and proposed no search terms or other limitations; their October 27 proposed resolution invited Plaintiff to propose limitations. Plaintiff has: named custodians, date ranges, and search terms or targeted collections for each Request (Ex. A).

## 5. PLAINTIFF'S PROPOSED RESOLUTION

Production on the ECF No. 90 schedule, per Ex. A: (1) *RFP 18* – the marked-up compilation and its transmittals regardless of hits, and Canny's circulation of Plaintiff's emails on the accusations, committees, or merit review, 2019-August 2024; (2) *RFP 39* – the named individuals' contemporaneous notes, minutes, and incident records on the identified matters, 2018-August 2024; (3) *RFP 32* – the named administrators' communications on Plaintiff's protected activity and the adverse actions, 2018-2024; (4) *RFP 63* – the CS70 instructors' and Undergraduate Studies Committee records on the DeCal course and its review, whenever dated; (5) *RFP 64* – existing records applying the listed characterizations to Plaintiff. A privilege log for anything withheld.

## 6. DEFENDANTS' PROPOSED RESOLUTION

Defendants are prepared to provide their position and respectfully request the opportunity to do so, consistent with Paragraph 18 of the Court's Standing Order for Discovery in Civil Cases Before Judge Donato. *(Text provided by Defendants' counsel on October 30, 2026.)*

Respectfully submitted,

/s/ Satish Rao, Plaintiff, Pro Se (satish0rao@gmail.com)

**Attestation (Sec. 2.2):** Lead counsel for both parties met and conferred by videoconference on September 23, 2026. Defendants' counsel authorized submission of this letter with Defendants' Sections 3 and 6 as shown (email of October 30, 2026).