UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

Satish Rao v. Regents of the University of California, et al. – No. 3:25-cv-02385-LB (Mag. J. Beeler)

JOINT DISCOVERY LETTER BRIEF (Standing Order Sec. 2.2) Requests for Production – the teaching-evaluation public-posting practice (TAC paras. 84-85)

Dear Judge Beeler:

The parties submit this joint letter under Section 2.2 of the Court's Standing Order. Lead counsel met and conferred, beginning September 15, 2026, and by videoconference on September 23, 2026, and were unable to resolve the dispute below. Consistent with the Court's direction that any further dispute be "request-specific: identified by number, conferred about first, and raised in a joint letter under the standing order" (ECF 76 at 8), Plaintiff presents these Requests by number, on the narrowed scope Plaintiff offered in the September 15 conferral.

## 1. THE UNRESOLVED ISSUE (neutral)

Whether Defendants must search for and produce, on the narrowed scope Plaintiff has offered, the documents concerning the practice of publicly posting EECS faculty teaching evaluations – (a) central-administration involvement in the practice (RFP 78); (b) Plaintiff's objections, the faculty poll and documented opposition, and the decision to continue the practice (RFP 79); and (c) Defendant Canny's participation in continuing the practice (RFP 81) – or may instead refuse to respond.

## 2. BACKGROUND (neutral)

These Requests were served July 24, 2026. Defendants responded with objections and stated "Defendants will not respond"; no documents have been produced and no searches described. They were conferred in Plaintiff's September 15, 2026 letter (Group 6) and in the September 23, 2026 videoconference. Plaintiff contends that the practice of publicly posting Plaintiff's teaching evaluations is pleaded at TAC paragraphs 84-85, including its effect on the evaluations used in the 2021 deceleration, and bears on retaliation.

## 3. DEFENDANTS' POSITION

Defendants are prepared to provide their position and respectfully request the opportunity to do so, consistent with Paragraph 18 of the Court's Standing Order for Discovery in Civil Cases Before Judge Donato. *(Text provided by Defendants' counsel on October 30, 2026.)*

## 4. PLAINTIFF'S POSITION

Defendants admit that teaching evaluations are collected for use in merit and promotion decisions, that EECS released them through a student organization, that Plaintiff opposed the practice and Canny defended it, and that in Plaintiff's poll about 67% of 34 voting faculty favored an opt-out (ECF No. 79, paras. 84-85). The poll ran December 2021-January 2022; the window begins in 2016 because the practice, and its use in Plaintiff's reviews, long predates the

poll. Defendants now assert that student teaching evaluations were a basis for the deceleration – although both the merit decision and the final reconsideration decision, after considering the evaluations, rated Plaintiff's teaching "good" and rested on service (ECF No. 38, Ex. 3d at 3; Ex. 4c at 1), and Plaintiff disputes that ground: the Regents' verified answer states that Canny's 2021 half-step recommendation rested in part on Plaintiff's "teaching evaluations" (Regents Resp. to Interrog. 1). Having put the evaluations at issue, Defendants should produce the records on the policies and practice governing their collection and publication on the internet, and on whether they were weighed as campus policy requires (teaching effectiveness "should be evaluated in multiple dimensions," APM 210-1-d(1)(a); ECF No. 38, Ex. 17). These Requests are directly relevant to the practice pleaded at TAC paragraphs 84-85, to the evaluations used in the 2021 deceleration, and to retaliation. RFP 78 (central-administration involvement in the posting practice) Plaintiff narrows to the named custodians – the Vice Provost for the Faculty, the EVCP, the Academic Personnel Office, and the campus data-classification / privacy office – with the policy-consistency analysis (consistency with the Academic Personnel Manual, campus data-classification standards, and applicable privacy protections) as a separate matter. RFP 79 is a single episode – Plaintiff's objections, the faculty poll, the documented opposition, and the decision to continue – not a compound request, and Plaintiff anchors it to that episode with Defendant Canny and former Chair Wagner as custodians. RFP 81 (Defendant Canny's participation in continuing the practice) is the Canny-specific subset of 79 and adds no separate burden. A categorical refusal is not a Rule 34 response; Plaintiff supplies proposed custodians and terms (Exhibit A).

*Terms supplied.* Defendants' responses proposed no search terms; their October 27 proposed resolution offered to review Plaintiff's proposed keyword searches (Ex. A), which Plaintiff welcomes.

## 5. PLAINTIFF'S PROPOSED RESOLUTION

Production on the ECF No. 90 schedule, per Ex. A: (1) *RFPs 79, 81* – one targeted collection from Canny, Wagner, and the EECS chair's office: the faculty poll and results, Plaintiff's and other faculty objections, and the decision record on continuing the practice, January 2016-December 2023; (2) *RFP 78* – central-administration review or approval of the practice, including documents adopting or authorizing it whenever dated. A privilege log for anything withheld.

## 6. DEFENDANTS' PROPOSED RESOLUTION

Defendants are prepared to provide their position and respectfully request the opportunity to do so, consistent with Paragraph 18 of the Court's Standing Order for Discovery in Civil Cases Before Judge Donato. *(Text provided by Defendants' counsel on October 30, 2026.)*

Respectfully submitted,

/s/ Satish Rao, Plaintiff, Pro Se (satish0rao@gmail.com)

**Attestation (Sec. 2.2):** Lead counsel for both parties met and conferred by videoconference on September 23, 2026. Defendants' counsel authorized submission of this letter with Defendants' Sections 3 and 6 as shown (email of October 30, 2026).