**EXHIBIT 1**

*Rao v. Regents of the University of California*, No. 3:25-cv-02385-JD

Plaintiff's discovery letter (ECF No. 97) – excerpts of the disputed requests and Defendants' served responses (September 3, 2026), per Paragraph 19 of the Standing Order for Discovery in Civil Cases.

1. Defendant Canny's Responses to Interrogatories (Set One): caption page; Interrogatory 1 (cited in the letter); Interrogatories 2-3.
2. Defendant Regents' Responses to Interrogatories (Set One): caption page; Interrogatories 2, 3, 6, 7, 10 (and 4 and 11, cited in the letter).
3. Defendant Liu's Responses to Interrogatories (Set One): caption page; Interrogatories 2, 4.
4. Defendants' Responses to Requests for Production (Set One): caption page; Requests 18, 23, 26, 28, 32-34, 38, 39, 57, 59, 60, 63, 64, 68, 74, 75, 78, 79, 81-83, 85-88, 90, 91, 93-95 (with adjoining requests where they share a page).

SANDRA L. McDONOUGH (SBN 193308)
Sandy.McDonough@quarles.com
JACK T. EDMOND (SBN 363497)
Jack.Edmond@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; PROFESSOR JOHN CANNY; DEAN TSU-JAE KING LIU; DEAN JENNIFER CHAYES; VICE PROVOST VICTORIA PLAUT; VICE PROVOST JANET BROUGHTON

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

SATISH RAO,

Plaintiff,

v.

PROFESSOR JOHN CANNY; DEAN TSU-JAE KING LIU; DEAN JENNIFER CHAYES; VICE PROVOST VICTORIA PLAUT; VICE PROVOST JANET BROUGHTON; in their individual and official capacities; REGENTS OF THE UNIVERSITY OF CALIFORNIA,

Defendants.

Case No. 3:25-cv-02385-LB

**DEFENDANT JOHN CANNY'S RESPONSES TO PLAINTIFF SATISH RAO'S INTERROGATORIES (SET ONE)**

PROPOUNDING PARTY: Plaintiff SATISH RAO

RESPONDING PARTY: Defendant JOHN CANNY

SET NUMBER: One

Pursuant to Federal Rule of Civil Procedure 33, Defendant JOHN CANNY provides the following written responses to Plaintiff SATISH RAO's interrogatories:

**PRELIMINARY STATEMENT**

1. Defendant JOHN CANNY and his attorneys have not completed their discovery or

preparation for trial, nor have they concluded their analysis of information gathered to date. These responses therefore are based upon information presently available to and known by Defendant.

2. It is possible that future discovery and independent investigation may supply additional facts or information, add meaning to known facts, and may establish new factual conclusions and contentions, all of which may lead to additions, changes in, or variations from the responses set forth herein.

3. These responses are made without prejudice to the right of Defendant to provide supplemental, additional or different responses or evidence at the time of trial.

Subject to the foregoing general comments and objections, which are incorporated by reference into Defendant's responses to each one of the specific interrogatories, Defendant provides the following responses:

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify each communication concerning the staff conduct on which You relied in recommending, and the departmental recommendation resulting in, Plaintiff's deceleration.

**RESPONSE TO INTERROGATORY NO. 1:**

Objection. This interrogatory is unduly burdensome, overbroad as to time and scope, vague, and ambiguous as to "each communication," "concerning," and "staff conduct." This interrogatory is not proportional to the needs of the case. Defendant further objects to the extent this interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant also objects to this interrogatory to the extent it seeks to invade non-parties' rights to privacy and confidentiality.

Subject to and without waiving the foregoing or general objections, Defendant responds:

Defendant interviewed five staff members between May 1, 2021, and June 22, 2021, regarding Plaintiff's unprofessional behavior, and relied upon those communications and information in preparing the departmental recommendation to provide Plaintiff with a one-half-step advancement. Specifically, Defendant: (1) interviewed five staff members who reported concerns regarding Plaintiff's conduct on departmental committees; (2) received reports of

unprofessional behavior from approximately 8 to 10 faculty and staff members; (3) received information reported to Associate Vice Chancellor for Human Resources Eugene Whitlock via staff interviews; (4) received observations and reports regarding interactions with staff in connection with Plaintiff's work on both undergraduate study and graduate matters committees; and (5) Plaintiff's own self-statement submitted as part of the merit review. Details surrounding these communications were noted and summarized in Defendant's questionnaire responses and the 2021 departmental recommendation. Discovery is ongoing.

**INTERROGATORY NO. 2:**

Identify each faculty member and each staff member referenced in (a) Your questionnaire responses (Exhibit 10), stating You interviewed "Five" staff and had "individual meetings with a number of staff," and (b) the 2021 departmental recommendation, stating Plaintiff's conduct occurred "in committee meetings witnessed by many faculty and staff," and state whether each was among the staff against whom Plaintiff had filed a complaint.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection. This interrogatory is unduly burdensome, overbroad, compound, vague, and ambiguous as to "whether each was among the staff against whom." Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine. Defendant also objects to the extent that this interrogatory seeks to invade non-parties' rights to privacy and confidentiality.

Based on the foregoing objections, particularly that this interrogatory seeks to invade non-parties' rights to privacy and confidentiality, Defendant will not respond. Defendant is available to meet and confer to ascertain a reasonable scope and appropriate limitations for the information sought without compromising or infringing upon third-party privacy or confidentiality.

**INTERROGATORY NO. 3:**

In Your OPHD interview in Case No. 2021-UCB-00381, You stated that when You "came into the Chair position" You were "warned" by others in the department about Plaintiff, "specifically that he had harassed staff." Identify each person who so warned You, and state what You were told, when, and in what form.

**RESPONSE TO INTERROGATORY NO. 3:**

Objection. This interrogatory is unduly burdensome, overbroad, compound, vague, and ambiguous as to "in what form." Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine. Defendant also objects to the extent that this interrogatory seeks to invade non-parties' rights to privacy and confidentiality.

Based on the foregoing objections, particularly that this interrogatory seeks to invade non-parties' rights to privacy and confidentiality, Defendant will not respond. Defendant is available to meet and confer to ascertain a reasonable scope and appropriate limitations for the information sought without compromising or infringing upon third-party privacy or confidentiality.

**INTERROGATORY NO. 4:**

Identify each communication concerning Plaintiff's caste or ancestry, or the ethnic composition of the Anti-Racism Committee.

**RESPONSE TO INTERROGATORY NO. 4:**

Objection. This interrogatory is unduly burdensome, overbroad, compound, vague, and ambiguous as to "each communication concerning Plaintiff's caste or ancestry" and "ethnic composition of the Anti-Racism Committee." Defendant further objects to the extent this interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving the foregoing or general objections, Defendant responds:

Defendant identifies the following communications concerning Plaintiff's caste or ancestry, or the ethnic composition of the Anti-Racism, Equity, and Inclusion Committee: (1) An email exchange in September 2020 between Defendant, Plaintiff, and Armando Fox regarding membership on the Committee, in which Defendant discussed the composition of the committee and stated that the committee needed representation from "some folks with more direct experience of discrimination," that "an Indian faculty member from a scheduled caste would be very good for this committee," and inquired as to whether Plaintiff was a member of a "scheduled caste"; and (2) Defendant's interview with the Complaint Resolution Officer in OPHD Case No. 2021-UCB-

SANDRA L. McDONOUGH (SBN 193308)
Sandy.McDonough@quarles.com
JACK T. EDMOND (SBN 363497)
Jack.Edmond@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; PROFESSOR JOHN CANNY; DEAN TSU-JAE KING LIU; DEAN JENNIFER CHAYES; VICE PROVOST VICTORIA PLAUT; VICE PROVOST JANET BROUGHTON

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

SATISH RAO,

Plaintiff,

v.

PROFESSOR JOHN CANNY; DEAN TSU-JAE KING LIU; DEAN JENNIFER CHAYES; VICE PROVOST VICTORIA PLAUT; VICE PROVOST JANET BROUGHTON; in their individual and official capacities; REGENTS OF THE UNIVERSITY OF CALIFORNIA,

Defendants.

Case No. 3:25-cv-02385-LB

**DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S RESPONSES TO PLAINTIFF SATISH RAO'S INTERROGATORIES (SET ONE)**

PROPOUNDING PARTY: Plaintiff SATISH RAO

RESPONDING PARTY: Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

SET NUMBER: One

Pursuant to Federal Rule of Civil Procedure 33 Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA provides the following written responses to Plaintiff SATISH RAO's interrogatories:

based on his assessment of Plaintiff's interactions with staff, research output, and teaching evaluations;

(2) Tsu-Jae King Liu; then-Dean of the College of Engineering; King Liu reviewed and concurred with the July 13, 2021 recommendation made by Canny;

(3) Jennifer Chayes; Associate Provost of the College of Computing, Data Science, and Society; Chayes reviewed and concurred in the July 13, 2021 recommendation made by Canny; and

(4) Janet Broughton; then-Interim Vice Provost for Faculty; Broughton approved a half-step salary increase for Plaintiff on July 28, 2022.

The precise dates of the dean-level and committee reviews are reflected in the merit-review file. Exact dates of participation cannot be reasonably deduced for the above-listed individuals because merit considerations are not made at a single moment in time. Discovery is ongoing.

**INTERROGATORY NO. 2:**

Identify each specific incident, interaction, or communication involving Plaintiff that You contend supported the half-step deceleration, stating for each the date, the persons present or involved, the document(s), if any, in which it is recorded, and — distinguishing each person who personally observed the incident from each person who learned of it only from another's report — each person who personally observed it.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection. This interrogatory is unduly burdensome, compound, overbroad as to time and scope, vague, and ambiguous as to "each specific incident," "supported," and the requested distinction between persons who personally observed an incident and persons who learned of it from another's report. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine. Defendant also objects to the extent that this interrogatory seeks to invade non-parties' rights to privacy and confidentiality.

Subject to and without waiving the foregoing or general objections, Defendant responds:

(1) Low research output by department standards. The department could not properly

identify Plaintiff's contributions to student-published research papers without Plaintiff having formal authorship credit. While Plaintiff contended that he spent a significant amount of time advising graduate students throughout the research period, this ultimately did not excuse his output, which was below expectations, especially as a research faculty member.

(2) Mixed reviews in student evaluations and indifference to feedback. Plaintiff exceeded expectations in the number of courses he taught during the review period at issue, but his average student evaluations generally fell below departmental averages. Common themes included Plaintiff's disorganization, inconsistent pacing, and confusing content and structure. Of additional concern was the fact that Plaintiff failed to offer any plans to address areas needing improvement and was unmoved by students' feedback.

(3) Poor interactions with staff. Plaintiff's interactions with staff in committee work fell well below professional standards on a number of occasions. A large number of staff reported having poor interactions with Plaintiff and Plaintiff appeared unaware of his behavior toward staff and how his behavior was perceived. These instances had a substantially negative effect on staff, who felt that the department did not support them in situations of conflict with faculty, and ultimately led to an erosion of staff morale and willingness to serve in certain roles.

The documents presently identified include the departmental recommendation, Chair Canny's questionnaire responses, the August 5, 2022 memorandum by Jennifer Chayes and Tsu-Jae King Liu, the campus merit-review materials, and related documents in Plaintiff's Merit Review file. The information presently available does not permit Defendant to identify every date, participant, or firsthand witness for each interaction or to distinguish fully between firsthand witnesses and persons who learned of an incident from another's report. Discovery is ongoing.

**INTERROGATORY NO. 3:**

Identify each member of staff whom You contend was negatively affected by Plaintiff's conduct in connection with the deceleration, and, for the characterization of Plaintiff's "interactions with staff colleagues" as having a negative effect referenced in the August 5, 2022 Dean's memo, identify each document on which the chair, dean, or campus reviewers relied and each document recording the alleged effect on each such staff member.

**RESPONSE TO INTERROGATORY NO. 3:**

Objection. This interrogatory is unduly burdensome, overbroad, vague, and ambiguous as to "negatively affected," "negative effect," and the request to attribute an effect to each staff member. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine. Defendant also objects to the extent that this interrogatory seeks to invade non-parties' rights to privacy and confidentiality.

Based on the foregoing objections, particularly that this interrogatory seeks to invade non-parties' rights to privacy and confidentiality, Defendant will not respond. Defendant is available to meet and confer to ascertain a reasonable scope and appropriate limitations for the information sought without compromising or infringing upon third-party privacy or confidentiality.

**INTERROGATORY NO. 4:**

Identify each accusation or asserted basis for the deceleration that was withdrawn, removed, or not carried forward between the original merit-review decision and the disposition of Plaintiff's reconsideration, and identify the document(s) reflecting each such withdrawal or removal.

**RESPONSE TO INTERROGATORY NO. 4:**

Objection. This interrogatory is unduly burdensome, overbroad, vague, and ambiguous as to "removed," "not carried forward," and "Plaintiff's reconsideration." Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.

Subject to and without waiving the foregoing or general objections, Defendant responds:

After a reasonable search of the materials presently available, Defendant has not identified any "accusation or asserted basis" for the deceleration that was withdrawn upon reconsideration of Plaintiff's 2021 merit review and half-step deceleration. Defendant reaffirmed its 2021 decision after Plaintiff sought reconsideration. Defendant will supplement this response if further review and discovery identifies a withdrawn basis. Discovery is ongoing.

**INTERROGATORY NO. 5:**

Identify each person who participated in the determination that Plaintiff's merit-review

decision was "final" as communicated in the March 18, 2025 email from Deans Chayes and Liu, and describe the role of Associate Vice Provost for the Faculty Julianna Deardorff in that determination.

**RESPONSE TO INTERROGATORY NO. 5:**

Objection. This interrogatory is unduly burdensome, overbroad, vague, and ambiguous as to "participated in the determination" and "final." This interrogatory is also compound and assumes facts. Defendant further objects to this interrogatory to the extent it calls for a legal conclusion or seeks information protected by the attorney-client privilege and/or work-product doctrine.

Subject to and without waiving the foregoing or general objections, Defendant responds:

Jennifer Chayes, Tsu-Jae King Liu, Julianna Deardorff, and Sandrine Dudoit participated in the act of notifying Plaintiff that his 2021 merit-review decision was final by way of the March 18, 2025, email. However, none of the foregoing individuals unilaterally deemed the 2021 merit-review decision "final." Rather, they communicated that the decision was final by operation of University policy, given that Plaintiff had exhausted all administrative appellate procedures, aside from the Privilege and Tenure process. Before sending the March 18, 2025, email, Chayes and Liu met with Deardorff, who reviewed the relevant records and confirmed that the procedures dictated by the Academic Personnel Manual had been followed and that the merit-review decision was final. Deardorff's role was to confirm procedural compliance; Deardorff did not make the underlying merit decision. Discovery is ongoing.

**INTERROGATORY NO. 6:**

Identify each person who decided to deny Plaintiff one or both of the 2021 and 2022 Targeted Off-Scale Program (TOP) increases, stating the basis for each denial.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection. This interrogatory is unduly burdensome, overbroad, vague, and ambiguous as to "decided to deny" and "basis for each denial." This interrogatory also assumes facts. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.

Subject to and without waiving the foregoing or general objections, Defendant responds:

After a reasonable search of the materials presently available, Defendant is unable to identify an individual responsible for denying the 2021 or 2022 Targeted Off-Scale Program (TOP) increase, assuming such denial(s) occurred. Defendant further is unable to determine whether any denial was the result of a decision by a certain individual or occurred automatically because Plaintiff received a half-step increase rather than a full-step increase. Defendant will supplement this response if further review and discovery identifies a person or person(s) responsible for any denial of 2021 or 2022 TOP increases. Discovery is ongoing.

**INTERROGATORY NO. 7:**

Identify each person who initiated, opened, authorized, or escalated OPHD Case No. 2022-UCB-00486 (the OPHD investigation of Plaintiff), stating for each person their role and the date(s) of their involvement.

**RESPONSE TO INTERROGATORY NO. 7:**

Objection. This interrogatory is unduly burdensome, overbroad, vague, and ambiguous as to “initiated,” “opened,” “authorized,” and “escalated.” This interrogatory also assumes facts. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine. Defendant also objects to the extent that this interrogatory seeks to invade non-parties’ rights to privacy and confidentiality.

Subject to and without waiving the foregoing or general objections, Defendant responds:

OPHD Case No. 2022-UCB-00486 was initiated on or about November 14, 2022, based on a report received by OPHD alleging that Plaintiff may have engaged in conduct that could violate the UC Nondiscrimination Policy. Charlotte Russell, then-Interim Deputy Title IX Officer and Associate Director, issued the Notice of Investigation. Ashok Arjun Rau was assigned as the Complaint Resolution Officer and investigator. Kellie Brennan issued the Notice of Outcome on or around May 2, 2023. The identity of the complainant in OPHD Case No. 2022-UCB-00486 remains confidential. Defendant is unaware of any other individuals who “initiated, opened, authorized, or escalated” the OPHD case. Discovery is ongoing.

to “all evidence” and “supports the assertion.” This interrogatory assumes facts, calls for speculation, and seeks an unqualified marshaling of all evidence regarding a given subject or topic. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine or the privacy rights of witnesses and non-parties.

Subject to and without waiving the foregoing or general objections, Defendant responds:

OPHD Case No. 2021-UCB-00381 entailed a thorough investigation of assertions surrounding the Fall 2018 Undergraduate Studies Committee meeting, including interviews of 14 witnesses. Any witnesses, documents, or recordings regarding subparts (a) and (b) of this interrogatory would be detailed in the Report of Investigation dated November 3, 2022, which is equally available to Plaintiff and in his possession. This investigation nevertheless found the complaints related to the Fall 2018 Undergraduate Studies Committee meeting unsubstantiated. Discovery is ongoing.

**INTERROGATORY NO. 10:**

Identify each person who proposed, drafted, added, or approved the characterization — appearing in the June 23, 2022 BIR Letter and the May 28, 2024 BIR Reconsideration Letter — that Plaintiff engaged in “leveling charges” or “making personal attacks” on, or otherwise improperly criticized, members of the academic or higher administration; state in which document the characterization first appeared, and for each person their role and the date(s) of their participation.

**RESPONSE TO INTERROGATORY NO. 10:**

Objection. This interrogatory is unduly burdensome, overbroad, compound, vague, and ambiguous as to “the characterization.” Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine. Defendant also objects to the extent that this interrogatory seeks to invade non-parties’ rights to privacy and confidentiality.

Subject to and without waiving the foregoing or general objections, Defendant responds:

The June 23, 2022 and May 28, 2024 BIR letters underwent multiple levels of review by

various academic personnel. The statements therein were based on information contained in, or made available through, Plaintiff's Merit Review file. Defendant lacks sufficient information to attribute the quoted statements to any particular individual or individuals.

**INTERROGATORY NO. 11:**

State whether, in connection with the 2018–2019 inquiry into the allegations against Plaintiff, any chair (including Chairs Demmel and Bokor), dean, investigator, or other University officer inquired into, investigated, or determined whether Plaintiff had ever obtained, accessed, presented, or analyzed demographic or underrepresented-minority admissions data; and if so, state the result of that inquiry, identify each person who conducted it, and identify each document recording the inquiry or its result.

**RESPONSE TO INTERROGATORY NO. 11:**

Objection. This interrogatory is unduly burdensome, compound, overbroad, vague, and ambiguous as to "inquired into," "investigated," "determined," and the categories of admissions data identified. This interrogatory also assumes facts and calls for speculation. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.

Subject to and without waiving the foregoing or general objections, Defendant responds:

After a reasonable search of the materials presently available, Defendant is not presently able to identify a document showing that any chair, dean, investigator, or University officer made a determination as to whether Plaintiff had ever obtained, accessed, presented, or analyzed demographic or underrepresented-minority admissions data. The materials presently available reflect that the 2018–2019 inquiry addressed allegations concerning admissions data and included communications and questions involving faculty, staff, and administrators, but they do not presently establish whether a separate inquiry into Plaintiff's actual possession or analysis of such data was conducted or what its result was. Defendant will supplement this response if further review and discovery indicates otherwise. Discovery is ongoing.

**INTERROGATORY NO. 12:**

For each Request for Admission that You deny in whole or in part on factual grounds, state

SANDRA L. McDONOUGH (SBN 193308)
Sandy.McDonough@quarles.com
JACK T. EDMOND (SBN 363497)
Jack.Edmond@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; PROFESSOR JOHN CANNY; DEAN TSU-JAE KING LIU; DEAN JENNIFER CHAYES; VICE PROVOST VICTORIA PLAUT; VICE PROVOST JANET BROUGHTON

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| SATISH RAO,<br><br>Plaintiff,<br><br>v.<br><br>PROFESSOR JOHN CANNY; DEAN TSU-JAE KING LIU; DEAN JENNIFER CHAYES; VICE PROVOST VICTORIA PLAUT; VICE PROVOST JANET BROUGHTON; in their individual and official capacities; REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Defendants. | Case No. 3:25-cv-02385-LB<br><br>**DEFENDANT TSU-JAE KING LIU'S RESPONSES TO PLAINTIFF SATISH RAO'S INTERROGATORIES (SET ONE)** |

PROPOUNDING PARTY: Plaintiff SATISH RAO

RESPONDING PARTY: Defendant Tsu-Jae King Liu

SET NUMBER: One

Pursuant to Federal Rule of Civil Procedure, 33 Defendant Tsu-Jae King Liu provides the following written responses to Plaintiff SATISH RAO's interrogatories:

**PRELIMINARY STATEMENT**

1. Defendant Tsu-Jae King Liu and her attorneys have not completed their discovery

Review file, including the Departmental Recommendation authored by then-Chair John Canny, which referenced staff members' interactions with Plaintiff on departmental committees. This recommendation stated that Plaintiff's "interactions with staff colleagues on those committees fell well below professional standards on a number of occasions" and that this "substantially interfered with these staff's ability to perform their duties, and on their willingness to continue to serve on those committees." The Departmental Recommendation further stated that reports of the interactions "have been repeated by a large number of staff and occurred in both private and public situations (i.e. in committee meetings witnessed by many faculty and staff)." The Departmental Recommendation did not identify specific staff members by name for confidentiality purposes. Defendant did not independently interview or communicate with staff members regarding their interactions with Plaintiff as part of the merit review process. Defendant relied on the Departmental Recommendation and the Merit Review file as compiled through the review process when making her concurrence. Discovery is ongoing.

**INTERROGATORY NO. 2:**

With respect to Your statement during the October 11, 2024 meeting that "other staff observed the way you talked to Chris," identify each staff member who personally witnessed the referenced interaction between Plaintiff and Christopher Hunn.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection. This interrogatory is unduly burdensome, overbroad, vague, and ambiguous as to "Your statement" and "the referenced interaction." This interrogatory also assumes facts and calls for speculation. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving the foregoing or general objections, Defendant responds:

Defendant's statement during the October 11, 2024 meeting was not specifically regarding Plaintiff's merit case in question. For the merit case, Defendant followed the departmental review process, including reviewing the Departmental Recommendation and associated materials describing Plaintiff's interactions with staff on departmental committees. Defendant is not privy to the identities of the individuals sought. Discovery is ongoing.

**INTERROGATORY NO. 3:**

With respect to Your January 27, 2020 letter stating "Heather was intimidated by the questionnaire that [Plaintiff] developed with Christine [and therefore] she consulted the campus staff," identify each person whom Heather Levien or any other staff member consulted about Plaintiff's questions.

**RESPONSE TO INTERROGATORY NO. 3:**

Objection. This interrogatory is unduly burdensome, overbroad, vague, and ambiguous as to "whom . . . any other staff member consulted" and "Plaintiff's questions." This interrogatory assumes facts not in evidence. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant also objects to this interrogatory to the extent it seeks to invade non-parties' rights to privacy and confidentiality. Defendant further objects on the basis that the document referenced speaks for itself.

Subject to and without waiving the foregoing or general objections, Defendant responds:

Defendant's understanding at the time of writing the message dated January 27, 2020, was based on information received from the department chairs regarding Heather Levien's reaction to a questionnaire that Plaintiff developed. Defendant was informed that Levien consulted with the campus staff ombudsperson and Josephine Williamson. Discovery is ongoing.

**INTERROGATORY NO. 4:**

With respect to the January 30, 2022 recommendation You signed stating Plaintiff's "actions created a hostile work environment," identify each specific interaction, and the participants of each, that You contend supports that statement.

**RESPONSE TO INTERROGATORY NO. 4:**

Objection. This interrogatory is unduly burdensome, overbroad, compound, vague, and ambiguous as to "each specific interaction" and "participants of each." This interrogatory calls for a legal conclusion. Defendant further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Defendant also objects to this interrogatory to the extent it seeks to invade non-parties' rights to

privacy and confidentiality.

Subject to and without waiving the foregoing or general objections, Defendant responds:

The January 30, 2022 concurrence letter signed by Defendant and then-Associate Provost Jennifer Chayes states that "the case materials do demonstrate that [Plaintiff's] actions created a hostile work environment, which, in accordance with [the] August 1, 2019 Guidelines for Preventing and Responding to Faculty Bullying and Other Demeaning and Disruptive Behavior, should have bearing on how we assess our faculty's performance during any given review period." That statement was based on the totality of information in Plaintiff's Merit Review file, including: (1) the Departmental Recommendation prepared by then-Chair John Canny, which described Plaintiff's interactions with staff colleagues on departmental committees as falling below expectations; (2) Canny's questionnaire responses, which described reports of verbal intimidation, threats of reports to campus committees, and allusion to legal action; (3) information reported to Associate Vice Chancellor for Human Resources Eugene Whitlock via staff interviews; and (4) Plaintiff's own 484-page response to the Departmental Recommendation, which Defendant agreed conveyed a pervasive lack of collegiality. Defendant did not independently investigate the underlying staff interactions but relied on the information in Plaintiff's merit review. Discovery is ongoing.

Dated: September 3, 2026 QUARLES & BRADY LLP

By: */s/ Jack T. Edmond*
SANDRA L. McDONOUGH
JACK T. EDMOND
Attorneys for THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; PROFESSOR JOHN CANNY; DEAN TSU-JAE KING LIU; DEAN JENNIFER CHAYES; VICE PROVOST VICTORIA PLAUT; VICE PROVOST JANET BROUGHTON

SANDRA L. McDONOUGH (SBN 193308)
sandy.mcdonough@quarles.com
JACK T. EDMOND (SBN 363497)
jack.edmond@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; PROFESSOR JOHN CANNY; DEAN TSU-JAE KING LIU; DEAN JENNIFER CHAYES; VICE PROVOST VICTORIA PLAUT; VICE PROVOST JANET BROUGHTON

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

SATISH RAO,

Plaintiff,

v.

PROFESSOR JOHN CANNY; DEAN TSU-JAE KING LIU; DEAN JENNIFER CHAYES; VICE PROVOST VICTORIA PLAUT; VICE PROVOST JANET BROUGHTON; in their individual and official capacities; REGENTS OF THE UNIVERSITY OF CALIFORNIA,

Defendants.

Case No. 3:25-cv-02385-LB

**DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

PROPOUNDING PARTY: Plaintiff Satish Rao

RESPONDING PARTY: Defendants The Regents of the University of California; John Canny; Tsu-Jae King Liu; Jennifer Chayes; Victoria Plaut; and Janet Broughton

SET NUMBER: One

Pursuant to Federal Rule of Civil Procedure 34 Defendants, Defendants The Regents of the University of California; John Canny; Tsu-Jae King Liu; Jennifer Chayes; Victoria Plaut; and

communications in which Defendant Canny asked Plaintiff about his caste or ancestry during the period when Plaintiff offered to join the EECS Anti-Racism Committee.

**<u>REQUEST FOR PRODUCTION NO. 18</u>:**

All documents and communications reflecting any instance in which Defendants Canny edited, annotated, or circulated Plaintiff's emails, including the recipients and dates.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 18</u>:**

Objection. This request is compound, overbroad as to time and scope, and unduly burdensome in that it seeks every instance in which Defendant Canny edited, annotated, or circulated any of Plaintiff's emails. The request is vague and ambiguous as to "reflecting" and "any instance" and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.

Based on the foregoing objections, Defendants will not respond. Defendants are available to meet and confer to ascertain a reasonable scope and appropriate limitations for the documents sought.

**<u>REQUEST FOR PRODUCTION NO. 19</u>:**

All documents and communications concerning Plaintiff's complaints or reports of discrimination, retaliation, or improper conduct by John Canny, including Plaintiff's September 2021 communications with David Wagner and any internal response thereto.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 19</u>:**

Objection. This request is compound, overbroad as to time and scope, and unduly burdensome in that it seeks all documents and communications concerning any complaint or report of discrimination, retaliation, or improper conduct by Defendant Canny. The request is vague and ambiguous as to the "complaints," "retaliation," or "improper conduct" referenced. This request also assumes facts. Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.

Subject to and without waiving the foregoing or general objections, Defendants respond:

To the extent such documents exist, Defendants will produce any non-privileged documents in their possession, custody, or control directly pertaining to Plaintiff's complaints or reports of discrimination, retaliation, or improper conduct by Defendant Canny, including Plaintiff's September 2021 communications with David Wagner and any internal response thereto.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and communications concerning the questionnaires, written questions, and staff-response materials generated during the 2018–2019 complaint process, including drafts, edits, routing emails, notes, and all responses or nonresponses from John Wawrzynek, Heather Levien, Chris Hunn, Susanne Kauer, or any other staff member.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Objection. This request is compound, overbroad as to scope, and unduly burdensome in that it seeks every draft, edit, routing email, note, response, and nonresponse from any staff member in connection with a 2018–2019 complaint process. The request is vague and ambiguous as to "all documents and communications concerning" and "any other staff member," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected as confidential by the APM or other University policies, the attorney-client privilege and/or attorney work-product doctrine, or information that would violate the privacy rights of non-parties.

Subject to and without waiving the foregoing or general objections, Defendants respond:

To the extent such documents exist, Defendants will produce all non-confidential and non-privileged documents in their possession, custody, or control directly pertaining to the complaints lodged against Plaintiff that were the subject of the 2021 merit review.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications concerning any interview, inquiry, or fact-finding conducted by Chairs James Demmel and Jeffrey Bokor, by John Wawrzynek, or by any other University official into the allegation that Plaintiff made "heinous," "outrageous," or "derogatory" statements about Black or underrepresented-minority students at the Fall 2018 Undergraduate

allegations against Plaintiff" and "any inquiry or investigation" and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine or information that would violate the privacy rights of non-parties.

Subject to and without waiving the foregoing or general objections, Defendants respond:

To the extent such documents exist, Defendants will produce all non-confidential and non-privileged documents in their possession, custody, or control directly pertaining to any investigation into the allegations that Plaintiff obtained, accessed, presented, or analyzed demographic or underrepresented-minority admissions data.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and communications concerning the routing, referral, or handling of Plaintiff's 2018–2019 complaint concerning statements made about him by EECS staff — including communications among the EECS department chairs, the Management Services Officer (Josephine Williamson), the College of Engineering Human Resources (Cynthia Weekley), the College of Engineering Chief Financial Officer (Dat Le), the Academic Senate, and the Committee on Privilege and Tenure — and any document reflecting whether any office would or would not investigate that complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection. This request is compound, overbroad as to scope, and unduly burdensome in that it seeks every communication among numerous offices concerning the routing, referral, handling, and potential investigation of Plaintiff's 2018–2019 complaint. The request is vague and ambiguous as to "routing, referral, or handling," "any document reflecting," and "statements made about him," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.

Based on the foregoing objections, Defendants will not respond. Defendants are available

to meet and confer to ascertain a reasonable scope and appropriate limitations for the documents sought and the statements referenced.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and communications reflecting the identity of each person with whom Defendants Canny discussed Plaintiff's 2018 complaint or the 2018–2019 complaint-resolution process.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection. This request is compound, overbroad as to scope and unduly burdensome in that it seeks documents identifying every person with whom Defendant Canny discussed several topics. The request is vague and ambiguous as to "reflecting the identity," "each person," and "discussed," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine or information that would violate the privacy rights of non-parties.

Subject to and without waiving the foregoing or general objections, Defendants respond:

To the extent such documents exist, Defendants will produce all non-confidential and non-privileged documents in their possession, custody, or control directly identifying the persons who participated in Defendant Canny's discussions concerning Plaintiff's 2018 complaint, including the resolution thereof.

**REQUEST FOR PRODUCTION NO. 25:**

All minutes, notes, recordings, agendas, and attendance records of the Fall 2018 Undergraduate Studies Committee meeting at which Heather Levien and/or Christopher Hunn allege Plaintiff made "heinous," "outrageous," or "derogatory" statements about Black or underrepresented-minority students.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection. This request is compound, overbroad as to scope, and unduly burdensome in that it seeks every minute, note, recording, agenda, and attendance record associated with the Fall 2018 Undergraduate Studies Committee meeting at which several observations were made by

several individuals. The request is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine or information that would violate the privacy rights of non-parties.

Subject to and without waiving the foregoing or general objections, Defendants respond:

To the extent such documents exist, Defendants will produce all non-confidential and non-privileged minutes, recordings, agendas, and attendance records in their possession, custody, or control directly pertaining to the Fall 2018 Undergraduate Studies Committee meetings.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and communications concerning the routing or referral of Plaintiff's 2018–2019 staff questionnaire (Exhibit 12) to the Staff Ombuds Office, including (a) the EECS Department Management Services Officer's (Josephine Williamson) consultation of or referral to the Staff Ombuds Office regarding the questionnaire; (b) any advice, instruction, or recommendation by the Staff Ombuds Office that staff not respond to the questionnaire; and (c) any communications between the Staff Ombuds Office and the Faculty Ombudsperson (Christine Parlour) concerning the questionnaire or its resolution.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection. This request is compound, overbroad as to scope, and unduly burdensome in that it seeks every document and communication concerning the routing, referral, advice, and resolution of the 2018–2019 questionnaire. The request is vague and ambiguous as to "routing or referral" and "any advice, instruction, or recommendation," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine, information that would violate the privacy rights of non-parties, or information protected by ombudsperson confidentiality.

Based on the foregoing objections, Defendants will not respond. Defendants are available to meet and confer to ascertain a reasonable scope and appropriate limitations for the documents sought without compromising ombudsperson confidentiality.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and communications between David Wagner and Karie Frasch concerning Plaintiff, John Canny, discrimination, retaliation, forwarding of the departmental recommendation, OFEW advice, or whether the recommendation should proceed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Objection. This request is compound, overbroad as to scope, and unduly burdensome in that it seeks every communication between David Wagner and Karie Frasch concerning numerous subjects and any issue concerning Plaintiff, and all documents and communications concerning the broad categories of "discrimination" and "retaliation." The request is vague and ambiguous as to "concerning . . . discrimination [and] retaliation" and "whether the recommendation should proceed," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Defendants further object to the extent this request seeks information protected as confidential by the APM or other University policies, the attorney-client privilege and/or attorney work-product doctrine, or information that would violate the privacy rights of non-parties.

Subject to and without waiving the foregoing or general objections, Defendants respond:

To the extent such documents exist, Defendants will produce all non-confidential and non-privileged documents in their possession, custody, or control between David Wagner and Karie Frasch that directly pertain to any discrimination or retaliation concerns involving Plaintiff from 2018 through the present.

**REQUEST FOR PRODUCTION NO. 28:**

All documents and communications between David Wagner and David Robinson concerning Plaintiff, including possible adverse action against Plaintiff, retaliation concerns, any legal review of potential consequences, promotion, deceleration, discrimination, staff complaints, or related issues.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection. This request is compound, overbroad as to scope, and unduly burdensome in that it seeks every communication between David Wagner and David Robinson concerning Plaintiff and includes any express requests for legal review. The request is vague and ambiguous

as to "deceleration" and "related issues," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.

Based on the foregoing objections, especially that of attorney-client privilege and work product, Defendants will not respond.

**REQUEST FOR PRODUCTION NO. 29:**

All documents and communications between Karie Frasch and Sharon Inkelas concerning Plaintiff, including discrimination concerns, retaliation, committee assignments, promotion, deceleration, or academic-personnel handling.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Objection. This request is compound, overbroad as to scope and unduly burdensome in that it seeks every communication between Karie Frasch and Sharon Inkelas concerning multiple topics. The request is vague and ambiguous as to "deceleration," "concerning Plaintiff," and "academic-personnel handling," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Defendants further object to the extent this request seeks information protected as confidential by the APM or other University policies, the attorney-client privilege and/or attorney work-product doctrine, or information that would violate the privacy rights of non-parties.

Subject to and without waiving the foregoing or general objections, Defendants respond:

To the extent such documents exist, Defendants will produce all non-confidential and non-privileged documents in their possession, custody, or control between Karie Frasch and Sharon Inkelas that directly pertain to any discrimination or retaliation concerns, committee assignments, promotions and half-step increases involving Plaintiff from 2018 through the present.

**REQUEST FOR PRODUCTION NO. 30:**

All documents and communications between Eugene Whitlock and any EECS staff member concerning Plaintiff, staff complaints, morale, discipline, hostile environment, bullying, committee assignments, promotion, or deceleration.

policies, the attorney-client privilege and/or attorney work-product doctrine, or information that would violate the privacy rights of non-parties.

Subject to and without waiving the foregoing or general objections, Defendants respond:

To the extent such documents exist, Defendants will produce all non-confidential and non-privileged documents in their possession, custody, or control directly pertaining to Deardorff's review of the October 11, 2024 recording and to communications among Deardorff, Chayes, and Liu discussing Plaintiff's 2021 merit decision and the related reconsideration.

**REQUEST FOR PRODUCTION NO. 32:**

All documents and communications among any University administrator, dean, vice provost, department chair, or academic-personnel or faculty-equity office (including OFEW) concerning (a) Plaintiff's protected complaints or grievances; (b) Plaintiff's speech or "public concern" emails, including on the GRE, COVID instructional policy, remote proctoring, teaching-assistant funding, and academic integrity; (c) the deceleration or merit review; or (d) whether to investigate, discipline, decelerate, or otherwise take adverse action concerning Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Objection. This request is compound, overbroad as to time and scope, and unduly burdensome in that it seeks all documents and communications among any administrator, dean, vice provost, chair, or multiple offices concerning several different subjects. The request is vague and ambiguous as to "deceleration," "all documents and communications among any" such persons and "public concern" emails, and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected as confidential by the APM or other University policies, the attorney-client privilege and/or attorney work-product doctrine, or information that would violate the privacy rights of non-parties.

Based on the foregoing objections, Defendants will not respond to this Request as propounded. The request improperly combines multiple topics, categories of documents, and custodians into a single demand, rendering it ambiguous, unintelligible, and unduly burdensome to interpret and respond to. Defendants request that Plaintiff propound additional, discrete requests

that separately identify each topic or category of documents sought and the specific custodians applicable to each category.

**<u>REQUEST FOR PRODUCTION NO. 33</u>:**

All documents and communications reflecting the involvement of David Robinson (or any attorney in the Office of Legal Affairs) in (a) the OPHD investigations concerning Plaintiff, and (b) the whistleblower complaint referred to the Locally Designated Officer; and, as to any responsive communication withheld as privileged, a privilege log identifying the date, author, recipients, and subject matter sufficient to assess the claim and to show whether the same counsel participated in more than one of these matters.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 33</u>:**

Objection. This request is compound, overbroad as to scope, and unduly burdensome in that it seeks every document reflecting any involvement by any attorney in the Office of Legal Affairs in multiple matters. The request is vague and ambiguous as to "any attorney" and "involvement," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.

Based on the foregoing objections, especially that of attorney-client privilege and work product, Defendants will not respond.

**<u>REQUEST FOR PRODUCTION NO. 34</u>:**

All documents and communications between David Robinson or any attorney in the Office of Legal Affairs and the Center for Student Conduct — including Becca Lopez, Paul Bresnahan, and Sunny Lee — concerning the CS70 grade-appeal or student-conduct matters involving Plaintiff's students, including any communication reflecting Robinson's involvement in, or influence over, the Center for Student Conduct's handling, conclusions, or decisions, but excluding documents concerning the April 24, 2026 Notice of Allegations and Referral to Committee on Charges, which Plaintiff reserves for later discovery if the Third Amended Complaint becomes operative.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 34</u>:**

Objection. This request is compound, overbroad as to scope, and unduly burdensome in that it seeks every communication between Legal Affairs and the Center for Student Conduct concerning CS70 grade-appeal or student-conduct matters involving presumably dozens of Plaintiff's students. The request is vague and ambiguous as to "all documents and communications" and "concerning," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine or information that would violate the privacy rights of non-parties, including students.

Based on the foregoing objections, especially that of attorney-client privilege and work product, Defendants will not respond.

**<u>REQUEST FOR PRODUCTION NO. 35</u>:**

All communications between Defendants Canny and Eugene Whitlock concerning Plaintiff, the staff climate survey, or staff climate in general.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 35</u>:**

Objection. This request is compound, overbroad as to time and scope and unduly burdensome in that it seeks every communication between Defendant Canny and Eugene Whitlock concerning Plaintiff or staff climate in general. The request is vague and ambiguous as to "staff climate in general." This request also assumes facts. Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine or information that would violate the privacy rights of non-parties.

Subject to and without waiving the foregoing or general objections, Defendants respond:

To the extent such documents exist, Defendants will produce all non-confidential and non-privileged documents in their possession, custody, or control directly pertaining to communications between Defendant Canny and Eugene Whitlock concerning Plaintiff within the context of the relevant staff climate survey.

as to “any member of EECS staff” and “morale,” and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected as confidential by the APM or other University policies, the attorney-client privilege and/or attorney work-product doctrine, or information that would violate the privacy rights of non-parties.

Subject to and without waiving the foregoing or general objections, Defendants respond:

To the extent such documents exist, Defendants will produce all non-confidential and non-privileged documents in their possession, custody, or control authored or maintained by Defendant Canny directly related to the memorialization of faculty and staff complaints about Plaintiff as referenced in the 2021 merit decision.

**REQUEST FOR PRODUCTION NO. 38:**

All communications involving Campus Counsel David Robinson or any attorney in the Office of Legal Affairs concerning Plaintiff — including Plaintiff’s merit review, deceleration, grading or student-conduct matters in CS70 (excluding the April 24, 2026 Notice of Allegations and Committee on Charges referral process), committee assignments, the OPHD investigations (Case Nos. 2021-UCB-00381 and 2022-UCB-00486), the whistleblower complaint referred to the Locally Designated Officer, or possible adverse action against Plaintiff; for any communication withheld or redacted on a claim of privilege, provide a privilege log sufficient to assess the claim.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Objection. This request is compound, overbroad as to scope, and unduly burdensome in that it seeks every communication involving Campus Counsel or any Office of Legal Affairs attorney concerning Plaintiff on several subjects. The request is vague and ambiguous as to “deceleration” and “concerning Plaintiff” and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine or seeks information that would violate the privacy rights of non-parties.

Based on the foregoing objections, especially that of attorney-client privilege and work

product, Defendants will not respond.

**REQUEST FOR PRODUCTION NO. 39:**

All personal notes, memoranda, notes-to-file, handwritten notes, calendar or diary entries, meeting minutes, and other records — however created or maintained — authored or kept by John Canny, James Demmel, Jeffrey Bokor, John Wawrzynek, Heather Levien, Josephine Williamson, Susanne Kauer, Christopher Hunn, Tsu-Jae King Liu, Jennifer Chayes, Victoria Plaut, Janet Broughton, David Wagner, Eugene Whitlock, Armando Fox, Ronald Fearing, Julianna Deardorff, or any other University official who participated in or was consulted about the matters below, that reflect, memorialize, or were generated in connection with (a) any meeting, conversation, interview, or observation concerning Plaintiff's conduct, the alleged "staff interactions," or the 2018–2019 complaint process; or (b) Plaintiff's merit review, deceleration, or reconsideration — including any documentation of the specific meetings, conversations, or observations any such person has claimed to have relied on or witnessed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Objection. This request is compound, overbroad as to time and scope, and unduly burdensome in that it seeks personal notes and records from numerous named individuals and "any other University official" concerning every meeting, conversation, interview, or observation across a variety of topics or categories. The request is vague and ambiguous as to "deceleration," "any other University official," and "any meeting, conversation, interview, or observation," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected as confidential by the APM or other University policies, the attorney-client privilege and/or attorney work-product doctrine, or information that would violate the privacy rights of non-parties.

Based on the foregoing objections, Defendants will not respond to this Request as propounded. The request improperly combines multiple topics, categories of documents, and custodians into a single demand, rendering it ambiguous, unintelligible, and unduly burdensome to interpret and respond to. Defendants request that Plaintiff propound additional, discrete requests

that separately identify each topic or category of documents sought and the specific custodians applicable to each category.

**REQUEST FOR PRODUCTION NO. 40:**

All documents and communications concerning any climate survey, anonymous survey, External Review Committee material, External Advisory Council material, or similar source in which complaints, comments, or narratives about Plaintiff appeared, including raw responses, summaries, routing emails, transmittals, and notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Objection. This request is compound, overbroad as to time and scope, and unduly burdensome in that it seeks every document concerning any survey, anonymous response, External Review Committee material, or similar source in which any complaint or narrative about Plaintiff appeared. The request is vague and ambiguous as to “similar source” and “appeared,” and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine or information that would violate the privacy rights of non-parties.

Subject to and without waiving the foregoing or general objections, Defendants respond:

To the extent such documents exist, Defendants will produce all non-confidential and non-privileged documents in their possession, custody, or control directly pertaining to complaints or comments received about Plaintiff in staff climate surveys from 2018 through the present.

**REQUEST FOR PRODUCTION NO. 41:**

All documents and communications concerning Plaintiff’s January 13, 2022 meeting with OPHD personnel, including intake notes, summaries, routing notes, follow-up communications, and materials provided or discussed at that meeting.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Objection. This request is compound, overbroad as to scope, and unduly burdensome in that it seeks every document and communication concerning an OPHD meeting, including all materials provided or discussed. The request is vague and ambiguous as to “all documents and

request also assumes facts. Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine or information that would violate the privacy rights of non-parties.

Subject to and without waiving the foregoing or general objections, Defendants respond:

Defendants will produce all non-confidential and non-privileged OPHD files pertaining to Case No. 2021-UCB-00381.

**REQUEST FOR PRODUCTION NO. 56:**

All documents that record, memorialize, describe, or reference any incident in which Plaintiff is alleged to have "yelled at" the EECS staff member referred to in the record as "Christopher," including any statement, complaint, email, or account authored by that staff member.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Objection. This request is compound, overbroad as to scope, and unduly burdensome in that it seeks every document concerning any incident in which Plaintiff allegedly yelled at a staff member identified as "Christopher." The request is vague and ambiguous as to "any incident" and "memorialize," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine or information that would violate the privacy rights of non-parties.

Subject to and without waiving the foregoing or general objections, Defendants respond:

To the extent such documents exist, Defendants will produce all non-confidential and non-privileged documents in their possession, custody, or control directly pertaining to any incident in which Plaintiff allegedly "yelled" at the EECS staff member identified in the record as "Christopher."

**REQUEST FOR PRODUCTION NO. 57:**

For each incident referenced in the two immediately preceding requests, all documents sufficient to identify every person who personally witnessed the incident, and every document constituting or reflecting any such person's firsthand account of it.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 57</u>:**

Objection. This request improperly cross-references documents identified in response to several prior requests. This request is compound, overbroad, and unduly burdensome in seeking "every person" and "every document" concerning the incidents described therein. The request is vague and ambiguous as to "personally witnessed" and "firsthand account," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine or information that would violate the privacy rights of non-parties. This request is also at least partially duplicative of Requests for Production Nos. 55 and 56 and, thus, is harassing.

Based on the foregoing objections, Defendants will not respond to this Request as propounded. The request improperly cross-references documents identified in several prior responses, rendering it ambiguous and unduly burdensome to interpret and respond to. Defendants request that Plaintiff propound additional, discrete requests that separately identify each topic or category of documents sought and the specific custodians applicable to each category.

**<u>REQUEST FOR PRODUCTION NO. 58</u>:**

All documents supporting any contention that Plaintiff yelled at, intimidated, threatened, or was hostile or aggressive toward any member of the EECS staff — other than documents that merely repeat, summarize, or transmit another person's report of such conduct.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 58</u>:**

Objection. This request is compound, overbroad as to time and scope, and unduly burdensome in that it seeks every document supporting any contention concerning alleged yelling, intimidation, threats, hostility, or aggression. The request is vague and ambiguous as to "supporting any contention," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine or information that would violate the privacy rights of non-parties.

Subject to and without waiving the foregoing or general objections, Defendants respond:

To the extent such documents exist, Defendants will produce all non-confidential and non-privileged documents in their possession, custody, or control directly pertaining to primary reports that Plaintiff yelled at, intimidated, threatened, or was hostile or aggressive toward other members of the EECS staff.

**REQUEST FOR PRODUCTION NO. 59:**

All documents that record, memorialize, or reference the incident described by the witness identified in the Levien Report as "Witness Four" in which a faculty member allegedly "left the meeting" while Plaintiff was "taking apart [that faculty member's] logic," including documents sufficient to identify that faculty member and that meeting, and any account authored by that faculty member.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Objection. This request is compound, overbroad as to scope, and unduly burdensome in that it seeks every document concerning an incident described by an unidentified witness, together with documents identifying the faculty member and meeting. The request is vague and ambiguous as to "the Levien Report" and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine or information that would violate the privacy rights of non-parties.

Based on the foregoing objections, Defendants will not respond. Defendants are available to meet and confer to ascertain a reasonable scope and appropriate limitations for the documents sought, and to obtain confirmation as to which specific "Levien Report" Plaintiff refers to.

**REQUEST FOR PRODUCTION NO. 60:**

All documents supporting any contention that Plaintiff "would be biased" or would "misuse" student data, as referenced in the Levien Report — other than documents that merely repeat, summarize, or transmit another person's statement to that effect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Objection. This request is compound, overbroad as to scope and unduly burdensome in

that it seeks every document supporting an allegation that Plaintiff "would be biased" or would "misuse" student data. The request is vague and ambiguous as to those quoted phrases, assumes facts not in evidence, and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine, confidential student information, or information that would violate the privacy rights of non-parties.

Based on the foregoing objections, Defendants will not respond. Defendants are available to meet and confer to ascertain a reasonable scope and appropriate limitations for the documents sought, and to obtain confirmation as to which specific "Levien Report" Plaintiff refers to.

**REQUEST FOR PRODUCTION NO. 61:**

All statements, interview notes, recordings, correspondence, and other communications provided to, or obtained by, the Complaint Resolution Officer or OPHD from the person identified as "EECS Faculty One" in Case No. 2021-UCB-00381.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Objection. This request is compound, overbroad as to scope, and unduly burdensome in that it seeks every statement, interview note, recording, correspondence, and other communication obtained by a given individual to OPHD or a CRO. The request is vague and ambiguous as to "all statements" and "other communications," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine or information that would violate the privacy rights of non-parties.

Subject to and without waiving the foregoing or general objections, Defendants respond:

Defendants will produce all non-confidential and non-privileged OPHD files pertaining to Case No. 2021-UCB-00381.

**REQUEST FOR PRODUCTION NO. 62:**

All documents constituting a firsthand account — as distinct from a second-hand, hearsay, or summarized report — of any conduct by Plaintiff that Defendants relied upon, in whole or in part, in decelerating Plaintiff or in any other challenged decision.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 62</u>:**

Objection. This request is compound, overbroad as to time and scope, and unduly burdensome in that it seeks all "firsthand" documents regarding "any conduct by Plaintiff" relied upon for "any" challenged decision. The request is vague and ambiguous as to "firsthand account," "any conduct" and "relied upon, in whole or in part," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected as confidential by the APM or other University policies, the attorney-client privilege and/or attorney work-product doctrine, or information that would violate the privacy rights of non-parties.

Subject to and without waiving the foregoing or general objections, Defendants respond:

Defendants will produce Plaintiff's 2021 Merit Decision file.

**<u>REQUEST FOR PRODUCTION NO. 63</u>:**

All documents and communications concerning the proposed "DeCal" / CS198 "Discrete Math" course referenced in the record (the summer or spring offering that Christopher Hunn sought to run), including the email thread among the CS70 instructors concerning that course, the review, feedback, or vote by the CS70 instructors and the Undergraduate Studies Committee, and any communication by Christopher Hunn proposing, advocating for, or objecting to the disposition of that course — the faculty-governance matter from which the alleged Plaintiff–Hunn interaction arose.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 63</u>:**

Objection. This request is compound, overbroad as to scope, and unduly burdensome in that it seeks every document and communication concerning a proposed course and a broad faculty-governance matter. The request is vague and ambiguous as to "all documents and communications concerning," "the CS70 instructors concerning the course," and "the faculty-governance matter from which the alleged Plaintiff–Hunn interaction arose," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine or information

that would violate the privacy rights of non-parties.

Based on the foregoing objections, Defendants will not respond. Defendants are available to meet and confer to ascertain a reasonable scope and appropriate limitations for the documents sought, particularly to identify proper custodians referred to here as "the CS70 instructors."

**REQUEST FOR PRODUCTION NO. 64:**

All documents and communications concerning the use, application, or interpretation of the phrases "hostile work environment," "bullying," "demeaning and disruptive behavior," "staff morale," or "criticism of higher administration" in Plaintiff's promotion, deceleration, reconsideration materials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Objection. This request is compound, overbroad as to scope, and unduly burdensome in that it seeks every document concerning the use, application, or interpretation of several broad phrases in Plaintiff's personnel materials. This request is also unintelligible as written and is vague and ambiguous as to "deceleration," "documents and communications concerning the use, application, or interpretation," and the phrases "hostile work environment," "bullying," "demeaning and disruptive behavior," "staff morale," and "criticism of higher administration," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected as confidential by the APM or other University policies, the attorney-client privilege and/or attorney work-product doctrine.

Based on the foregoing, Defendants will not respond. The request is unintelligible as written. Defendants are available to meet and confer to ascertain a reasonable scope and appropriate limitations for the documents sought.

**REQUEST FOR PRODUCTION NO. 65:**

All documents and communications concerning whether use of hostile-work-environment language in Plaintiff's case would require a formal investigation, including any discussion of using such language in a colloquial rather than technical sense.

ambiguous as to "the relevant period," "any related reconsideration procedures," and the requested collection of policies, and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine or materials equally available to Plaintiff. Defendants further object to the extent the requested documents are equally available to Plaintiff.

Subject to and without waiving the foregoing or general objections, Defendants respond:

Defendants will produce copies of the APM-015 (Faculty Code of Conduct), APM-016 (University Policy on Faculty Conduct and the Administration of Discipline), APM-035 (Affirmative Action and Nondiscrimination in Employment), APM-210, the UC Berkeley Procedure for the Resolution of Senate Faculty Misconduct Complaints and the Administration of Discipline, Senate Bylaws 334–337, the bMAP (Berkeley Manual of Academic Personnel), the Academic Personnel Office "Candidate's Rights — Review Process" page, APM-220, and the UC Berkeley campus policy on Disclosure of Information from Student Records as they existed in 2021, to the extent such historical versions are available.

**REQUEST FOR PRODUCTION NO. 68:**

Documents sufficient to identify each instance in which the "Guidelines for Preventing and Responding to Faculty Bullying and Other Demeaning & Disruptive Behavior" (issued August 1, 2019) were cited, invoked, applied, or relied upon in any merit or promotion review, personnel action, OPHD or OFEW matter concerning any faculty member from August 1, 2019 through the present, including the date, the matter, and the outcome. Any third-party privacy interest may be accommodated by producing this information in anonymized form (individuals designated by non-identifying letter) and/or under a protective order, and does not warrant withholding responsive information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Objection. This request is compound, overbroad as to time and scope, and unduly burdensome in that it seeks every instance in which the Guidelines were cited, invoked, applied, or relied upon in any matter involving any faculty member. The request is vague and ambiguous as

to "sufficient to identify," "each instance," "any faculty member," and "the outcome," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected as confidential by the APM or other University policies, the attorney-client privilege and/or attorney work-product doctrine, or information that would violate the privacy rights of non-parties.

Based on the foregoing, Defendants will not respond. The merit reviews of other faculty members have no bearing on the application of University policy to Plaintiff's 2021 merit review. Defendants are available to meet and confer to ascertain the direct relevance of the documents requested and the proportionality of the request to the issues in this action.

**REQUEST FOR PRODUCTION NO. 69:**

All documents, policies, and training materials concerning any obligation of University faculty, department chairs, deans, and academic administrators — under the UC Anti-Discrimination Policy, the UC Policy on Sexual Violence and Sexual Harassment, and any Berkeley implementing procedures — to report or promptly notify the campus Title IX/DHP Office (the Office for the Prevention of Harassment and Discrimination ("OPHD")) of known or suspected discrimination, harassment, or retaliation — including any "Responsible Employee" or mandatory-reporter designation applicable to Defendants Canny, Liu, Chayes, Broughton, and Plaut, and to former Department of EECS Chair David Wagner and Office for Faculty Equity & Welfare (OFEW) Director Karie Frasch, and records of any such training completed by them, and documents sufficient to show, for each such person, whether that person held a "Responsible Employee"/mandatory-reporter designation or a confidential-resource designation during the relevant period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Objection. This request is compound, overbroad as to time and scope, and unduly burdensome in that it seeks every policy, training material, and record concerning reporting obligations, designations, and training for numerous individuals and offices. The request is vague and ambiguous as to "any obligation," "related offices," and "documents sufficient to show," and

Subject to and without waiving the foregoing or general objections, Defendants respond:

To the extent such documents exist, Defendants will produce all non-confidential and non-privileged documents in their possession, custody, or control directly pertaining to Plaintiff's August 5, 2021 meeting with Julia Flinker.

**REQUEST FOR PRODUCTION NO. 74:**

All policies, guidance, manuals, training materials, or statistical materials used by OPHD, OCR, OFEW, academic personnel, or related offices concerning intake thresholds, formal-investigation standards, retaliation, good-faith assessment, bullying, hostile environment, and faculty deceleration, including APM-015, APM-016, APM-035, APM-210, Senate Bylaws 334–337, and any implementing procedures or guidance concerning retaliation, good-faith assessment, bullying, hostile environment, faculty deceleration, and faculty discipline.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Objection. This request is compound, overbroad as to time and scope, and unduly burdensome in that it seeks every policy, guidance, manual, training, and statistical material used by multiple offices concerning numerous legal and personnel topics. The request is vague and ambiguous as to "deceleration," "all policies," and "used by" the listed offices, and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine or materials equally available to Plaintiff.

Based on the foregoing objections, Defendants will not respond to this Request as propounded. The request improperly combines multiple topics, categories of documents, and custodians into a single demand, rendering it ambiguous, unintelligible, and unduly burdensome to interpret and respond to. Defendants request that Plaintiff propound additional, discrete requests that separately identify each topic or category of documents sought and the specific custodians applicable to each category. Defendants also request that Plaintiff specify the connection between this request and the underlying facts and circumstances at issue.

**REQUEST FOR PRODUCTION NO. 75:**

All documents and communications concerning any complaint, report, concern, criticism, allegation, or anonymous survey response — whether made to Dean Liu, Dean Chayes, Chair Bokor, or any other supervisor, administrator, or academic-personnel officer, or reflected in any staff or faculty climate or workplace survey — regarding John Canny's behavior, conduct, treatment of faculty or staff, discrimination, retaliation, committee assignments, promotion-related conduct, or conduct during his tenure as Chair, including drafts, notes, routing emails, internal discussions, and any response or follow-up.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Objection. This request is compound, overbroad as to time and scope, and unduly burdensome in that it seeks every complaint, report, concern, allegation, survey response, note, and follow-up concerning Defendant Canny's conduct. The request is vague and ambiguous as to "any complaint" and "any staff or faculty climate or workplace survey," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine or information that would violate the privacy rights of non-parties.

Based on the foregoing, Defendants will not respond. Defendants are available to meet and confer to ascertain the direct relevance of the documents requested, the proportionality of the request to the issues in this action, and a reasonable scope and appropriate limitations for the documents sought.

**REQUEST FOR PRODUCTION NO. 76:**

All documents and communications concerning whether any complaint, report, or allegation against Defendants Canny — including the conduct addressed in OPHD Case No. 2021-UCB-00381 — was referred, or considered for referral, to the Committee on Charges, the Vice Provost for the Faculty, or any faculty-discipline process under APM-015 or APM-016, and any decision, recommendation, or communication declining to pursue such a referral.

Subject to and without waiving the foregoing or general objections, Defendants respond:

To the extent such documents exist, Defendants will produce the EECS policy regarding public posting of faculty teaching evaluations.

**REQUEST FOR PRODUCTION NO. 78:**

All documents and communications between the EECS department and UC central administration, or among University officials, concerning the public-posting practice, including whether central administration approved, tolerated, directed, or was unaware of the practice, and any analysis of its consistency with the Academic Personnel Manual, campus data-classification standards, or applicable privacy protections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Objection. This request is compound, overbroad as to scope and unduly burdensome in that it seeks every communication among EECS, "UC central administration," and any "University officials" concerning "the public-posting practice" and several separate policy issues. The request is vague and ambiguous as to "UC central administration," "University officials," "the public-posting practice," "approved, tolerated, directed, or was unaware," and "any analysis of its consistency," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine or information that would violate the privacy rights of non-parties.

Based on the foregoing objections, Defendants will not respond to this Request as propounded. The request improperly combines multiple topics, categories of documents, and custodians into a single demand, rendering it ambiguous, unintelligible, and unduly burdensome to interpret and respond to. Nor are Defendants able to identify any proper custodians based on broad references to "UC central administration" and "University officials." Defendants request that Plaintiff propound additional, discrete requests that separately identify each topic or category of documents sought and the specific custodians applicable to each category. Defendants also request that Plaintiff specify "the public-posting practice" in a manner that does not assume facts.

**REQUEST FOR PRODUCTION NO. 79:**

All documents and communications concerning Plaintiff's objections to the public-posting practice, the faculty poll or vote concerning the practice, the documented faculty opposition, and any decision to continue the practice after the faculty vote, including communications by or with Defendants Canny and former Chair Wagner.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Objection. This request is compound, overbroad as to scope, and unduly burdensome in that it seeks every document concerning Plaintiff's objections to an unspecified practice, a faculty poll or vote, any and all opposition, and any decision to continue the "public-posting practice." The request is vague and ambiguous as to "Plaintiff's objections," "the public-posting practice," "the faculty poll or vote concerning the practice," "documented faculty opposition," and "any decision to continue," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine or information that would violate the privacy rights of non-parties.

Based on the foregoing objections, Defendants will not respond to this Request as propounded. The request improperly combines multiple topics, categories of documents, and custodians into a single demand, rendering it ambiguous, unintelligible, and unduly burdensome to interpret and respond to. Defendants request that Plaintiff propound additional, discrete requests that separately identify each topic or category of documents sought and the specific custodians applicable to each category. Defendants also request that Plaintiff specify "Plaintiff's objections," "the public-posting practice," "the faculty poll or vote concerning the practice," and "documented faculty opposition" in a manner that does not assume facts.

**REQUEST FOR PRODUCTION NO. 80:**

All documents and communications concerning the use of Plaintiff's teaching evaluations in any merit, promotion, deceleration, or continued-appointment decision concerning Plaintiff, including any reliance on evaluations affected by the public-posting practice.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Objection. This request is compound, overbroad as to scope, and unduly burdensome in that it seeks every document and communication concerning the use of Plaintiff's teaching evaluations in several personnel decisions. The request is vague and ambiguous as to "deceleration" and "any reliance on evaluations affected by the public-posting practice." This request also assumes facts. Defendants further object to the extent this request seeks information protected as confidential by the APM or other University policies, the attorney-client privilege and/or attorney work-product doctrine.

Subject to and without waiving the foregoing or general objections, Defendants respond:

Defendants will produce all non-confidential and non-privileged documents in their possession, custody, or control directly pertaining to Plaintiff's 2021 merit review, half-step increase, and the related reconsideration process, including documents related to the use of Plaintiff's teaching evaluations in making those decisions.

**REQUEST FOR PRODUCTION NO. 81:**

All documents and communications in which Defendants Canny participated concerning the continuation of the practice of publicly posting EECS faculty teaching evaluations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Objection. This request is overbroad as to time and scope and unduly burdensome in that it seeks every communication in which Defendant Canny participated concerning continuation of a public posting practice. The request is vague and ambiguous as to "in which Defendant[] Canny participated" and "continuation of the practice," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. This request is also at least partially duplicative of Requests for Production Nos. 77 through 79 and, thus, is harassing. Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine or information that would violate the privacy rights of non-parties.

Based on the foregoing objections, Defendants will not respond to this Request as propounded. Defendants request that Plaintiff specify the practice of publicly posting EECS

faculty teaching evaluations in a manner that does not assume facts and that meaningfully narrows Defendant Canny's participation in any such practice.

**REQUEST FOR PRODUCTION NO. 82:**

All documents and communications concerning Plaintiff's requests for access to, and the right to share copies of, his own personnel and academic-review records — including under the California Public Records Act, the California Information Practices Act (Civil Code § 1798 et seq.), the California Labor Code, or related law — and all communications by David Robinson (Chief Campus Counsel), Charles Robinson (Office of the General Counsel), Heather Archer (Academic Personnel Office), or other University officers or counsel concerning that access or sharing. This request includes (a) all documents concerning the practice, form letter, or directive stating that the University does not consent to an employee sharing copies of his or her own personnel or academic-review file — including its origin, authorship, the legal or policy basis relied upon (including any reliance on the Academic Personnel Manual, APM 160, or any "University Records" policy), and the period during which it was used; and (b) all documents concerning any decision to change, withdraw, or rescind that practice, including the reasons for and the persons involved in that decision.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Objection. This request is compound, overbroad as to scope, and unduly burdensome in that it seeks every document and communication concerning access to or sharing of Plaintiff's personnel and academic-review records, the origin and legal basis of a broad University practice, and any later change or rescission. The request is vague and ambiguous as to "related law," "the practice, form letter, or directive," "origin, authorship, the legal or policy basis relied upon," "University Records policy," and "any decision to change, withdraw, or rescind," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected as confidential by the APM or other University policies, the attorney-client privilege and/or attorney work-product doctrine, information that would violate the privacy rights of non-parties, or documents equally available to Plaintiff.

Subject to and without waiving the foregoing or general objections, Defendants respond:

Based on the foregoing objections, Defendants will not respond to this Request as propounded. The request improperly combines multiple topics, categories of documents, and custodians into a single demand, rendering it ambiguous, unintelligible, and unduly burdensome to interpret and respond to. Defendants request that Plaintiff propound additional, discrete requests that separately identify each topic or category of documents sought and the specific custodians applicable to each category. Defendants also request that Plaintiff tailor this request such that it no longer directly calls for documents protected by the attorney-client privilege and/or attorney work-product doctrine.

**<u>REQUEST FOR PRODUCTION NO. 83</u>:**

All communications with or concerning the Public Employment Relations Board — including in Unfair Practice Charge No. SF-CE-1524-H — to the extent they concern the restriction or directive described in the preceding Request, its application to any employee (including Plaintiff), or its withdrawal or rescission; and documents sufficient to identify, by name or by anonymized designation where appropriate under the protective order, each employee to whom that restriction, directive, or accompanying letter was communicated or applied. To the extent the University withholds any responsive document on a claim of privilege, it shall produce a privilege log in compliance with Federal Rule of Civil Procedure 26(b)(5).

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 83</u>:**

Objection. This request is compound and improperly cross-references a prior request. This request is overbroad as to scope and unduly burdensome in that it seeks every communication with or concerning the Public Employment Relations Board and every employee to whom a directive may have been communicated or applied. The request is vague and ambiguous as to “to the extent they concern,” “the restriction or directive,” and “each employee,” and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine, documents not within Defendants’ possession, custody, or control, or information that would violate the privacy

rights of non-parties.

Based on the foregoing objections, Defendants will not respond to this Request as propounded. The request improperly cross-references prior requests and fails to identify any relevant custodians, rendering it ambiguous and unduly burdensome to respond to. Defendants request that Plaintiff propound additional, discrete requests that separately identify each topic or category of documents sought and the specific custodians applicable to each category.

**REQUEST FOR PRODUCTION NO. 84:**

All documents and communications concerning the email submitted by Heather Levien to the investigator in OPHD Case No. 2021-UCB-00381 that the Investigation Report identified as submitted but not included in the Evidence Review or attached to the Report, including the email itself and all communications concerning the decision not to consider, include, or provide it to Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Objection. This request is compound, overbroad as to scope, and unduly burdensome in that it seeks every document and communication concerning an email submitted to an OPHD investigator and the decision not to consider, include, or provide it. The request is vague and ambiguous as to "all documents and communications concerning" and "the decision not to consider, include, or provide," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine or information that would violate the privacy rights of non-parties.

Subject to and without waiving the foregoing or general objections, Defendants respond:

Defendants will produce all non-confidential and non-privileged OPHD files pertaining to Case No. 2021-UCB-00381.

**REQUEST FOR PRODUCTION NO. 85:**

Documents sufficient to show, for the period January 1, 2018 through the present, all faculty in the College of Engineering or the College of Computing, Data Science, and Society who have been the subject of (i) merit-review deceleration based on alleged staff interactions, bullying,

or hostile-work-environment grounds; (ii) referral to the Committee on Charges; (iii) OPHD investigations or findings; or (iv) restrictions on personnel-records access, including the dates, individuals (which may be identified by non-identifying designation where required by privacy law), allegations, and outcomes in each instance.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 85</u>:**

Objection. This request is compound, overbroad as to time and scope, and unduly burdensome in that it seeks records concerning every faculty member in two colleges and several categories of adverse action. The request is vague and ambiguous as to "deceleration," "sufficient to show," "all faculty," "other adverse personnel action," and "based in whole or in part," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected as confidential by the APM or other University policies, the attorney-client privilege and/or attorney work-product doctrine, or information that would violate the privacy rights of non-parties.

Based on the foregoing, Defendants will not respond. Defendants are available to meet and confer to ascertain the direct relevance of the documents requested, the proportionality of the request to the issues in this action, and a reasonable scope and appropriate limitations for the documents sought.

**<u>REQUEST FOR PRODUCTION NO. 86</u>:**

Documents sufficient to show the procedural protections UC Berkeley afforded to other academic appointees in the Department of Electrical Engineering and Computer Sciences (and, to the extent maintained, the College of Engineering) in connection with adverse personnel action during the period January 1, 2020 through the present, including any pre-deprivation review (such as a Skelly review) and the administrator who conducted it, for use as a comparator to the process afforded to Plaintiff.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 86</u>:**

Objection. This request is compound, overbroad as to time and scope, and unduly burdensome in that it seeks procedural records for every academic appointee subjected to any

adverse personnel action in two organizational units. The request is vague and ambiguous as to "sufficient to show," "UC Berkeley afforded," "other academic appointees," "procedural protections," "in connection with adverse personnel action," and "to the extent maintained," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine or information that would violate the privacy rights of non-parties.

Based on the foregoing objections, Defendants will not respond to this Request as propounded. Defendants request that Plaintiff further define "procedural protections" and "in connection with adverse personnel action during the period January 1, 2020 through the present, including any pre-deprivation review" and identify relevant custodians by specifying "UC Berkeley" and "other academic appointees."

**REQUEST FOR PRODUCTION NO. 87:**

Documents sufficient to show, for the period January 1, 2015 through the present, the merit and promotion review outcomes for ladder-rank faculty in the Department of EECS (and, to the extent maintained, the College of Engineering), including the number of normal advancements, accelerations, decelerations, and denials, and, for each deceleration or denial, the stated ground(s). Any third-party privacy interest may be accommodated by producing this information in anonymized form (individuals designated by non-identifying letter) and/or under a protective order, and does not warrant withholding responsive information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Objection. This request is compound, overbroad as to time and scope, and unduly burdensome in that it seeks merit and promotion outcomes for every ladder-rank faculty member in two colleges beginning in 2015. The request is vague and ambiguous as to "sufficient to show," "ladder-rank faculty," "each deceleration or denial," and "the stated ground(s)," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected as confidential by the APM or other University policies, the attorney-client privilege

and/or attorney work-product doctrine, or information that would violate the privacy rights of non-parties.

Based on the foregoing, Defendants will not respond. Defendants are available to meet and confer to ascertain a reasonable scope and appropriate limitations for the documents sought.

**REQUEST FOR PRODUCTION NO. 88:**

Documents sufficient to show, for the period January 1, 2015 through the present, each ladder-rank faculty member in the College of Engineering or the College of Computing, Data Science, and Society who was decelerated, denied merit or promotion, or subjected to other adverse personnel action based in whole or in part on the faculty member's speech, expression, or criticism of University administration or policy, or against whom a "hostile work environment" allegation was invoked in a merit or promotion matter — including the dates, allegations, grounds, and outcomes. Any third-party privacy interest may be accommodated by producing this information in anonymized form (individuals designated by non-identifying letter) and/or under a protective order, and does not warrant withholding responsive information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Objection. This request is compound, overbroad as to time and scope, and unduly burdensome in that it seeks every adverse personnel action involving speech, criticism, or hostile-work-environment allegations across two colleges beginning in 2015. The request is vague and ambiguous as to "sufficient to show," "ladder-rank faculty," "other adverse personnel action," "based in whole or in part," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected as confidential by the APM or other University policies, the attorney-client privilege and/or attorney work-product doctrine, or information that would violate the privacy rights of non-parties.

Based on the foregoing, Defendants will not respond. Defendants are available to meet and confer to ascertain a reasonable scope and appropriate limitations for the documents sought.

**REQUEST FOR PRODUCTION NO. 89:**

All documents, data, and analyses concerning the "Faculty Salary Equity Study"

maintained by the Office of the Vice Provost for the Faculty (including the 2023 Update and all prior updates), together with the complete underlying faculty-compensation dataset — including, for each faculty member, the fields used in the Study (salary/compensation, gender, ethnicity/race, field, rank, and years of experience) — in a form permitting disaggregation by both ethnicity/race and gender, including separate figures for Asian and South Asian faculty by gender, for the period January 1, 2015 to the present. The dataset may be produced in de-identified/anonymized form (without names or other direct identifiers) and designated Confidential (or filed under seal) pursuant to the Protective Order; Plaintiff does not require individual faculty identities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Objection. This request is compound, overbroad as to time and scope, and unduly burdensome in that it seeks an underlying compensation dataset for every faculty member, with multiple sensitive demographic and compensation fields, beginning in 2015. The request is vague and ambiguous as to "complete underlying faculty-compensation dataset" and "fields used in the Study," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks confidential or proprietary information, information that would violate the privacy rights of non-parties, or information protected by the attorney-client privilege and/or attorney work-product doctrine. Defendants further object to the extent the information is protected by the deliberative process privilege.

Subject to and without waiving the foregoing or general objections, Defendants respond:

To the extent such documents exist, Defendants will produce the "Faculty Salary Equity Study" maintained by the Office of the Vice Provost for the Faculty as it currently exists, including the 2023 Update, to the extent such historical files are maintained.

**REQUEST FOR PRODUCTION NO. 90:**

Documents sufficient to show, for each academic year from 2015–2016 through the present, the number of matters reviewed or handled by (a) the Academic Personnel Office, (b) the Academic Senate's Committee on Charges, and (c) the Committee on Privilege and Tenure, including, to the extent maintained, a list or log of such matters (identified by non-identifying

designation where required by privacy law) and their dispositions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Objection. This request is compound, overbroad as to time and scope and unduly burdensome in that it seeks the number and disposition of every matter handled by three offices over many academic years. The request is vague and ambiguous as to "sufficient to show," "matters reviewed or handled" and "their dispositions," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine or information that would violate the privacy rights of non-parties.

Based on the foregoing, Defendants will not respond. Defendants are available to meet and confer to ascertain the direct relevance of the documents requested, the proportionality of the request to the issues in this action, and a reasonable scope and appropriate limitations for the documents sought.

**REQUEST FOR PRODUCTION NO. 91:**

All documents reflecting Defendants' litigation-hold practices in connection with this action and the conduct alleged in Plaintiff's complaints, including notices issued to custodians, the scope of materials preserved, the date the hold was implemented, and any modifications or supplements to the hold over time, as well as documents concerning the preservation requested in Plaintiff's March 30, 2023 communication to Vice Provost Plaut.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Objection. This request is compound, overbroad as to scope, and unduly burdensome in that it seeks all documents reflecting litigation-hold practices, every notice to every custodian, the full scope of preserved materials, every modification, and all communications concerning an earlier preservation request. The request is vague and ambiguous as to "litigation-hold practices" and "the scope of materials preserved," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine, litigation strategy, or documents that would violate the privacy rights of non-parties.

Based on the foregoing objections, especially that of attorney-client privilege and work product, Defendants will not respond.

**REQUEST FOR PRODUCTION NO. 92:**

All documents and communications concerning the adoption, approval, ratification, endorsement, deferral, revision, or rejection of the "Guidelines for Preventing and Responding to Faculty Bullying and Other Demeaning & Disruptive Behavior" (issued August 1, 2019) and each earlier draft (including the drafts dated September 2016, December 2017, and July 2019), including (a) the agendas, meeting materials, enclosures, and minutes of the Divisional Council (DIVCO), the Berkeley Division of the Academic Senate, the committee that submitted the "DECC comments … March 6, 2018," and any other Academic Senate committee, for each meeting from January 1, 2016 through December 31, 2019 at which the Guidelines or any faculty-bullying policy was noticed, circulated, discussed, or acted upon; (b) all records reflecting any vote, decision, recommendation, or determination to adopt, not adopt, defer, or further revise the Guidelines; and (c) all transmittals or communications circulating any draft of the Guidelines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Objection. This request is compound, overbroad as to time and scope and unduly burdensome in that it seeks every agenda, meeting material, enclosure, minute, vote, decision, recommendation, determination, transmittal, and communication concerning the Guidelines across numerous Academic Senate bodies and every meeting from 2016 through 2019. The request is vague and ambiguous as to "endorsement," "deferral," "any other Academic Senate committee," and "each meeting," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine. Defendants further object to the extent that this request seeks information protected by the deliberative process privilege.

Subject to and without waiving the foregoing or general objections, Defendants respond:

Defendants will produce the "Guidelines for Preventing and Responding to Faculty Bullying and Other Demeaning & Disruptive Behavior" issued August 1, 2019, and historical

versions or drafts dated September 2016, December 2017, and July 2019, to the extent such prior versions are maintained.

**REQUEST FOR PRODUCTION NO. 93:**

All documents and communications evidencing or concerning the "consultation" referenced in footnote 1 of the August 1, 2019 Guidelines — including the consultation with the Academic Senate, the Office for Faculty Equity & Welfare, and the Chancellor's Special Faculty Advisor — and any record of who was consulted, when, and what response or approval (if any) was given.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Objection. This request is compound, overbroad as to scope, and unduly burdensome in that it seeks every document and communication concerning a broadly described "consultation," including all records of participants, timing, response, and approval. The request is vague and ambiguous as to "consultation," "what response or approval, if any, was given," and "any record of," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.

Based on the foregoing, Defendants will not respond. Defendants are available to meet and confer to ascertain the direct relevance of the documents requested, the proportionality of the request to the issues in this action, and a reasonable scope and appropriate limitations for the documents sought.

**REQUEST FOR PRODUCTION NO. 94:**

All documents and communications concerning the decision by the Office of the Vice Provost for the Faculty, Benjamin Hermalin, or any other office or official to issue, post, or publish the August 1, 2019 Guidelines, including the authority relied upon to issue them, any analysis or communication concerning whether Academic Senate adoption or ratification was required or had occurred, and any communications concerning Plaintiff's April 2018 objection to the draft Guidelines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Objection. This request is compound, overbroad as to scope, and unduly burdensome in that it seeks every document and communication concerning issuance, posting, publication, authority, Academic Senate adoption or ratification, and Plaintiff's objection. This request also assumes facts. The request is vague and ambiguous as to "authority relied upon," "required or had occurred," and "any communications concerning Plaintiff's April 2018 objection," and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Defendants further object to the extent this request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine or information that would violate the privacy rights of non-parties. Defendants further object to the extent that this request seeks information protected by the deliberative process privilege.

Based on the foregoing, Defendants will not respond. Defendants are available to meet and confer to ascertain the direct relevance of the documents requested, the proportionality of the request to the issues in this action, and a reasonable scope and appropriate limitations for the documents sought.

**REQUEST FOR PRODUCTION NO. 95:**

All documents and communications — with anyone, including the Divisional Council, any other Academic Senate committee, any administrative committee, or any individual — confirming or concerning the scheduling of any consultation, presentation, re-presentation, or review of the Guidelines for Preventing and Responding to Faculty Bullying and Other Demeaning & Disruptive Behavior, including meeting agendas, calendars, and scheduling emails.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Objection. This request is compound, overbroad as to scope, and unduly burdensome in that it seeks all documents and communications with anyone regarding a variety of topics and/or categories. The request is vague and ambiguous as to "anyone" and "confirming or concerning the scheduling of any consultation, presentation, re-presentation, or review" and is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). This request also assumes facts. Defendants further object to the extent this request seeks information protected by the

attorney-client privilege and/or attorney work-product doctrine or information that would violate the privacy rights of non-parties. Defendants further object to the extent that this request seeks information protected by the deliberative process privilege.

Based on the foregoing, Defendants will not respond. Defendants are available to meet and confer to ascertain the direct relevance of the documents requested, the proportionality of the request to the issues in this action, and a reasonable scope and appropriate limitations for the documents sought.

Dated: September 3, 2026

QUARLES & BRADY LLP

By: *\/s/ Jack T. Edmond*

SANDRA L. McDONOUGH
JACK T. EDMOND
Attorneys for THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; PROFESSOR JOHN CANNY; DEAN TSU-JAE KING LIU; DEAN JENNIFER CHAYES; VICE PROVOST VICTORIA PLAUT; VICE PROVOST JANET BROUGHTON